UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DOROTHY CHAPPELL-JOHNSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:06-cv-01074-RCL |
| SHEILA C. BAIR, Chairman, Federal Deposit Insurance Corporation, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Sheila C. Bair, in her official capacity as Chairman of the Federal Deposit Insurance Corporation ("FDIC"),[1] responds to Plaintiff's Complaint as follows:

**GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in Plaintiff's Complaint that are not clearly and specifically admitted herein.

**SPECIFIC DENIALS AND RESPONSES**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant further responds to Plaintiff's Complaint as follows by responding to the numbered paragraphs of the Complaint:

---

[1] The Complaint, filed on June 12, 2006, and served on June 20, 2006, named as Defendant Martin J. Gruenberg, in his official capacity as Acting Chairman of the FDIC. Sheila C. Bair was sworn in as Chairman of the FDIC on June 26, 2006, and in her official capacity should be substituted for Mr. Gruenberg as Defendant in this case pursuant to Fed. R. Civ. P. 25(d).

1. Paragraph one of the Complaint is Plaintiff's statement of her case, to which no response is required. Except for Plaintiff's race (black), sex (female) and date of birth (DOB 11/24/45), any statements of fact are denied, including Plaintiff's statement that this action is brought "to remedy acts of discrimination in employment practices against her by the Federal Deposit Insurance Corporation based on her race (black), her sex (female), and her age (DOB 11/24/45) and retaliation against her for her prior EEO activity."

2. Subject to Defendant's affirmative defense that Plaintiff has failed to exhaust administrative remedies or otherwise fulfill statutory prerequisites for some or all of her claims and/or matters raised in this Complaint, Defendant admits that this Court has jurisdiction over the subject matter of this civil action. Defendant admits that Plaintiff filed a formal administrative EEO complaint alleging retaliation (designated as FDICEO-050017) on April 12, 2005, that the return receipt card indicates that the FDIC's final agency decision ("FAD") was received by Plaintiff's counsel on March 28, 2006 (not March 29 as alleged), and that less than 90 days elapsed from the date of counsel's receipt of the FAD until the instant lawsuit was filed on June 12, 2006. Defendant denies the remaining factual allegations of paragraph 2 of the Complaint.

3. Defendant denies the existence of any claims or causes of action on the part of Plaintiff, but admits that venue would be proper based on the allegations of paragraph 3 of the Complaint. Defendant admits that Plaintiff has been and is currently employed as a grade 9 Human Resources Specialist (Employee Benefits) in the FDIC's Division of Administration ("DOA") in Arlington, Virginia, and that the activities Plaintiff complains of in this lawsuit (selection of a different candidate for a vacancy in November 2004) took place when the

selecting official's office was located in Washington, D.C., prior to DOA's general office relocation to Arlington in early 2006.

    4. According to Plaintiff's Official Personnel File ("OPF") and paragraph one of the Complaint, Plaintiff's date of birth is November 24, 1945; accordingly, at the time this lawsuit was filed on June 12, 2006, she was and currently is 60 years old (not 61 as alleged). Defendant admits the remaining factual allegations of paragraph 4 of the Complaint.

    5. On June 26, 2006, Acting Chairman Martin J. Gruenberg was replaced by the current Chairman of the FDIC, Sheila C. Bair, who in her official capacity is the sole appropriate defendant in this lawsuit. Defendant admits the remaining allegations of paragraph 5 of the Complaint.

    6. Defendant admits that according to Plaintiff's OPF, Plaintiff's service computation date is March 9, 1980, which would indicate that she has over twenty-five years of federal service. Defendant admits that Plaintiff has been employed by the FDIC for more than 15 years. Defendant admits that Plaintiff was hired by the FDIC as a grade 7 employee in 1990, was promoted to a grade 9 employee in 1991, and received a temporary promotion to grade 11 in 1993. Defendant admits that Plaintiff was reduced to the grade 9 level effective January 4, 1997, upon the expiration of her temporary appointment, with no diminution of pay. Defendant admits that effective August 8, 2003, pursuant to a reduction in force, Plaintiff's position was changed from Personnel Management Specialist, CG-201-09, to Senior HR Assistant (Employee Benefits), CG-203-08, with no diminution in pay, but further states that Plaintiff retained her grade of CG-09 through December 26, 2004, pursuant to the provisions of 5 U.S.C. § 5362(a), at which time she was promoted to Human Resources Specialist (Benefits), CG-201-09, the

position she currently occupies. Defendant denies the remaining allegations of paragraph 6 of the Complaint.

