UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**DOROTHY CHAPPELL-JOHNSON**    )
                                )
     **Plaintiff,**   )
  v.                   ) Civil Action No. 06-1074 (RCL)
                                )
**SHEILA C. BAIR,**              )
                                )
     **Defendant.**   )
_____)

## JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to LCvR 16.3, the parties hereby report to the court that counsel for the parties conferred on September 14, 2006. As a consequence of this conference, the parties hereby report to the Court as follows:

1. <u>Case Scheduling</u>: Defendant believes that this case is likely to be disposed of by dispositive motion following the completion of discovery, while the plaintiff disagrees. There are no pending motions. The parties do not believe that discovery should be stayed at this time for dispositive motions.

2. <u>Joinder/Amendment/Narrowing</u>: The parties do not anticipate the necessity to join third parties or to amend the pleadings further. Neither party believes that the legal or factual issues can be narrowed at this time.

3. <u>Assignment To Magistrate Judge</u>: Plaintiff consents to assignment of this case to a magistrate judge for all purposes; defendant does not consent to a magistrate for any purpose, except for settlement discussions.

4. <u>Settlement Possibility</u>: The parties do not see a possibility of settlement at this time. However, the parties will continue to be open to settlement discussions.

5. <u>Alternative Dispute Procedures</u>: At this time, the parties do not believe that the case could benefit from the Court's ADR process. The parties will inform the Court if it appears that the Court's ADR process might be useful later on.

6. <u>Dispositive Motions</u>: Defendant expects to file a dispositive motion upon the close of discovery in this case. The parties suggest that any post-discovery dispositive motion should be filed within 60 days after the close of discovery, that any opposition to that motion should be filed within 45 days of the filing of the dispositive motion, and that any reply to the opposition should be filed within 21 days of the filing of the opposition.

7. <u>Initial Disclosures</u>: The parties propose that initial disclosures authorized under F.R.Civ.P. 26(a)(1) be served within 30 days of initial scheduling order.

8. <u>Discovery</u>: The parties propose that the Court set a discovery schedule for this case, in accordance with the attached proposed Scheduling Order. The parties believe that 180 days are necessary to complete discovery. Interrogatories, Requests for Production of Documents, and Requests for Admissions are limited to 25 in number, respectively. The parties are limited to 10 depositions per side with each deposition limited to seven hours. Should confidential personnel information, sensitive personal and/or medical information be produced during the course of discovery in this case, the parties will submit an appropriate protective order for the Court's approval.

9. <u>Experts</u>: The parties propose that plaintiff's expert(s) be designated no later than 60 days after the commencement of discovery, and that defendant's experts be designated no later than 30 days thereafter. The parties further propose that plaintiff's expert disclosures be served at least 60 days prior to close of discovery. The parties propose that defendant's expert disclosures should be served within 30 days after service of plaintiff's expert disclosures.

10. Class Action Procedures: Not applicable.

11. Bifurcation of Discovery or Trial: Since plaintiff has requested a trial by jury, defendant asserts that her claims under the ADEA be tried separately as such claims are not entitled to be tried before a jury. Plaintiff opposes bifurcation and believes a trial on all claims is warranted on efficiency grounds, where a jury will render an advisory opinion on plaintiff's ADEA-related claims.

12. Proposed Date For The Pretrial Conference: Plaintiff asks the Court to set a date certain in the initial scheduling order. Defendant proposes that the pretrial date be set within 60 days after Court rules on post-discovery dispositive motions.

13. Trial Date: Plaintiff proposes that the trial date be set in the initial scheduling order for some time in the Fall/Winter of 2007. Should a trial be necessary in this case, defendant proposes setting the trial date at the pretrial conference.

14. Other Matters: None.

Respectfully submitted,

_____
David H. Shapiro, D.C. Bar # 961326
James E. Simpson, D.C. Bar # 482870
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W., Suite 1290
Washington, D.C. 20005
(202) 842-0300
FAX (202) 842-1418

Attorneys for Plaintiff

_____
William S. Jones, GA Bar # 404288
Patricia Davison-Lewis, D.C. Bar # 414378
3501 North Fairfax Drive
Arlington, VA 22226
(703) 562-2362
FAX (703) 562-2475

Attorneys for Defendant