UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DOROTHY CHAPPELL-JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:06-cv-01074-RCL |
| SHEILA C. BAIR, Chairman, Federal Deposit Insurance Corporation, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO ENLARGE TIME FOR DISCOVERY AND ADJUST SCHEDULING ORDER**

Defendant Sheila C. Bair, in her official capacity as Chairman of the Federal Deposit Insurance Corporation ("FDIC" or "Agency"),[1] files this opposition to Plaintiff's Motion to Enlarge Time for Discovery and Adjust Scheduling Order filed on July 2, 2007.

**Procedural History**

On June 12, 2006, Plaintiff filed the complaint in this Title VII and ADEA action, as well as a Notice of Designation of Related Cases which listed Civil Action Nos. 03-1557 (RCL) and 06-314 (RCL) as related employment cases filed by Plaintiff in this Court.[2] On October 24, 2006, the Court entered its Initial Scheduling Order, which provided, inter alia, that the "[c]lose

---

[1] The complaint, filed on June 12, 2006, and served on June 20, 2006, named as Defendant Martin J. Gruenberg, in his official capacity as Acting Chairman of the FDIC. Sheila C. Bair was sworn in as Chairman of the FDIC on June 26, 2006, and in her official capacity should be substituted for Mr. Gruenberg as Defendant in this case pursuant to Fed. R. Civ. P. 25(d).

[2] On June 28, 2007, the Court denied Defendant's motion for summary judgment in Civil Action No. 03-1557, noting that Plaintiff should "be given the opportunity to conduct discovery" in that case. Memorandum Opinion at 8. In Civil Action No. 06-314 (following a 90-day extension of

of all discovery shall be 180 days of the date of this Order." Pursuant to the terms of the Initial Scheduling Order, discovery was therefore scheduled to close on Sunday, April 22, 2007.

On February 2, 2007, Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiff was served on Plaintiff's counsel. Plaintiff belatedly responded to Defendant's discovery requests on March 29, 2007,[3] and Plaintiff was subsequently deposed by Agency counsel on April 20, 2007, before the close of the 180-day discovery period. Later that day, Plaintiff filed a motion to extend discovery, to which Agency counsel consented despite the fact that Plaintiff had not attempted to conduct any discovery at all prior to that date. On May 2, 2007, the Court granted Plaintiff's motion and extended the discovery period for 60 days from the date of its Order (i.e., through Sunday, July 1, 2007).

On July 2, 2007, Plaintiff filed the pending motion to further enlarge time for discovery, reciting a similar litany of reasons as had been set forth in the April 20 motion for extension. Not mentioned in the motion was that in the interim, Plaintiff had again failed to initiate any discovery at all in this case. In fact, Defendant's counsel received no communication concerning the case until Friday, June 22, when Defendant's counsel was out of the office (as was indicated to callers by his voice-mail "greeting" message that day). Upon returning to the office on Monday, June 25, Defendant's counsel attempted to contact Plaintiff's counsel and left him a voice-mail message that morning, but Plaintiff's counsel did not return the call until a week later, on Monday, July 1. On that date, due to Plaintiff's continued lack of diligence in pursuing any

---

discovery), a July 16, 2007, due date has been set for dispositive motions to be filed.
[3] On March 29, 2007, Plaintiff also finally responded to the FDIC's discovery requests in Civil Action No. 06-314, which had been served on counsel for Ms. Chappell-Johnson five months before, on October 27, 2006.

2

discovery at all since this case was filed in 2006, Defendant's counsel declined to consent to an additional extension of the discovery period.

**Argument and Authority**

Rule 16 of the Federal Rules of Civil Procedure indicates that a scheduling order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b); see also LCvR 16.4 ("The court may modify the scheduling order at any time upon a showing of good cause."). In this context, courts in this district have held that a plaintiff's lack of diligence during the discovery period can preclude a demonstration of "good cause." See DAG Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 104-106 (D. D.C. 2005). The DAG Enterprises opinion stated:

> "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson [v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992)] at 609 (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)); see also 3 Moore's Federal Practice § 1614[b] (2003) ("[I]t seems clear that the factor on which courts are most likely to focus when making this determination is the relative diligence of the lawyer or lawyers who seek the change."). . . . "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation should not be considered good cause." Olgyay [v. Soc. for Envtl. Graphic Design, Inc., 169 F.R.D. 219 (D. D.C. 1996)] at 220 (quoting Final Report of the Civil Justice Reform Act Advisory Group of the United States District Court for the District Court of Columbia at 41 (Aug. 1993)). In sum, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609 (citing Gestetner Corp. [v. Case Equip. Co., 108 F.R.D. 138 (D. Me. 1985)] at 141). "If that party is not diligent, the inquiry should end." Id.

DAG Enterprises, 226 F.R.D. at 105.

The DAG Enterprises opinion further noted that "[c]ourts in this District have routinely denied requests for discovery beyond a cut-off date where a party has shown a lack of diligence

during the allowed time period." Id. (citations omitted).  In the case at bar, Plaintiff's failure to initiate any discovery whatsoever during the initial discovery period and its subsequent extension shows a lack of diligence that should preclude another extension of discovery.

Accordingly, Defendant requests that the Court deny Plaintiff's motion to further extend discovery.

>                                    Respectfully submitted,
>
>
>                                    /s/ *William S. Jones*
>                                    _____
>                                    William S. Jones
>                                    Georgia Bar No. 404288
>                                    Counsel, Legal Division
>                                    Federal Deposit Insurance Corporation
>                                    3501 N. Fairfax Drive (VS-E6006)
>                                    Arlington, VA 22226
>                                    (703) 562-2362
>                                    (703) 562-2482 (Fax)
>
>                                    Patricia Davison-Lewis
>                                    D.C. Bar No. 414378
>                                    Counsel, Legal Division
>                                    Federal Deposit Insurance Corporation
>                                    3501 N. Fairfax Drive (VS-E6010)
>                                    Arlington, VA 22226
>                                    (703) 562-2315
>                                    (703) 562-2482 (Fax)
>
>
>                                    Attorneys for Defendant

Dated: July 3, 2007