UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOROTHY CHAPPELL-JOHNSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 06-1074 (RCL) |
| ) | |
| SHEILA C. BAIR, Chairman ) | |
| Federal Deposit Insurance Corporation ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO ENLARGE DISCOVERY AND ADJUST SCHEDULING ORDER**

On July 3, 2007, defendant, through counsel, filed an opposition to plaintiff's motion to enlarge the discovery period for sixty days and to adjust the scheduling order, which was filed on July 2, 2007, in the instant matter. In its opposition, defendant asks this Court to deny plaintiff's motion for an enlargement of the discovery period because, as defendant alleges, plaintiff has failed "to initiate any discovery whatsoever during the initial discovery period and its subsequent extension." Defendant's Opposition at 4. Both of plaintiff's motions for an enlargement of time for discovery identified that the only discovery issue remaining was that, due to the busy calendars for plaintiff's attorneys, scheduling of depositions of defendant's employees had not been completed. For the reasons enumerated in plaintiff's April 20, 2007, consent motion to enlarge discovery and plaintiff's July 2, 2007, motion to enlarge discovery, plaintiff urges this Court to grant her July 2, 2007, motion to enlarge the discovery period by sixty days and to adjust the scheduling order in this case.

Defendant's opposition did not note that after plaintiff's counsel left a voice mail message for defendant's counsel on June 22, 2007, the principal associate, who left the voice mail message, departed the next day, Saturday, June 23, 2007, to travel to Charlotte, North Carolina for a three-day hearing (June 27-29, 2007) in the matter of *Landreth v. DOJ*, EEOC No. 140-2005-00078X, Agency File No. F-03-5804. The associate did not return to the office until more than one week later, on July 2, 2007, and did not access his voice mail messages until he returned from that hearing. Therefore, the associate was unaware that defendant's counsel had returned plaintiff's counsel's telephone call on June 25, 2007, and left a voice mail message. Upon returning from the hearing in Charlotte, NC, and arriving at the office on July 2, the associate contacted defendant's counsel to seek defendant's consent to an enlargement of time. In addition, the principal partner working on this case, David H. Shapiro, was involved in a trial that had started on June 13, 2007, but was not finished until a jury verdict was returned on June 29, 2007.

Plaintiff's two motions, the first of which was consented to by defendant, seeking an enlargement of the discovery period and a concomitant adjustment of the scheduling order in the instant case have identified the busy nature of both the partner and associate working this matter on behalf of the plaintiff. Particularly noteworthy has been the extremely busy trial calendar for David H. Shapiro during the months of April, May, and June - - jury trials in *Bryant v. Leavitt*, C.A. No. 05-0250 (D.D.C.) (April 16-26, 2007); *Czekalski v. Mineta*, C.A. No. 02-01403 (D.D.C.) (originally scheduled for May 7-18, 2007, but rescheduled for later in calendar year 2007 shortly before trial was to start); *Simpson v. Leavitt*, C.A. No. 03-1123 (D.D.C.) (June 4-8, 2007); and *Adams v. Mineta*, C.A. No. 04-0856 (D.D.C.) (originally scheduled for March 5-9,

2007, but rescheduled to June 13-19, 2007, and which trial actually occurred over eight days during the period June 13-29, 2007, before the jury rendered a verdict). The unforeseen rescheduling of jury trials during this three-month period not only impacted the instant case, but also impacted discovery in several other civil actions - for example, *Chowdhury v. FDIC*, C.A. No. 05-2368 (D.D.C.); and *Jeffers v. PBGC*, C.A. No. 03-1762 (D.D.C.). Indeed, in *Jeffers*, plaintiff's counsel had scheduled depositions of witnesses twice (during the periods May 9-15 (seven depositions scheduled) and June 21-26 (eight depositions scheduled)) only to have them postponed due to unavailability of witnesses and/or defendant's counsel.

Plaintiff urges this Court to grant her motion for an enlargement of discovery for sixty days and to otherwise adjust the scheduling order in this case.

Respectfully submitted,

/s/
David H. Shapiro, D.C. Bar No. 961326
James E. Simpson, D.C. Bar No. 482870
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
202-842-0300

Attorneys for Plaintiff