## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                               )
**DOROTHY CHAPPELL-JOHNSON,**     )
                                               )
    **Plaintiff,**                           )
                                               )
       **v.**                                )          **Case No. 1:06-cv-01074-RCL**
                                               )
**SHEILA M. BAIR,**                        )
**Chairman,**                              )
**Federal Deposit Insurance Corporation,**  )
                                               )
    **Defendant.**                        )
_____)

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
### AND MEMORANDUM IN SUPPORT THEREOF

      Defendant Sheila C. Bair, in her official capacity as Chairman of the Federal Deposit

Insurance Corporation ("FDIC"), hereby moves for summary judgment pursuant to Rule 56 of

the Federal Rules of Civil Procedure.  The bases for this motion are more fully set forth in the

accompanying Memorandum in Support of Defendant's Motion for Summary Judgment.

      In support of this motion, Defendant refers the Court to the supporting memorandum and

exhibits thereto, as well as Defendant's Statement of Material Facts as to Which There is No

Genuine Issue.  A proposed order granting the relief sought is attached hereto.

# TABLE OF CONTENTS

I.     INTRODUCTION..................................................................................................1

II.    FACTUAL BACKGROUND .................................................................................2

III.   APPLICABLE LEGAL STANDARDS ................................................................5

      A.     Summary Judgment Standard.....................................................................5

      B.     Allocations of Burdens of Production and Persuasion .......................................7

      C.     Deference Due to Agency Decisions................................................................7

IV.    ANALYSIS ............................................................................................................8

      A.     Defendant is Entitled to Summary Judgment on Plaintiff's
            Age and Sex Discrimination Claims.............................................................8

            1.   Defendant Has Articulated Legitimate, Non-discriminatory Reasons
                 for the Selection Decision ...............................................................8

            2.   Plaintiff Has Failed to Adduce Evidence of Pretext .....................................10

      B.     Defendant is Entitled to Summary Judgment on Plaintiff's
            Retaliation Claim .......................................................................................13

V.     CONCLUSION ....................................................................................................15

**TABLE OF EXHIBITS**

1.   Acceptance of Formal Discrimination Complaint

2.   Boosinger Affidavit (August 2, 2005)

3.   Boosinger Deposition (November 16, 2007)

4.   Boosinger Errata Sheet (December 19, 2007)

5.   Campbell Affidavit (August 2, 2005)

6.   Candidate Selection Recommendation

7.   Chappell Johnson Affidavit (August 5, 2005)

8.   Chappell Johnson Supplemental Affidavit (August 11, 2005)

9.   Chappell Johnson Deposition (April 20, 2007)

10.   [Reserved]

11.   EEO Counselor's Report

12.   Final Agency Decision (March 10, 2006)

13.   FDIC Structured Interview – Guidance for Interviewers and Selecting Officials July 2003

14.   Formal Discrimination Complaint dated April 12, 2005

15.   Merit Promotion Roster

16.   Notice of Right to File dated March 17, 2005

17.   Plaintiff's Responses to Defendant's First Set of Interrogatories and Requests for
       Production of Documents

18.   Potucek Affidavit (August 8, 2005)

19   Potucek Deposition I (November 16, 2007)

20.    Potucek Deposition II (November 29, 2007)

21.    Potucek Deposition I Errata

22.   Potucek Deposition II Errata

23.   Potucek Supplemental Affidavit (September 2, 2005)

24.   Potucek Supplemental Affidavit II (February 1, 2008)

25.   Purnell Affidavit (August 29, 2005)

26.   Purnell Deposition II (November 16, 2007)

27.   Purnell Deposition II Errata (December 26, 2007)

28.   Structured Interview Questions

29.   Talley Affidavit (August 4, 2005)

30.   Vacancy Announcement No. 2004-HQ-2637

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
DOROTHY CHAPPELL-JOHNSON,                )
                                                          )
     Plaintiff,                                   )
                                                          )
            v.                                        )          Case No.: 06-cv-01074-RCL
                                                          )
SHEILA M. BAIR,                                     )
Chairman,                                             )
Federal Deposit Insurance Corporation,     )
                                                          )
     Defendant.                                )
_____)

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Dorothy Chappell-Johnson ("Plaintiff" or "CJ") is currently a CG-9[1] Human Resources

Specialist (Benefits) employed by the Federal Deposit Insurance Corporation ("FDIC" or

"Agency") in its Division of Administration ("DOA") in Arlington, Virginia.  Complaint ¶4 at 2;

CJ Deposition ("Dep.") (Ex. 9) at 33.  This civil action alleges sex discrimination in violation of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), as well as age

discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

§ 633a.  Plaintiff also claims retaliation for prior EEO activity.

