# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DOROTHY CHAPPELL-JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHEILA M. BAIR, ) <br> Chairman, ) <br> Federal Deposit Insurance Corporation, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 06-cv-01074-RCL |

## DEFENDANT'S LOCAL RULE 7(h) STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENIUNE ISSUE

Pursuant to Fed. R. Civ. P. 56(c) and Local Rule 7(h), Defendant Shelia C. Bair, in her official capacity as Chairman of the Federal Deposit Insurance Corporation ("FDIC"), hereby respectfully submits the following Statement of Material Facts Not in Dispute.[1]

1. Dorothy Chappell-Johnson ("Plaintiff" or "CJ") is currently a CG-9 Human Resources Specialist (Benefits) employed by the Federal Deposit Insurance Corporation ("FDIC" or "Agency") in its Division of Administration ("DOA") in Arlington, Virginia. Complaint ¶4 at 2; CJ Deposition ("Dep.") (Ex. 9) at 33.

2. At the time of the selection at issue in this case, Plaintiff was employed as a Human Resources Specialist, CG-201-9, in the Division of Administration. Final Agency Decision (Ex. 12) at 2.

---

[1] The corresponding exhibit numbers for each document cited herein are set forth in the Table of Exhibits found in Defendant's Memorandum, at iv-v.

3. On August 24, 2004, the Human Resources Specialist (Info Sys & Compensation) CG-201-07/09/11 position at issue was advertised under Vacancy Announcement Number 2004-HQ-2637. Vacancy Announcement (Ex. 30); CJ Aff. (Ex. 7) at 1. Plaintiff applied for the position. Id.

4. Under the FDIC's Merit Promotion Plan, the Agency's Human Resources Division evaluated all applications for the position and created a roster of applicants who met the basic qualifications for the position. The Merit Promotion Roster listed six qualified applicants, including Plaintiff. Potucek Dep. II (Ex. 20) at 122; Merit Promotion Roster (Ex. 15).

5. Lorinda Potucek, the Human Resources ("HR") Officer for Operations, was the Selecting Official ("SO") for the position. Potucek Supp. Aff. II (Ex. 24) at 1.

6. Before making a selection, Potucek chose to convene a panel to interview and evaluate the candidates in compliance with the Conanan Consent Decree and the FDIC Structured Interview – Guidance for Interviewers and Selecting Officials July 2003 ("Structured Interview Guidelines") also referred to as ("Agency's Best Business Practices"). See Ex. 13; see also Potucek Dep. II (Ex. 20) at 112-113.

7. Ms. Potucek asked Susan Boosinger, an employee outside her chain of command, and her direct report Jo Rita Campbell (who has since retired from the FDIC) to serve as the panel. Potucek Dep. I (Ex. 19) at 44; Campbell Aff. (Ex. 5) at 1; Boosinger Aff. (Ex. 2) at 1.

8. This two-person panel interviewed and evaluated all of the candidates on the roster using the FDIC's structured interview procedures. They then gave their recommendations to Ms. Potucek. Potucek Dep. II (Ex. 20) at 124; Boosinger Dep. (Ex. 3) at 66; Boosinger Aff. (Ex. 2) at 1.

9. Pursuant to structured interview procedures, each candidate was asked the same questions. Boosinger Aff. (Ex. 2) at 2; Structured Interview Questions (Ex. 28).

10. The questions were drafted to allow each candidate to demonstrate skills and abilities set forth in the vacancy announcement. Boosinger Aff. (Ex. 2) at 2.

11. Following the interviews, each candidate's interview responses were rated and assigned a cumulative score. Id. The panelists then shared their assessments, interview notes, and rankings of the candidates with Ms. Potucek. Potucek Supp. Aff. II (Ex. 24) at 1; Potucek Dep. II (Ex. 20) at 177.

12. Based on their evaluations of the responses to the structured interview questions asked of all the candidates, the two interviewers on the structured interview panel concluded that Roger Little was one of the two top candidates and that plaintiff was not. Boosinger Aff. (Ex.2) at 2; Campbell Aff (Ex. 5) at 1.

13. The Panel recommended two individuals, Roger Little and Paula Foreman, as the top contenders, whom they considered "tied for first place." Potucek Dep. II (Ex. 20) at 124.

14. Ultimately, Ms. Potucek selected Mr. Little for the position at the CG-7 level. Boosinger Aff. (Ex. 2) at 2; Candidate Selection Recommendation (Ex. 6); Merit Promotion Roster (Ex. 15).

15. In making the selection, Ms. Potucek relied on the evaluations and recommendations of the interviewers, Ms. Boosinger and Ms. Campbell, that Mr. Little and Ms. Foreman were the two top candidates. Potucek Supp. Aff. (Ex. 23) at 1; Potucek Dep. II (Ex. 20) at 177.

16. After the panel recommended Roger Little and Paula Foreman as the two top candidates for further consideration, Ms. Potucek also took into account her personal knowledge regarding Mr. Little and her favorable impressions regarding the work that he had demonstrated

when he had previously worked under her supervision.  See Potucek Aff. (Ex. 18) at 2; Potucek Dep. II (Ex. 20) at 123, 146.

17.  Plaintiff was interviewed exactly as everyone else on the merit promotion roster was, but was not referred to the selecting official as one of the top candidates.  After the interviewers referred Mr. Little and Ms. Foreman to the selecting official as the two top candidates, Ms. Potucek determined that between the two candidates who were referred, Mr. Little possessed more impressive, relevant, and recent experience for the position being filled.  See Boosinger Aff. (Ex. 2) at 2; Campbell Aff. (Ex. 5) at 1; Potucek Dep. II (Ex. 20) at 171.

18.  Although Plaintiff's resume states that she trained management and other personnel specialists on the PERFORM appraisal system, the Agency stopped using that system years ago.  See CJ Dep. (Ex. 9) at 117-118, 129; Potucek Supp. Aff. II (Ex. 24) at 3.

19.  Plaintiff has no real knowledge of what work the selectee performed after 1996.  CJ Dep. (Ex. 9) at 84-85.

20.  No member of the interviewing panel had any knowledge of Plaintiff's prior EEO activity.  See Boosinger Aff. (Ex. 2) at 1.

21.  The selecting official, Ms. Potucek, had no knowledge of Plaintiff's prior EEO complaints during the selection decision at issue.  Potucek Aff. (Ex. 18) at 1.

22.  Neither Ms. Boosinger, Ms. Campbell, nor Ms. Potucek had any involvement in the decision-making process underlying Plaintiff's other nonselection claim pending before this Court in Civil Action No. 06-314-RCL, for which she filed an EEO complaint on August 20, 2004.  See Complaint, Civil Action No. 06-314-RCL; Plaintiff's Opposition to Defendant's Motion for Summary Judgment, filed 9/24/07.

Respectfully submitted,

*/s/ William S. Jones*

_____
William S. Jones
Georgia Bar No. 404288
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6006)
Arlington, VA 22226
(703) 562-2362
(703) 562-2482 (Fax)

Patricia Davison-Lewis
D.C. Bar No. 414378
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6010)
Arlington, VA 22226
(703) 562-2315
(703) 562-2482 (Fax)


Attorneys for Defendant

Dated: February 1, 2008