# **EXHIBIT 1**

**(Acceptance of Formal Discrimination Complaint)**

3501 N. Fairfax Drive (Room 801) Arlington, VA 22226-3500  Federal Deposit Insurance Corporation  Office of Diversity and Economic Opportunity

Case 1:... Document 17-4  Filed 02/01/2008  Page 2 of 10  EXHIBIT C1

April 28, 2005

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
# 7099 3400 0006 4368 5299

Dorothy Chappell-Johnson
901 Falls Lake Drive
Mitchellville, MD 20721

       Complainant:  Dorothy Chappell-Johnson
       Agency Docket No.: FDICEO-050017
       Date Filed:  April 12, 2005

Subject: Acceptance of Formal Discrimination Complaint

Dear Ms. Chappell-Johnson:

This is regarding the formal discrimination complaint filed by Dorothy Chappell-Johnson (Complainant) against the Federal Deposit Insurance Corporation (FDIC or Agency) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, and the Age Discrimination in Employment Act (ADEA) of 1967, as amended, 29 U.S.C. § 633a.

Complainant's formal complaint, dated April 12, 2005, was postmarked on April 12, 2005, and is deemed filed on that date.

Complainant initially contacted an Equal Employment Opportunity (EEO) Counselor on December 17, 2004, alleging discrimination involving the Division of Administration, Human Resources Branch, Washington, DC. Complainant elected to mediate the claim raised, but the mediation was not successful. On March 17, 2005, Complainant was issued a Notice of Right to File a Formal Discrimination Complaint (NRTF). The NRTF advised Complainant of the procedures and time limit for filing a formal complaint.

Based on Complainant's formal complaint and the enclosed EEO Counselor's Report, the following claim is accepted for investigation:

> Whether Complainant was discriminated against on the bases of age (DOB: November 24, 1945) and reprisal (prior EEO activity) when she was not selected for the Human Resources Specialist (Compensation), CG-0201-07/09/11, position advertised under Vacancy Announcement Number 2004-HQ-2637. She learned that she was not selected on November 3, 2004.

If the above-identified claim is incorrect, please inform Leonard J. Levy, Senior EEO Specialist, of the claim(s) Complainant is alleging to be discriminatory, as well as the relevant date(s). This

information must be provided, in writing, within five (5) calendar days of Complainant's receipt of this letter to Mr. Levy at the address provided below. If this Office does not receive a written reply within five (5) calendar days of receipt of this letter, the above-identified claims will be forwarded for investigation.

All correspondence regarding this complaint must include the Agency Docket Number FDICEO-050017 and the date filed, April 12, 2005. This information will assist us in responding promptly. Correspondence forwarded to this Office by regular and certified mail should be addressed in the format indicated below:

> FEDERAL DEPOSIT INSURANCE CORPORATION
> OFFICE OF DIVERSITY AND ECONOMIC OPPORTUNITY
> COMPLAINTS PROCESSING BRANCH
> ATTN: LEONARD J. LEVY, SENIOR EEO SPECIALIST
> 3501 NORTH FAIRFAX DRIVE (ROOM 801-1225)
> ARLINGTON, VA 22226-3500

Overnight and express mail and hand-deliveries should be to:

> FEDERAL DEPOSIT INSURANCE CORPORATION
> OFFICE OF DIVERSITY AND ECONOMIC OPPORTUNITY
> COMPLAINTS PROCESSING BRANCH
> ATTN: LEONARD J. LEVY, SENIOR EEO SPECIALIST
> 801 17TH STREET, NW (ROOM 1225)
> WASHINGTON, DC 20434

Due to the delays experienced by the Agency with receiving mail sent through the U.S. Postal Service, in addition to mailing any correspondence, a copy may also be sent by facsimile transmission to Leonard J. Levy at (202) 416-4295.

Complainant will be notified of the investigator assigned to conduct the investigation. If evidence obtained during the investigation indicates that dismissal of a claim is appropriate, all decisions will be made in accordance with the U.S. Equal Employment Opportunity Commission (EEOC) regulations at 29 C.F.R. § 1614.107. If a hearing is requested at the conclusion of the investigation of the accepted claim(s), an Administrative Judge appointed by the EEOC may review the dismissed claim(s). However, there is no immediate right to appeal the dismissed claim. Any partial dismissal may not be appealed until final agency action is rendered by the Agency on all the claims. 29 C.F.R. § 1614.107(b). A final agency action is either a Final Agency Order (if there is a hearing) or a Final Agency Decision (if no hearing is held). A complaint that is dismissed in its entirety may be appealed after a Final Agency Decision is issued. Complainant will be provided appeal rights with the final agency action.

