# **EXHIBIT 4**

**(Boosinger Errata Sheet)**

# ERRATA

In Re: <u>Dorothy Chappell-Johnson</u>    v.    <u>Martin J. Gruenberg</u>

Case No. <u>06-1074 (RCL)</u>    Date Taken: <u>November 16, 2007</u>

Deposition Of: <u>Susan Boosinger</u>

I hereby certify I have read my deposition and that it is accurate with correction listed below:

| PAGE | LINE | AS TRANSCRIBED | CHANGE TO |
|------|------|----------------|-----------|
| 14 | 1 | supervisor was Nelly Bertram. | supervisor was Nelly Bertran. |
| 14 | 3 | --Bertram, B-e-r-t-r-a-m. | --Bertran, B-e-r-t-r-a-n. |
| 18 | 21 | Twenty years last month. | Twenty years last February. |
| 20 | 3 | For a two-month period, the end of 2004, | For a two-month period, the end of 2003, through early 2004, |
| 20 | 16 | And that was prior to Nelly Bertram? | And that was prior to Nelly Bertran? |
| 39 | 1 | For a 60-day period. | For a 90-day period. |
| 39 | 4 | That's correct. | That's correct. Paid for 90, served until new assistant director was hired. |
| 87 | 13 | did have some conversations with Mr. Troster, or | did have some conversations with Mr. Charlester Williams, or |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Deponent
Signature: *Susan Boosinger*    Date: *12-19-2007*

# **EXHIBIT 5**

**(Campbell Affidavit)**

EXHIBIT F5

~~AFFIDAVIT~~

**WASHINGTON, DC**

I, Jo Rita Campbell (DOB: 12/19/50, female, no EEO complaint activity), ~~Conanan Consent Decree Compliance Officer and Headquarters Human Resources Officer for Operations, CM-1,~~ make the following statement freely and voluntarily to Charlester Williams, who has identified himself to me as a Contract EEO Investigator for the following federal agency: FDIC, investigating a complaint of discrimination filed by, knowing that this statement may be used in evidence. I understand that this statement is not confidential and may be shown to the interested parties (those with a legal right to know). I solemnly swear or affirm the following:

Q.  What was your involvement in the selection at issue?

A.  I served as one of the panelist on the two member interview panel.

Q.  Can you speak to the rankings of the Selectee and the Complainant in the interview process. Who had the strongest interview. Who exemplified the strongest communication skills

A. The Selecte was ranked the highest out of all of the candidates interviewed. He was very articulate and very detailed in laying out his work experience. He exhibited excellent communications skills. The Complainant was not ranked as high as the Selectee as it relates to the interview process. She was not as articulate as the Selectee even though she gave good responses. The interview panel recommended that the Selectee be given selection consideration based on his performance during the interview process.

I have read this statement, consisting of __2__ pages, and it is true, complete, and correct to the best of my knowledge and belief.

X _Rita Campbell_
**Signature of Affiant**

_08 - 02 - 05_
**Date**

Signed and sworn to before me

on this _2_ day of _8_ , 2005,

at _DC_ .

_____
**Neutral witness, notary, or Investigator**



*PRIVACY ACT NOTICE TO EEO COMPLAINT INTERVIEW WITNESSES*
*(OTHER THAN COMPLAINANT)*
*FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW*

### GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

### AUTHORITY

The authority to collect the information requested by affidavit, statement or other type of testimony is derived from one or more of the following: Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1613/1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

### PURPOSES AND USES

The information you supply will be used along with data you supplied previously and information developed by investigation to resolve your equal employment opportunity discrimination complaint. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve your equal employment opportunity discrimination complaint. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to Equal Employment Opportunity Commission activities, or to others for uses as published in the Federal Register.

### EFFECTS OF NON-DISCLOSURE

Disclosure of the information sought is voluntary; however, failure to furnish the information will result in a direction by the head of the agency, or his/her designated representative, to produce or provide such information as is available. Failure to provide the information at that time may result in the initiation of disciplinary proceedings against you up to and including removal. Applicants in such cases may be refused employment. Disclosure of information by present or prospective Government contractors is also voluntary, although failure to furnish the above requested information where the contract so provides may result in administrative sanctions, including disqualification to enter into a contract or termination of an existing contract.