      7. Defendant admits that Plaintiff applied for Vacancy Announcement No. 2004-HQ-2637, Human Resources Specialist (Information Systems & Compensation), that she was found to be qualified for this position and was referred to the selecting official along with five other qualified candidates on a merit promotion roster issued on September 20, 2004, that she was interviewed, but that a younger, male candidate was selected by the selecting official on October 27, 2004. Defendant is without information sufficient to form a belief as to whether Plaintiff learned of her non-selection on November 3, 2004, as she alleges. Defendant denies the remaining allegations of paragraph 7 of the Complaint.

      8. Defendant admits that Plaintiff sought EEO counseling on December 17, 2004, and filed a formal administrative complaint on April 12, 2005, which was designated No. FDICEO-050017 by the FDIC. Defendant denies the remaining allegations of paragraph 8 of the Complaint.

      9. Defendant denies the allegations of paragraphs 9 (in both Count I and Count II) of the Complaint.[2]

      10. Defendant denies the allegations of paragraphs 10 (in both Count I and Count II) of the Complaint.

      11. Defendant denies the allegations of paragraph 11 (in Count III) of the Complaint.

      12. Defendant denies the allegations of paragraph 12 (in Count III) of the Complaint.

      13. Defendant denies the allegations of paragraph 13 (in Count IV) of the Complaint.

---

[2] Under Plaintiff's Statement of Claims, Count I (Discrimination Based on Race) consists of two paragraphs numbered 9 and 10, as does Count II (Discrimination Based on Sex).

14. Defendant denies the allegations of paragraph 14 (in Count IV) of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

Defendant denies that Plaintiff is entitled to a trial by jury "on all issues of fact and damages" insofar as that assertion may refer to (i) any of her claims of age discrimination, and/or (ii) remedies, such as back pay, that are considered to be in the nature of equitable relief under Title VII.

## DEFENSES AND AFFIRMATIVE DEFENSES

By pleading the following defenses, as provided for pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant does not concede that it possesses or assumes the burden to prove each or any of them.  Defendant maintains that Plaintiff retains the burden of proof on all matters necessary to state and sustain the claims asserted in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies for some or all of her claims.

## THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over some or all of Plaintiff's claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the time limits for pursuing administrative and judicial remedies for Title VII complaints.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the statute of limitations, laches, res

judicata, collateral estoppel, settlement and release, or accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a prima facie case under any of the claims or causes of action she has asserted; in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions on the part of Defendant concerning Plaintiff were wholly based on legitimate, non-discriminatory, and non-retaliatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

WHEREFORE, Defendant requests the Court enter judgment in its favor and against Plaintiff, that the Complaint be dismissed in its entirety with prejudice, that Defendant recover its costs in this action, and for such other relief as may be appropriate.

Respectfully submitted,

/s/ William S. Jones
_____
William S. Jones
Georgia Bar No. 404288
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6006)
Arlington, VA 22226
(703) 562-2362
(703) 562-2482 (Fax)

Patricia Davison-Lewis
D.C. Bar No. 414378
Counsel, Legal Division
Federal Deposit Insurance Corporation

6

        3501 N. Fairfax Drive (VS-E6010)
        Arlington, VA 22226
        (703) 562-2315
        (703) 562-2482 (Fax)


        Attorneys for Defendant


Dated: August 17, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2006, I caused a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint to be served on Plaintiff, through counsel, by first-class mail, postage prepaid, addressed as follows:

>David H. Shapiro, Esq.
>Swick & Shapiro, P.C.
>1225 Eye Street, N.W.
>Suite 1290
>Washington, DC 20005

>/s/ William S. Jones
>_____
>William S. Jones
>Counsel
>Federal Deposit Insurance Corporation