Her Complaint alleges that Defendant's selection of a "less-qualified, white person" for a

_____

[1] The FDIC as a congressionally created government corporation with independent powers and
pay authority designates its grade levels as "Corporate Grade" (CG) and uses grade levels 1 – 15
for non-supervisory positions.

Human Resource Specialist position, CG-201-7/9/11, constituted discrimination against her on the basis of race (Complaint, Count I, at ¶¶ 9-10), sex (id., Count II, at ¶¶ 9-10 [sic]), age (id., Count III, at ¶¶ 11-12 [sic]), and retaliation as a result of prior complaints of racial and age-based discrimination (id., Count IV, at ¶¶ 13-14).  As of the close of the agreed to discovery period,[2] however, Plaintiff has marshaled no evidence to show: (i) that any unlawful factors played a part in her nonselection for the Human Resource Specialist position, CG-201-7/9/11; or (ii) that she was subjected to retaliation for filing prior EEO complaints.  Subsequent to filing this Complaint, Plaintiff abandoned her race claim.  See CJ Dep. (Ex. 9) at 58 and Plaintiff's Answers to Defendant's First Set of Interrogatories (Ex. 17) at 8.[3]

As demonstrated below, and as demonstrated in the Rule 7(h) Statement of Undisputed Facts accompanying Defendant's Motion for Summary Judgment, there is no genuine issue as to any material fact on any of Plaintiff's claims, see Fed. R. Civ. P. 56, and the undisputed facts demonstrate that Defendant is entitled to judgment as a matter of law.  Defendant therefore respectfully requests that judgment for Defendant be entered as a matter of law, and that this matter be dismissed with prejudice.

## II.  FACTUAL BACKGROUND

At the time of the selection at issue in this case, Plaintiff was employed as a Human Resources Specialist, CG-201-9, in the Division of Administration.  Final Agency Decision (Ex.

---

[2] Per the scheduling Order of November 19, 2007, discovery ended on November 29, 2007.

[3] See *Plaintiff's Answers to First Set of Interrogatories No. 13* "Are you aware that Roger Little, the selectee…is an African American man?"  Answer:  "Plaintiff is aware . . . . In this regard, plaintiff withdraws her claim of race discrimination."  Ex. 17 at 8.  (Plaintiff may have confused the facts of this case with those in Civil Action No. 06-314, also pending before this Court, in which she alleged age and race discrimination in connection with another non-selection in 2004.)

12) at 2.  On August 24, 2004, the Human Resources Specialist (Info Sys & Compensation) CG-201-07/09/11 position at issue was advertised under Vacancy Announcement Number 2004-HQ-2637.  Vacancy Announcement (Ex. 30); CJ Aff. (Ex. 7) at 1.  Plaintiff applied for the position.  Id.

Under the FDIC's Merit Promotion Plan, the Agency's Human Resources Division evaluated all applications for the position and created a roster of applicants who met the basic qualifications for the position.  The Merit Promotion Roster listed six qualified applicants, including Plaintiff.  Potucek Dep. II  (Ex. 20) at 122; Merit Promotion Roster (Ex. 15).  Lorinda Potucek, the Human Resources ("HR") Officer for Operations, was the Selecting Official ("SO") for the position.  Potucek Supp. Aff. II (Ex. 24) at 1.  Before making a selection, Potucek chose to convene a panel to interview and evaluate the candidates in compliance with the Conanan Consent Decree[4] and the FDIC Structured Interview – Guidance for Interviewers and Selecting Officials July 2003 ("Structured Interview Guidelines") also referred to as ("Agency's Best Business Practices").[5]  See Ex. 13.  Ms. Potucek asked Susan Boosinger, an employee outside her chain of command, and her direct report Jo Rita Campbell (who has since retired from the

---

[4] In 2001, the United States District Court for the District of Columbia approved a consent decree in Conanan v. Tanoue, Civ. No. 00-3091 (ESH), a class action brought by African-Americans employees alleging race discrimination claims against the FDIC.  Pursuant to the decree, the FDIC developed written structured interview guidelines so that all candidates for the same vacancy would be treated equally.  See Potucek Dep. II (Ex. 20) at 74 - 75; Boosinger Dep. (Ex. 3) 46 – 47; Purnell Dep. (Ex. 25) at 34.