Pursuant to the EEOC regulations at 29 C.F.R. § 1614.108, a copy of the Report of Investigation (ROI) is to be forwarded to Complainant within 180 calendar days of the date that Complainant

filed the formal complaint, unless there is a written agreement to an extension. Prior to receipt of the ROI, Complainant may amend this complaint to add claims that are like or related to the claim(s) raised in this complaint. 29 C.F.R. § 1614.106(d). There is no requirement that Complainant seek EEO counseling on these new claims. However, if the new claim is not like or related, then Complainant will be referred to an EEO counselor. Complainant must submit any new claim(s) to this Office to the address indicated above.

At the time the ROI is transmitted, a Notice about participating in the FDIC's EEO Mediation Program and the Right to Request a final agency action with or without a hearing will be provided. Complainant may elect to participate in the FDIC's EEO Mediation Program or request a hearing before an Administrative Judge appointed by the EEOC or request a Final Agency Decision without a hearing to be issued by Donald E. Powell, Chairman, FDIC, or his designee. The Notice will provide detailed information relating to the procedures and time limits imposed for making the election and requests.

The EEOC regulations also provide that if 180 calendar days have elapsed from the filing date of the formal complaint, and a copy of the ROI has not been received, then Complainant may request a hearing before an Administrative Judge appointed by the EEOC, or may file an action in federal district court. Unless this Office receives written notification from Complainant that one of these options is being exercised, this Office will continue processing this complaint.

When 180 calendar days have elapsed from the filing date of the formal complaint, and Complainant requests a hearing, Complainant must send the written request directly to the U.S. EEOC Washington Field Office to:

> U.S. Equal Employment Opportunity Commission
> Hearings Unit
> Washington Field Office
> 1801 L Street, NW
> Washington, DC 20507

Complainant must certify that a copy of the request for a hearing was also sent to the FDIC to Leonard J. Levy, Senior EEO Specialist, Complaints Processing Branch, at the FDIC address indicated above.

If there are any questions, please contact Leonard J. Levy, Senior EEO Specialist, at (202) 416-2834 or me at (202) 416-2148.

Sincerely,

*for* Susan L. Berman
Deputy Chief, Complaints Processing Branch

# **EXHIBIT 2**

**(Boosinger Affidavit)**

**AFFIDAVIT**

**WASHINGTON, DC**

I, Susan E. Boosinger (DOB: 7/31/48, no EEO complaint activity), Senior Human Resources Specialist, CG-14, WorkLife Program, Human Resources Benefits Programs, Human Resources Benefits, make the following statement freely and voluntarily to Charlester Williams, who has identified himself to me as a Contract EEO Investigator for the following federal agency: FDIC, investigating a complaint of discrimination filed by Chappell-Johnson, knowing that this statement may be used in evidence. I understand that this statement is not confidential and may be shown to the interested parties (those with a legal right to know). I solemnly swear or affirm the following:

Q. Were you involved in the selection at issue and if so please explain?

A. I served as a member of the two-person evaluation team for the selection process for Vacancy Announcement 2004-HQ-2637. Lorinda Potucek convened the panel for the purpose of evaluating the candidates and making a recommendation for selection. As part of our evaluation process, the panel reviewed the applications of the candidates and interviewed them as well. We then made our recommendation as to who we believed to be the strongest candidate worthy of selection. Our selection was accepted by the Selecting Official. Ms. Portucek in convening the panel did not expressed any preference for any candidate. She only instructed the panel to evaluate the candidates and recommend the strongest one. No one else expressed a preference for any candidate.

Q. Was the Complainant referred to the evaluation panel and if so was she recommended for selection by your panel

The Complainant was amongst the group of candidates that was referred to us for evaluation. We did not recommend her for selection and our not doing so had nothing to do with her age, sex, or prior EEO complaint activity, of which I was not aware at the time of my involvement in the selection process. I do not recall seeing anything relative to the Complainant's age in her application, and if it was there it certainly played no part in my assessment of her qualifications. At no time during the panel's deliberations did age or matters of retirement come up. As stated, I was

Page 1 of 12
Initials

not aware of the Complainant's protected EEO activity. I am not a supervisor and I do not serve in the Complainant's supervisory chain. I do not know the Complainant personally, but I believe she serves as the timekeeper for Human Resources Benefits Programs. Since I am not a manager, I would have no reason to know about the Complainant's EEO complaint activity. No one ever made me aware of such matters until I met with the EEO Investigator on this particular complaint.