_____          X _____
Signature of Interviewer              Signature of Affiant

_____08ᵗ 02-05_____          ____08-02-05____
Date                                         Date

**Page 3 of 35**
**Initials**

**FDIC**

**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive (Room 801-1231), Arlington, VA 22226-3500  Office of Diversity and Economic Opportunity

## NOTICE OF RIGHTS OF WITNESSES
### IN
### EEO INVESTIGATIONS

Pursuant to the provisions at 29 C.F.R. §1614.108, federal agencies are required to investigate all aspects of discrimination complaints. The investigation shall include a thorough review of the circumstances under which the alleged discrimination occurred, and the treatment of members of the complainant's protected group(s) as compared with the treatment of other employees in the organizational segment in which the complaint arose.

All employees having any knowledge of the matter complained of are required to cooperate with the investigator who is conducting the investigation. The investigator is authorized to administer oaths and require that statements of witnesses be reduced to an affidavit. The witness must swear to or affirm to the truth of the statements before the investigator or a third party, without a pledge of confidentiality. The investigator is also authorized to obtain copies of relevant employment records, policy statements, and regulations.

As a witness, you have the following rights:

1. To be provided a Notice of Authorization that identifies the investigator and explains the investigator's authority and responsibility in the conducting the investigation.

2. To have a representative present at any meeting/discussion with the investigator. The representative can advise you on how to respond to the investigator, but cannot respond for you.

3. To receive sufficient information concerning the claim(s) and basis(es) of the complaint and circumstances under which the complaint arose in order for you to accurately respond to the questions posed by the investigator.

4. To be provided access to documents you previously prepared or had access to, if they are necessary for you to review in order to respond to questions posed by the investigator.

5. To review your affidavit and make corrections or other changes prior to signing the affidavit.

I HAVE READ AND UNDERSTAND MY RIGHTS AS A WITNESS IN EEO INVESTIGATIONS.

WITNESS: _Rita Campbell_ DATE: _08-10-05_

**EXHIBIT 6**

**(Candidate Selection Recommendation)**

**EXHIBIT G2d**

Federal Deposit Insurance Corporation
# CANDIDATE SELECTION RECOMMENDATION

**INSTRUCTIONS:** Please review the guidance on appropriate documentation prior to completing this form.

1. The Selecting Official completes a separate form for each candidate selected and retains a photocopy with your selection interview file.
2. The Selecting Official includes the completed form(s) with the case file (rosters, applications, etc.) and transmits to the Approving Official for final decision. The Approving Official indicates decision(s) on rosters, not on this form.
3. The Approving Official returns this form with the complete file to the servicing Human Resources Officer for concurrence.

### SECTION I – POSITION INFORMATION

| Position Title/Series/Grade | Vacancy Announcement Number |
|---|---|
| HR Specialist, CG-201-7/9/11 | 2004-HQ-2637 |

### SECTION II – SELECTION INFORMATION

| Name of Candidate Selected | Grade Level for Proposed Selection |
|---|---|
| Roger Little | CG-7 |
| Duty Location for Proposed Selection | Recommended Start Date |
| Washington, D.C. | ASAP |

### SECTION III - JUSTIFICATION

Selection of the candidate named above is based on criteria set forth in the vacancy announcement as follows:

Roger is currently a HR Assistant, GS-7 providing services to DOA and DOF, and has responsibilities for supporting HR Specialist in the areas of applying federal laws and regulations in the administration of personnel actions pertaining to position classification and position management, recruitment and staffing to resolve HR issues. He has extensive experience as a Payroll/Personnel Systems Assistant with the responsibility of creating Excel spreadsheets and MS Access databases to calculate pay data for backpay cases, reimbursable details, Category II details, life insurance taxable Cost, promotion pay setting, annual pay adjustment, federal and state taxes, employees part-time status pay, NFC bills to employees, military re-deposits, and various tracking systems. He has acquired excellent skills in oral and written communications responding to inquiries from employees and managers, and has excellent customer service skills. He has experience with HR systems including NFC, CHRIS, EPIC and CERTS. Roger has taken several training courses related to the HR area continuing to stay abreast of the changes within the HR arena.