[5] See FDIC Structured Interview – Guidance for Interviewers and Selecting Officials July 2003 ("Structured Interview Guidelines") (Ex. 13), a directive published on the FDIC's internal website.  The document provides guidance to interviewers, "explains the FDIC's structured interview process, which is considered a best business practice" and describes the steps to follow before, during, and after each structured interview conducted to fill a vacancy.  Structured Interview Guidelines at 1.  See also Potucek Dep. II (Ex. 20) at 112-113.

FDIC) to serve as the panel. Potucek Dep. I (Ex. 19) at 44; Campbell Aff. (Ex. 5) at 1;

Boosinger Aff. (Ex. 2) at 1. This two-person panel interviewed and evaluated all of the

candidates on the roster using the FDIC's structured interview procedures. They then gave their

recommendations to Ms. Potucek. Potucek Dep. II (Ex. 20) at 124; Boosinger Dep. (Ex. 3) at

66; Boosinger Aff. (Ex. 2) at 1.

Pursuant to structured interview procedures, each candidate was asked the same questions.

Boosinger Aff. (Ex. 2) at 2; Structured Interview Questions (Ex. 28). The questions were drafted

to allow each candidate to demonstrate skills and abilities set forth in the vacancy announcement.

Boosinger Aff. (Ex. 2) at 2. Following the interviews, each candidate's interview responses were

rated and assigned a cumulative score. Id. The panelists then shared their assessments, interview

notes, and rankings of the candidates with Ms. Potucek. Potucek Supp. Aff. II (Ex. 24) at 1;

Potucek Dep. II (Ex. 20) at 177. The Panel recommended two individuals, Roger Little and Paula

Foreman, as the top contenders, whom they considered "tied for first place." Potucek Dep. II (Ex.

20) at 124. Ultimately, Ms. Potucek selected Mr. Little for the position at the CG-7 level.

Boosinger Aff. (Ex. 2) at 2; Candidate Selection Recommendation (Ex. 6); Merit Promotion

Roster (Ex. 15).

Ms. Potucek relied on the evaluations and recommendations of the interviewers, Ms.

Boosinger and Ms. Campbell. Potucek Supp. Aff. (Ex. 23) at 1. After the panel recommended

Roger Little and Paula Foreman as the two top candidates for further consideration, Ms. Potucek

also took into account her personal knowledge regarding Mr. Little and her favorable

impressions regarding the work that he had demonstrated when he had previously worked under

her supervision. Potucek Dep. II (Ex. 20) at 123, 146.

Plaintiff states that she learned that she was not selected on November 3, 2004. EEOC Counselor's Report (Ex. 11) at 3. She contacted an Equal Employment Opportunity Counselor on December 17, 2004, alleging age discrimination and reprisal. Id. at 1. A subsequent mediation was unsuccessful in resolving her claims and she was issued a Notice of Right to File a Formal Discrimination Complaint ("NRTF") on March 17, 2005. Ex. 16 at 2.

She filed a formal complaint of discrimination on April 12, 2005. Acceptance of Formal Discrimination Complaint (Ex. 1) at 1. The issues of discrimination on the basis of age and reprisal were accepted for investigation.[6] Id. A Report of Investigation ("ROI"), examining age, gender and retaliation claims, was finalized on August 17, 2005, and a Final Agency Decision finding no discrimination was issued on March 10, 2006. (Ex. 12). Plaintiff filed the instant complaint in Federal Court on June 6, 2006.

## III.    APPLICABLE LEGAL STANDARDS

### A.    Summary Judgment Standard

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

---

[6] Race and sex discrimination were not originally raised in the Counselor's Report nor specifically listed as "Accepted Issues" in the Acceptance letter. See Exs. 1, 11. However, during the course of the EEO investigation, the Complainant added sex (female) as another basis of the alleged discrimination. See Final Agency Decision (Ex. 12) at 2 and n. 1. As noted above, Plaintiff has since dropped her race claim, as the both the Plaintiff and the selectee are African American.