As stated, the panel's decision not to recommend the Complainant had nothing to do with her protected EEO groups. She was not recommended because she was not the best qualified candidate in our opinion. Roger Little was determined to be the best qualified for the position and we based this determination on the candidates' responses to the interview questions.

Q. Before you go on, please explain the interview process, that is were all the candidates referred to the panel interviewed and was everyone asked the same interview questions. How did the Complainant and the Selectee measure up against one another with regard to their communication skills?

Each candidate who was referred to the panel was interviewed. They all were asked the same questions, questions that were based on the vacancy announcement and the position description. The candidates responses' were assigned a score and then a cumulative score was reached. The person with the highest cumulative score was selected, which was Mr. Little. It has been some time since the interviews but I do recollect that Mr. Little was very articulate, thorough and polished in his responses. He had outstanding oral communication skills. The Complainant's oral communication skills were average. She was very pleasant but did not appear to organize and communicate her thoughts in an orderly fashion. Her interview was okay. She without doubt did not exemplify the communication skills that the Selectee did.

Page 2 of 12
Initials

I have read this statement, consisting of __2__ pages, and it is true, complete, and correct to the best of my knowledge and belief.

X _Susan C. Bopsinger_
       **Signature of Affiant**

_August 2, 2005_
       **Date**

Signed and sworn to before me

on this __2__ day of ___8___, 200_5_,

at _____.

_____
**Neutral witness, notary, or Investigator**

**Page 3 of 32**
**Initials**

*PRIVACY ACT NOTICE TO EEO COMPLAINT INTERVIEW WITNESSES*
*(OTHER THAN COMPLAINANT)*
*FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW*

## GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

## AUTHORITY

The authority to collect the information requested by affidavit, statement or other type of testimony is derived from one or more of the following: Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1613/1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

## PURPOSES AND USES

The information you supply will be used along with data you supplied previously and information developed by investigation to resolve your equal employment opportunity discrimination complaint. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve your equal employment opportunity discrimination complaint. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to Equal Employment Opportunity Commission activities, or to others for uses as published in the Federal Register.

## EFFECTS OF NON-DISCLOSURE

Disclosure of the information sought is voluntary; however, failure to furnish the information will result in a direction by the head of the agency, or his/her designated representative, to produce or provide such information as is available. Failure to provide the information at that time may result in the initiation of disciplinary proceedings against you up to and including removal. Applicants in such cases may be refused employment. Disclosure of information by present or prospective Government contractors is also voluntary, although failure to furnish the above requested information where the contract so provides may result in administrative sanctions, including disqualification to enter into a contract or termination of an existing contract.

_____    X_____
Signature of Interviewer           Signature of Affiant

_____8/8/05_____      ____August 2, 2005_____
Date                                         Date

**Page 14 of 32**
**Initials**

**FDIC**

**Federal Deposit Insurance Corporation**
3601 N. Fairfax Drive (Room 801-1231), Arlington, VA 22226-3500

Office of Diversity and Economic Opportunity

## NOTICE OF RIGHTS OF WITNESSES IN EEO INVESTIGATIONS

Pursuant to the provisions at 29 C.F.R. §1614.108, federal agencies are required to investigate all aspects of discrimination complaints. The investigation shall include a thorough review of the circumstances under which the alleged discrimination occurred, and the treatment of members of the complainant's protected group(s) as compared with the treatment of other employees in the organizational segment in which the complaint arose.

All employees having any knowledge of the matter complained of are required to cooperate with the investigator who is conducting the investigation. The investigator is authorized to administer oaths and require that statements of witnesses be reduced to an affidavit. The witness must swear to or affirm to the truth of the statements before the investigator or a third party, without a pledge of confidentiality. The investigator is also authorized to obtain copies of relevant employment records, policy statements, and regulations.

As a witness, you have the following rights:

1. To be provided a Notice of Authorization that identifies the investigator and explains the investigator's authority and responsibility in the conducting the investigation.

2. To have a representative present at any meeting/discussion with the investigator. The representative can advise you on how to respond to the investigator, but cannot respond for you.

3. To receive sufficient information concerning the claim(s) and basis(es) of the complaint and circumstances under which the complaint arose in order for you to accurately respond to the questions posed by the investigator.

4. To be provided access to documents you previously prepared or had access to, if they are necessary for you to review in order to respond to questions posed by the investigator.

5. To review your affidavit and make corrections or other changes prior to signing the affidavit.

I HAVE READ AND UNDERSTAND MY RIGHTS AS A WITNESS IN EEO INVESTIGATIONS.

WITNESS: _Susan Bopinger_ (signature)    DATE: 8/10/2005