Roger's experience as a Payroll/Personnel Assistant provides him with an excellent background and wealth of experience for the HR Specialist (Information Systems & Compensation) position.

### SECTION IV – SIGNATURE OF SELECTING OFFICIAL

Form Prepared By:

| Name *(Print or Type)* | Title |
|---|---|
| Lorinda Potucek | Human Resource Officer, Headquarters Operations |

Telephone Number of Selecting Official

202-942-3048

| Signature | Date |
|---|---|
| *Lorinda Potucek* | 10/27/04 |
| Signature of Concurring Human Resources Officer    *Shirley Y. Purnell  Asst. Dir., HR Service Ctr* | 10/27/04 |

FDIC 2100/13 (4-03)

# **EXHIBIT 7**

**(Chappell Johnson Affidavit)**

**AFFIDAVIT**

**WASHINGTON, DC**

I, Dorothy Chappell-Johnson (female: DOB: 11/24/45 (age: 58), prior EEO complaint activity), Human Resources Specialist, CG-9, The Benefits Center, Human Resources Branch, Division of Administration, FDIC, make the following statement freely and voluntarily to Charlester Williams, who has identified himself to me as a Contract EEO Investigator for the following federal agency: FDIC, investigating a complaint of discrimination filed by Chappell-Johnson, knowing that this statement may be used in evidence. I understand that this statement is not confidential and may be shown to the interested parties (those with a legal right to know). I solemnly swear or affirm the following:

Q.  Did you apply for the position at issue and were you selected?

A.  I applied for the position of Human Resources Specialist (Compensation), GS-7/9/11, advertised under Vacancy Announcement 2004-HQ-2637. I made the BQ List, but I was not selected for the position. I believe my nonselection was based on my age, sex, and reprisal.

Q.  Were you better qualified for the subject position than the person selected

A.  I was better qualified for the subject position than the person selected because I previously served in the announced position at the CG-11 level for about three to four years. Indeed, I was the Selectee's supervisor when I served in the position at the grade 11 level. I had performed all of the functions that were required by way of the vacancy announcement. The selectee had not. For instance, the position asked for experience in child support, alimony, and garnishments. The incumbent is responsible for receiving alimony data and child support collection data from the courts, as well as garnishment information and orders from the IRS and other sources. The incumbent is required to inform the FDIC employees that the child support, garnishment, or alimony actions are about to take place against the employee. Thus, the candidates for the announced position had to have the necessary experience in inputting this data into the database systems and in

working with the employees on a professional basis
regarding such delicate matters. As stated I had this skill
set and experience from having performed these exact duties
in the announced position while the Selectee did not have
this experience.

I believe I was better qualified than the Selectee also in
the requirement of "assistance to employees and
administrative staff on personnel procedures and
processes." The reason why this requirement or skill set
was in the announcement is because the incumbent is
required to explain personnel procedures and processes to
employees and upper management. I had stronger skills in
this area than the Selectee because I was responsible for
training numerous employees and administrative staff on
personnel procedures while serving in the announced
position. The Selectee did not have the level of training
experience that I had, and I know this because, as stated,
I served as his supervisor.

Q.   What leads you to believe your  sex was a factor in
your nonselection?

A.   I am led to believe my sex was a factor in my
nonselection because a lesser qualified male was selected
for the position.

Q.   What leads you to believe your age was a factor in
your nonselection?

A.   I am led to believe my age was a factor because I was
the oldest candidate referred on the BQ List for the
position.