In determining whether there exists a genuine issue of material fact, the Court must view all facts, and reasonable inferences to be drawn from them, in a light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.  If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 249-50.  Indeed, in order to withstand summary judgment, the non-moving party may not rest upon mere allegations or denials.  Id. at 248.  The mere existence of some factual dispute is insufficient to withstand summary judgment; there must be a genuine issue of material fact.  Id. at 247-48.  There is no genuine issue of material fact if the relevant evidence of record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the party opposing summary judgment.  Id. at 248.  If the submitted evidence is of such a character that it would not permit a reasonable fact finder to find in favor of the non-moving party, summary judgment is appropriate.  Id. at 251.

Rule 56 does not require the moving party to negate the non-movant's claim or to show the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  Rather, when the movant files a properly supported summary judgment motion, the burden shifts to the non-moving party to show "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., 475 U.S. at 586, or with "conclusory allegations," "unsubstantiated assertions," "or by only a 'scintilla' of evidence."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

**B.    Allocations of Burdens of Production and Persuasion**

The burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 803-805 (1973), governs the analysis of Plaintiff's discrimination and retaliation claims.  Cones v. Shalala, 199 F.3d 512, 516 (D.C. Cir. 2000).  Under this framework, the Plaintiff has the initial burden of proving by a preponderance of the evidence a "*prima facie*" case of discrimination.  Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).  If the Plaintiff is able to establish a *prima facie* case, the burden shifts to the Defendant to produce credible evidence that its actions were taken for a legitimate, nondiscriminatory reason.  Id.  If the Defendant meets this burden of production, the burden shifts back to the Plaintiff to present evidence that the stated reason was pretextual.  Id.  To do so, the Plaintiff must show "both that the reason was false, and that discrimination was the real reason."  St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993); see also Fischbach v. District of Columbia Dep't of Corrections, 86 F.3d 1180, 1183 (D.C. Cir. 1996) ("It is not enough for the Plaintiff to show that the reason given for a job action is not just, fair, or sensible.  He must show that the explanation given is a phony reason.") (internal citations omitted).  At all times, the plaintiff retains the ultimate burden of persuasion to demonstrate that she was in fact the victim of intentional discrimination. Burdine, supra, 450 U.S. at 252-53.

**C.    Deference Due to Agency Decisions**

Moreover, the employment discrimination statutes did not transform federal courts into review boards for local employment decisions.  "Title VII, it bears repeating, does not authorize a federal court to become 'a super-personnel department that reexamines an entity's business decisions.'"  Barbour v. Browner, 181 F.3d 1342, 1346 (D.C. Cir. 1999) (quoting Dale v.

Chicago Tribune Co., 797 F.2d 458, 464 (7th Cir. 1986), cert. denied, 479 U.S. 1066 (1987)).  To

the contrary, a court "may not 'second-guess an employer's personnel decision absent

demonstrably discriminatory motive.'"  Fischbach v. District of Columbia Dep't of Corrections,

86 F.3d at 1183 (quoting Milton v. Weinberger, 696 F.2d 94, 100 (D.C. Cir. 1982)).

## IV.  ANALYSIS

**A.    Defendant is Entitled to Summary Judgment on Plaintiff's Age and Sex
Discrimination Claims**

1.  Defendant Has Articulated Legitimate, Non-Discriminatory Reasons for the Selection
Decision.

In order to establish a *prima facie* case of sex or age discrimination, a plaintiff must show

that:  (1) she is a member of a protected class, (2) she suffered an adverse personnel action, (3)

under circumstances giving rise to an inference of discrimination.  Kundra v. Abraham, 2007

WL 1821264 (D.D.C. June 25, 2007) at *3, and cases cited therein.

Assuming that Plaintiff has presented a *prima facie* case of age discrimination[7]  (and

conceding, for the sake of this motion, that she has made out a *prima facie* case of sex

discrimination), summary judgment is appropriate because the Ms. Potucek has articulated non-

discriminatory, legitimate business reasons for her selection of Mr. Little.  The record evidence

clearly demonstrates that the interviewers and the SO legitimately believed that the selectee was

the superior candidate.

---

[7] Panel member Boosinger stated that the evaluation team "did not recommend her for selection"
and "our not doing so had nothing to do with her sex, [or] age . . . .  [I] was not aware [of
Plaintiff's age] at the time of my involvement in the selection process."  Boosinger Aff. (Ex. 2)
at 1.  Ms. Boosinger also states that she does not recall seeing anything relative to the Plaintiff's
age in her application, and if something was there it certainly "played no part in [her] assessment
of [Plaintiff's] qualifications."  Id.  "[A]t no time during the panel's deliberations did age or
matters of retirement come up."  Id.