Q.   What leads you to believe your  prior EEO complaint
activity was a factor in your nonselection?

A.   I had previously filed two other formal EEO
complaints. One in 1998 and one on 2004. None of the
managers or persons involved in this selection process were
named as alleged discriminating officials in my prior
matters. But they were aware of my prior EEO complaint
filings. Through general conversation I had informed
Lorinda Potucek about my prior EEO activity. She served as
the selecting official. I believe she viewed my EEO
activity as a potential problem and saw me as a
troublemaker.

I have read this statement, consisting of ___3___ pages, and it is true, complete, and correct to the best of my knowledge and belief.

X _Dorothy Chappell-Johnson_
**Signature of Affiant**

_August 5, 2005_
**Date**

Signed and sworn to before me

on this _6th_ day of _August_, ~~2004~~, _2005_

at _Upper Marlboro, Maryland_.

_____
**Neutral witness, notary, or Investigator**

GEORGE E. OKAI
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires March 1, 2008

**Page 8 of 18**
**Initials**

# **EXHIBIT 8**

**(Chappell Johnson Supplemental Affidavit)**

August 11, 2005

## AFFADAVIT

I, ,Dorothy Chappell-Johnson (DOB: 11/24/1945 African American, Employee of the Benefits Center, Human Resource Branch, Division of Administration of the FDIC Present my rebuttal to the following statements below.

Q.    What was your involvement in the selection at issue?

A.    I served as the Recommending Official for the selection made under Vacancy Announcement 2004-HQ-2637.  Although technically I am considered the Recommending Official, I essentially made the selection that was signed off on by my boss, who under the regulations has to sign off on the selections as the Selecting Official. My boss did so, based entirely on the recommendation/selection put forwarded by me.

I took my recommendation to my boss, Shirley Purnell, who signed off as the Selecting Official. She signed as the selecting official based entirely on my recommendation or in essence my selection. She had to sign the form as the Selecting Official as a matter of course.

## RESPONSE

Ms. Potucek stated that technically she is considered the recommending official but she made the selection that was signed off on by her boss Shirley Purnell.  I have a prior EEO case against Ms. Purnell and I believe that she would have gladly made another selection once she saw my name.  I certainly believe this is management means of retaliating against me (reprisal).

Q.    At the time of your involvement in this matter were you aware of the Complainant's prior EEO complaint activity?

A.    I personally had no knowledge of the Complainant's prior EEO complaint activity. I do not serve in the Complainant's supervisory chain and she does not work in Human Resources Operations. Accordingly, I would have no reason to know of her prior EEO activity as I am not a manager in her chain of command. Likewise, I was not aware of the Complainant's age at the time of my involvement in this matter.

1

## RESPONSE

Approximately two years ago, I had a general conversation with Ms. Potucek during this conversation my involvement about prior EEO activity was communicated to her, additionally, she was aware of my age because the age bracket was a part of the conversation as well. Therefore, Ms. Potucek did have knowledge of prior EEO involvement.

Q.     Please explain why the Complainant was not selected for the position. In doing so, please compare her qualifications to that of the Selectee?

A.     I was charged with hiring a Human Resources Specialist (Information Systems and Compensation). The main skill set that I was seeking in a candidate was payroll and personnel systems expertise, creating excel spreadsheets, creating MS Access databases to calculate pay data, creating tracking systems and quality control systems. All this is to say that I was seeking someone who had expertise in a multitude of software applications who could interface with the IT Departments in FDIC and outside of FDIC in order to resolve IT and compensation issues. I also needed someone with excellent oral and written communication skills.

## RESPONSE

During the time of this vacancy announcement there were four quality ranking factors to address. The factor concerning software was: "Ability to use personnel automated systems to process complex personnel action, (i.e., retroactivity personnel actions, garnishments, child support, alimony payment cases". As I previously stated. I was and continue to remain the expert person to process complex retroactive actions, specially garnishments, child support, and alimony payments cases. The selectee had no prior system knowledge of these functions. Since I had previously trained the person that held this position prior to the selectee this was one of our greatest concerns that this selected individual did not know how to perform this functions because he had no working knowledge with Child support, Court order garnishments or alimony system wise or any other nature of input.