8

The two interviewers, based on their evaluations of the responses to the structured interview questions asked of all the candidates, concluded that Roger Little was one of the two top candidates and that plaintiff was not.  Boosinger Aff. (Ex.2) at 2; Campbell Aff (Ex. 5) at 1. Ms. Potucek made her selection in reliance on the interviewers' assessment that Mr. Little and Ms. Foreman were the two top candidates.  Potucek Supp. Aff. (Ex. 23) at 1;Potucek Dep. II (Ex. 20) at 177.

Furthermore, Ms. Potucek had personal knowledge of Mr. Little's ability since he had worked directly for her.  See Potucek Aff. (Ex. 18) at 2.  Her personal knowledge of Mr. Little's abilities was an appropriate consideration as the selecting official.  Indeed, the case law is clear that "where a selecting official makes a decision based on the application and his personal knowledge of the candidates, *even if the selecting official's personal knowledge was incorrect*, the court will defer to the employer's decision so long as there is no evidence of bad faith." Kundra v. Abraham, 2007 WL 1821264 at *7 (emphasis added), *citing* Hammond v. Chao, 383 F. Supp. 2d 47, 58 (D.D.C. 2005).

Plaintiff was interviewed exactly as everyone else on the merit promotion roster was, but was not referred to the selecting official as one of the top candidates.  After the interviewers referred Mr. Little and Ms. Foreman to the selecting official as the two top candidates, Ms. Potucek determined that between the two candidates who were referred, Mr. Little possessed more impressive, relevant, and recent experience for the position being filled.  See Boosinger Aff. (Ex. 2) at 2; Campbell Aff. (Ex. 5) at 1; Potucek Dep. II (Ex. 20) at 171.  He was therefore selected.  The reasons for the selection decision had nothing to do with Plaintiff's age or gender.

In sum, the Agency has articulated a legitimate and non-discriminatory explanation for

9

Plaintiff's nonselection.  Because Defendant's burden is merely one of production, the reasons

given by the interviewers and selecting official are sufficient "admissible evidence that, if

believed, would establish that the employer's action was motivated by a legitimate,

nondiscriminatory reason."  Tenyck v. Omni Shoreham Hotel, 365 F.3d 1139, 1151 (D.C. Cir.

2004).

     2.  Plaintiff Has Failed to Adduce Evidence of Pretext

A plaintiff can demonstrate that the employer's rationale is a pretext for discrimination

by offering direct or circumstantial evidence that the defendant was motivated by discriminatory

animus.  Brown v. Small, 2007 WL 158719 (D.D.C. January 19, 2007) at *5 (citation omitted).

However, she must do more than just deny or criticize the proffered reasons of the defendant.  Id.

Plaintiff's attempt to show pretext is primarily based upon her opinion that she was more

qualified for the position than the selectee.  Throughout the record, she repeatedly asserts that the

Agency's stated business reasons must be pretextual because she is the better qualified candidate.

However, it is well established that the court should not credit plaintiff's "subjective assessment"

of her own qualifications:

> A "plaintiff's perception of [her]self, and of [her] work performance, is not
> relevant."  Waterhouse v. Dist. Of Columbia, 124 F. Supp. 2d 1, 7 (D.D.C. 2000).
> Plaintiff's subjective belief of qualifications is not evidence that can be used to
> establish that [she] was qualified for the job.  Harris v. Univ. of the Dist. of
> Columbia, No. 87-2631, 1990 WL 99316, at *5 (D.D.C. July 6,, 1990) (citing
> Morser v. AT & T Info. Sys. 703 F. Supp. 1072, 1083 (S.D.N.Y. 1989)); see also
> Holt v. KMI-Contl, Inc. 95 F.3d 123 130 (2d Cir. 1996) (cannot show pretext
> merely by asserting "personal belief" as to most qualified person.)  It is the
> perception of the decision-maker that is relevant to determining pretext, not a
> plaintiff's perception of himself.  Branson v. Price River Coal Co. 853 F.2d 768,
> 772 (10th Cir. 1988).

McNally v Norton, 2007 WL 2172792 (D.D.C. July 30, 2007) at *14.

10

Plaintiff's affidavit demonstrates the extent to which her belief that she was more qualified rests upon conclusory assumptions and her own subjective beliefs.