I have soft ware capabilities but software, spreadsheets and other software programs was never a factor on the vacancy announcement nor was this a factor during the interviewing process. If this was the main focus factor certainly, it should have been one of the four factors or it should have been communicated to me during my interview.

Although I have software capabilities I denounce this statement and maintain that software capability, spreadsheets IT capabilities and others have no merits for this position. Although, technology has changed since I performed these functions I have advanced to the new software technical changes and procedures as well as the selectee.

August 11, 2005

### AFFADAVIT

I, ,Dorothy Chappell-Johnson (DOB: 11/24/1945 African American, Employee of the Benefits Center, Human Resource Branch, Division of Administration of the FDIC Present my rebuttal to the following statements below.

Q.    What was your involvement in the selection at issue?

A.    I served as the Recommending Official for the selection made under Vacancy Announcement 2004-HQ-2637.  Although technically I am considered the Recommending Official, I essentially made the selection that was signed off on by my boss, who under the regulations has to sign off on the selections as the Selecting Official. My boss did so, based entirely on the recommendation/selection put forwarded by me.

I took my recommendation to my boss, Shirley Purnell, who signed off as the Selecting Official. She signed as the selecting official based entirely on my recommendation or in essence my selection. She had to sign the form as the Selecting Official as a matter of course.

### RESPONSE

Ms. Potucek stated that technically she is considered the recommending official but she made the selection that was signed off on by her boss Shirley Purnell.  I have a prior EEO case against Ms. Purnell and I believe that she would have gladly made another selection once she saw my name.  I certainly believe this is management means of retaliating against me (reprisal).

Q.    At the time of your involvement in this matter were you aware of the Complainant's prior EEO complaint activity?

A.    I personally had no knowledge of the Complainant's prior EEO complaint activity. I do not serve in the Complainant's supervisory chain and she does not work in Human Resources Operations. Accordingly, I would have no reason to know of her prior EEO activity as I am not a manager in her chain of command. Likewise, I was not aware of the Complainant's age at the time of my involvement in this matter.

My oral and written communication skills are very broad, I have written numerous Standard Operational Procedures and other operational manuals, letter and other written communicational materials. I do not believe the selectee has performed this skill set factor, if so there is grave difference in quantity and quality. I have presented numerous oral training courses to the FDIC managers and supervisors while presenting written materials to coincide with the oral presentations. I have communicated and continue to communicate orally and written skills by means of e-mails, letters and telephone. Additionally, I am a toastmaster's trophy award winner for speaking engagements. I was payroll/personnel Operational liaison with the National Finance Center in New Orleans for resolving payroll/personnel operation problems this required excellent communications skills and a wealth of knowledge. I have communicated orally and written skills with numerous outside federal agencies and the private sector.

I questioned the interviewing panel but was informed that they made no recommendations that this was solely left to management to make the decision.

Q.    Why were these skill sets necessary to the position at issue?

A.    To resolve payroll and personnel issues, the incumbent interfaces with the National Finance Center, OPM, other government agencies, and FDIC regional offices. The incumbent supplies various reports to these customers concerning payroll and personnel matters, to include reduction in force, delegated examining reports, retained and day reports, merit promotion case file reports, etc. Generating these kinds of reports requires expertise in a variety of software applications so the incumbent can best decide how to meet the customer needs. I was noticed that it would benefit my organization to place someone in the announced position who had these skills. It needs to be understood at the time that I was charged with this selection, I was relatively new to my Human Resources Operation position. Greg Talley, the former Assistant Director for Human Resources Information Management and Payroll, advised me that the interface between my Operations unit and his organization would be greatly enhanced by my placing in the announced position an individual who had expertise in software applications and quality review enhancements. He further brought to my attention that the regional Human Resources Offices had incumbents with the aforementioned skill set and I did not. Based on his lead and guidance, considering he was an expert in the IT area, I focused my requirements on software application knowledge and expertise.