Q:  What leads you to believe your sex was a factor in your nonselection?

A:  I am led to believe my sex was a factor in my nonselection *because a lesser qualified male was selected for the position.*[8]

Q:  What leads you to believe your age was a factor in your nonselection?

A:  I am led to believe my age was a factor *because I was the oldest candidate referred on the BQ List for the position.*

CJ Aff. (Ex. 7) at 2 (emphasis added).

Here, where plaintiff has essentially no evidence to offer other than her own perception of herself, her assertions do not suffice to survive summary judgment in favor of the employer. See McNally, *supra* at *14.

This Circuit has long recognized the principal that it is the Agency's assessment as to which qualities and experience are most critical for a given position that controls – *not* the plaintiff's assessment.  Not only is it not permissible for courts to try to "second-guess" an employer's personnel decision absent demonstrably discriminatory motive, but Title VII liability cannot rest solely on a judge's determination that an employer misjudged the relative qualifications of admittedly qualified candidates.  Sussman v. Tanoue, 39 F. Supp 2d 13, 19 (D.D.C. 1999), citing Fischbach v. D.C. Dep't of Corrections, 86 F.3d 1180, 1183 (D.C. Cir.

---

[8] Ms. Potucek's hiring record contradicts Plaintiff's sex discrimination claim, as it reflects that she selected females to fill two other vacancies that she made in the prior two years.  See Potucek Supp. Aff. II (Ex. 24) and Candidate Selection Recommendation Forms attached.  This record is not consistent with the actions of someone who discriminates against females.  Nor does Ms. Potucek's formidable background in terms of the diverse and high ranking HR and EEO related positions that she has held support this theory.  See Potucek Deposition I (Ex. 19) at 30- 43.

11

1996).  Even if Plaintiff establishes that one qualified candidate is passed over in favor of another qualified candidate of a different racial or gender group, "that fact alone is not enough to get to a jury on a claim of discrimination."  <u>Sussman</u>, 39 F. Supp. 2d at 20.

Plaintiff has attempted to buttress her self-serving statements that she was more qualified than the selectee with the assertions that (1) she previously supervised the selectee and has more years of experience, (2) she previously encumbered the position, and (3) she previously trained the individual who encumbered the position.  However, none of these factors establish that she was more qualified than the selectee.  It was years ago, some time between 1992 and 1996, that she supervised the selectee.  Moreover, in Ms. Potucek's opinion, "the job ha[d] changed substantially because of the evolution of information technology requirements."  Potucek Aff. (Ex. 18) at 3; <u>see also</u> Potucek Dep. II (Ex. 20) at 63.  Although Plaintiff's resume states that she trained management and other personnel specialists on the PERFORM appraisal system, the Agency stopped using that system years ago.  <u>See</u> CJ Dep. (Ex. 9) at 117-118, 129; Potucek Supp. Aff. II (Ex. 24) at 3.

Even Plaintiff herself acknowledged that she has no real knowledge of what work the selectee performed after 1996 when she no longer supervised him.  CJ Dep. (Ex. 9) at 84-85. Significantly, that leaves an approximately eight year period (between 1996 and the 2004 selection) for which Plaintiff does not know what the selectee has been doing.   Therefore, she is hardly in a position to compare their respective experiences and skill sets during the more recent, and therefore more relevant, time period.  Rather than fact, the comparisons she offers are based on assumptions and sheer speculation regarding what skill sets he may or may not have been developing during this time frame.  Plaintiff's lack of knowledge is in striking contrast to Ms.

12

Potucek's more recent experience working with Mr. Little, during which she was able to personally observe his skills and abilities.

It is also appropriate to consider the recency of a candidate's job experience when making a hiring decision.  See Sack v. Bentsen, 51 F.3d 264 (1st Cir. 1995), at *4 (considering recency does not establish pretext, as recency of education or experience is analytically distinct from using age as a factor in assessing candidates).  See also Brown v. McDonnell Douglas Corp. 1133 F.3d 139 (8th Cir. 1997).  Similarly, Ms. Potucek appropriately considered Mr. Little's recently demonstrated skills and abilities in making her selection.