Using software applications knowledge and expertise as my focus, I found the Selectee the best qualified and indeed more qualified than the Complainant. The Selectee's application showed where he had broader software application knowledge than the Complainant. In Attachment A, paragraph 1 of the Selectee's applicaiton, the Selectee outlines a multitude of database systems he is an expert in and has worked with. Although the Complainant's application details a wealth of experience it did not lay out the software program areas that she had a working knowledge of or expertise in. Whatever expertise in the software application area she did speak to in her application it

was not as extensive as that expertise detailed in the Selectee's application. This was the main reason why I found the Selectee better qualified than the Complainant.

In addition, I was also seeking a candidate who had excellent communication skills. This was important because the incumbent has to constantly interface with customers by way of e-mails, telephone, reports, etc. The Selectee had been working directly under my charge for five and a half months prior to his selection. I noticed his extraordinary communication skills. When I worked with him in resolving payroll and personnel action issues his knowledge of software programs was extensive, which allowed him to exercise creativity in the approach and resolution of payroll and personnel actions. Although I had never worked with the Complainant the feedback that I got from the interview panel that I convened was that the Selectee had a superb interview and the Complainant did not come across as well as he did during the interview as it relates to overall communication skills.

### RESPONSE

In response to this statement my resume' makes mention all of the factors that Ms. Potucek is focusing upon. Since she was relatively new to the section and Ms. Purnell did not know my capabilities and it seems that no one read my resume' to make note of my capabilities, I believe that the selecting officials should have been someone that was familiar with my capabilities as well as the selectee capabilities. . Again my communication skills are much broader than the selectee. This is not a legit response and I believe this to be a form of retaliation (reprisal), age and sex.

Again Ms. Potucek is going back to software as one of the deciding factor when this was not a selecting factor nor was it an interviewing factor. If this contributed to the deciding factor this position should have been voided and re-advertised with the main focus on software skills and abilities.

I re-iterate some of my oral and written communication skills, I have written numerous Standard Operational Procedures and other operational manuals, letter and other written communicational materials. I do not believe the selectee has performed this skill set factor and if so the magnitude of quantity and quality is different . I have presented numerous oral training courses to the FDIC managers and supervisors while presenting written materials to coincide with the oral presentations. I have communicated and continue to communicate orally and written skills such as e-mails, memorandum letters and telephone. Additionally, I am a toastmaster's trophy award winner for speaking engagements. I was payroll/personnel Operational Liaison with the National Finance Center in New Orleans for resolving payroll/personnel operation problems this required excellent communications skills. I have communicated orally and written skills with numerous outside federal agencies and the private sector, therefore I believe I was better qualified. I questioned a member of the interviewing panel concerning deciding factor and I was informed that I they made no recommendations that this was solely left to management to make the decision.

4

Q.    Please address this argument by the Complainant: I was better qualified for the subject position than the person selected because I previously served in the announced position at the CG-11 level for about three to four years. Indeed, I was the Selectee's supervisor when I served in the position at the grade 11 level. I had performed all of the functions that were required by way of the vacancy announcement. The selectee had not. For instance, the position asked for experience in child support, alimony, and garnishments. The incumbent is responsible for receiving alimony data and child support collection data from the courts, as well as garnishment information and orders from the IRS and other sources. The incumbent is required to inform the FDIC employees that the child support, garnishment, or alimony actions are about to take place against the employee. Thus, the candidates for the announced position had to have the necessary experience in inputting this data into the database systems and in working with the employees on a professional basis regarding such delicate matters. As stated I had this skill set and experience from having performed these exact duties in the announced position while the Selectee did not have this experience.

A.    I will not say whether the Complainant had more experience than the Selectee in garnishments, child support, alimony, and back pay cases. The Selectee has experience in those areas as well. Since these categories are a very small percentage of what the job requirements are, perhaps less than 10%, I was not concerned with who had the greatest experience in those areas. Indeed, if you look at the introduction of the position description it specifies that the job focuses on "various automated HR Systems and processes" and "will serve as a trouble shooter and super user of HR automated systems." Thus, processing child support and garnishment cases and working with FDIC employees on such matters are not highlighted or framed as the focus of the position. The problem the Complainant appears to have is that she is trying to judge the job as she remembered it to be years ago when she encumbered a similar job. The job has changed significantly because of the evolution of information technology requirements.