In sum, absolutely nothing Plaintiff offers regarding her prior experience and qualifications constitutes evidence sufficient to raise a triable issue of pretext.  Defendant has presented a number of compelling legitimate nondiscriminatory reasons for its decision to select Mr. Little for the position.  Any of these reasons standing alone would be sufficient to overcome Plaintiff's pretext arguments.  In order to preclude summary judgment, Plaintiff must show that "a reasonable jury could conclude from all of the evidence that the adverse employment decision was made for a discriminatory reason."  Lathram v. Snow, 336 F.3d 1085, 1088 (D.C. Cir. 2003).  Plaintiff, however, has adduced no evidence which would support a claim that Defendant's stated reasons for the selection of Mr. Little were pretextual.  See Tenyck, 365 F.3d at 1151.  In the absence of record evidence rebutting the Agency's legitimate, nondiscriminatory reasons for selecting Mr. Little, Plaintiff has failed to satisfy her burden to defeat summary judgment for the Agency.

**B.    Defendant is Entitled to Summary Judgment on Plaintiff's Retaliation Claim.**

In her Complaint, Plaintiff also alleges that her nonselection was the result of retaliation.

13

To establish a prima facie case of retaliation, a plaintiff must show that:  (1) she engaged in activity protected by Title VII; (2) her employer took an adverse personnel action against her; and (3) a causal connection between the two exists.  Woodruff v. Peters, 482 F.3d 521, 529 (D.C. Cir. 2007);  Holbrook v. Reno, 196 F.3d 255, 263 (D.C. Cir. 1999).  To demonstrate a causal connection between the protected activity and the adverse action, the plaintiff must show that defendant "had knowledge of [her] protected activity, and that the adverse personnel action took place shortly after that activity."  Id. (quoting Mitchell v. Baldridge, 759 F.2d 80, 86 (D.C. Cir. 1985)).

As an initial and decisive matter, Plaintiff has failed to show that those actively involved in the selection decision had any knowledge of her prior EEO activity.  There is no evidence of record that either member of the interviewing panel had any knowledge of Plaintiff's prior EEO activity.  See Boosinger Aff. (Ex. 2) at 1.  The selecting official, Ms. Potucek, also stated that at no time during the selection decision at issue, did she have knowledge of Plaintiff's prior EEO complaints.  Potucek Aff. (Ex. 18) at 1.

Additionally, the Plaintiff cannot establish the causation element with respect to any of her EEO complaints that she filed prior to 2004 because they are too remote in time to support a claim of retaliation involving a non-selection in the fall of 2004.  See Mayers v. Laborers' Health & Safety Fund of North America, 478 F.3d 364, 369 (D.C. Cir. 2007) (8-9 month gap between final protected activity and adverse action was "far too long"); cf. Woodruff, 482 F.3d 521, 529 (D.C. Cir. 2007) (less than a month between protected activity and alleged retaliatory action sufficient).  Although she had filed a prior EEO complaint on August 20, 2004 (which serves as the basis for her race and age discrimination claims in Civil Action No. 06-314, which is pending

14

before this Court), it is undisputed that Ms. Potucek, Ms. Boosinger and Ms. Campbell were not involved in any way with this unrelated nonselection.

Even assuming that Plaintiff was able to establish a *prima facie* case of retaliation, Plaintiff has failed to meet her burden to adduce evidence that Defendant's legitimate, non-discriminatory reasons for not selecting her were a pretext for discrimination. See discussion above in sections IV.A.2 and IV.A.3, which applies with equal force both to Plaintiff's discrimination claims and to her retaliation claim. Accordingly, Defendant's request for summary judgment as to Plaintiff's retaliation claim should be granted.

## V.  CONCLUSION

Plaintiff was disappointed when she learned that she was not selected for a position for which she thought she was the best qualified candidate. However, after full and ample opportunity for discovery, Plaintiff has been unable to show that unlawful factors played any part in her nonselection. Accordingly, for the reasons set forth above, Defendant respectfully requests that the Court grant this Motion for Summary Judgment in its entirety, and dismiss this matter with prejudice. A proposed order granting the relief requested is attached.

Respectfully submitted,

*/s/ William S. Jones*
_____
William S. Jones
Georgia Bar No. 404288
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6006)
Arlington, VA 22226
(703) 562-2362
(703) 562-2482 (Fax)

15

Patricia Davison-Lewis
D.C. Bar No. 414378
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6010)
Arlington, VA 22226
(703) 562-2315
(703) 562-2482 (Fax)


Attorneys for Defendant


Dated: February 1, 2008

16