RESPONSE

While system child support, alimony, garnishments and etc may be only a 10% factor it is Ms. Potucek that has escalated the only factor centered on system knowledge to 90% of the deciding factor since she continues to elaborate about the software capabilities, which is not a criteria of the four ranking factors. This factor of system child support, garnishments, and alimony is the only related factor to system software capabilities mentioned. Again, I do not believe management read my resume' or they would have known that I served as troubleshooter (liaison) for rectifying and solving payroll/personnel matters. I do not have a problem concerning changes I am aware of evolution technology and system changes that is why I have kept abreast of our new automated system in performing all forms of personnel/payroll operational procedures and daily activities. It is not a different system for me and a different system for the selectee we use the same system and I am up to date with these changes as well. Management must remember they generated the vacancy, I only responded to the factor at hand.

## RESPONSE

I questioned a member of the interviewing panel concerning the deciding factor and I was informed that they made no recommendations that this was solely left to management to make the decision.

Q.    For the two year period November 1, 2002 to November 1, 2004, did you make any other selections?

A.    For the two-year period October 2002 to October 2004, I made two selections other than the one at issue. Indeed, these other two selections were made a week apart from Mr. Little's selection. To show that I did not use sex as a prohibitive selection criterion, it should be noted that the other two individuals I selected during this time were females, the same sex as the Complainant.

## RESPONSE

The previous two selections that Ms. Potucek made have no merits while in making with this selections this is based on me and the individual selected for this vacancy announcement position, which were not the same as the previous two. The previous two selections were based on different quality ranking factors, different vacancy announcement also, there is a possibility that no males applied or made the BQ list. My interest is solely based upon this vacancy announcement. After reading all information at hand I believe my non selection for this position is certainly based on reprisal for being involved in previous EEO activities, age and sex.

I have read this statement, consisting of _____7_____ pages, and it is true, complete, and correct to the best of my knowledge and belief.


X _____
**Signature of Affiant**


_____
**Date**


Signed and sworn to before me

on this _11_ day of ___8___, 2004,

at _____D C_____.


_____
**Neutral witness, notary, or Investigator**

**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive (Room 801-1231), Arlington, VA 22226-3500                   Office of Diversity and Economic Opportunity

NOTICE OF RIGHTS OF WITNESSES
IN
EEO INVESTIGATIONS

Pursuant to the provisions at 29 C.F.R. §1614.108, federal agencies are required to investigate all aspects of discrimination complaints. The investigation shall include a thorough review of the circumstances under which the alleged discrimination occurred, and the treatment of members of the complainant's protected group(s) as compared with the treatment of other employees in the organizational segment in which the complaint arose.

All employees having any knowledge of the matter complained of are required to cooperate with the investigator who is conducting the investigation. The investigator is authorized to administer oaths and require that statements of witnesses be reduced to an affidavit. The witness must swear to or affirm to the truth of the statements before the investigator or a third party, without a pledge of confidentiality. The investigator is also authorized to obtain copies of relevant employment records, policy statements, and regulations.

As a witness, you have the following rights:

1.   To be provided a Notice of Authorization that identifies the investigator and explains the investigator's authority and responsibility in the conducting the investigation.

2.   To have a representative present at any meeting/discussion with the investigator. The representative can advise you on how to respond to the investigator, but cannot respond for you.

3.   To receive sufficient information concerning the claim(s) and basis(es) of the complaint and circumstances under which the complaint arose in order for you to accurately respond to the questions posed by the investigator.

4.   To be provided access to documents you previously prepared or had access to, if they are necessary for you to review in order to respond to questions posed by the investigator.

5.   To review your affidavit and make corrections or other changes <u>prior to</u> signing the affidavit.

I HAVE READ AND UNDERSTAND MY RIGHTS AS A WITNESS IN EEO INVESTIGATIONS.

WITNESS: _Darryl Chappell_ DATE: _August 11, 2005_