**EXHIBIT 10**

**(Reserved)**

# **EXHIBIT 11**

**(EEO Counselor's Report)**


**Federal Deposit Insurance Corporation**
Room 801-1231, 3501 N. Fairfax Drive, Arlington, VA 22226-3500                    Office of Diversity and Economic Opportunity

## EEO COUNSELOR'S REPORT
### AGENCY DOCKET NUMBER FDICEO-050017

**A.    AGGRIEVED PERSON:**

| | |
|---|---|
| Name: | Dorothy L. Chappell-Johnson |
| Job Title/Series/Grade: | Human Resource Specialist, CG-201-09 |
| Office/Division: | Division of Administration, Compensation and Benefits Branch |
| Work Address: | 3501 Fairfax Drive, Room VS-2027A Arlington, Virginia 22226 |
| Work Phone No.: | 703-516-1251 |
| Home Address: | 901 Falls Lake Drive Mitchellville, Maryland 20721 |
| Home Phone No.: | 301-336-2098 |

**B.    AGGRIEVED PERSON'S REPRESENTATIVE** (if applicable) N/A (X)

Attorney: Yes ( )  No ( )
Name:
Address:
Phone:
E-Mail Address:

**C.    COMPLAINT INFORMATION**

Complaint is:   An Individual Complaint (X)   A Class Action ( )
Aggrieved Person Waived Anonymity: Yes (X)   No ( )
Negotiated Union Grievance Filed: Yes ( )   No (X)
For Mixed Cases - Appeal Filed (or to be Filed) with MSPB: Yes ( )   No ( )   N/A (X)
Has Aggrieved Person Filed Prior Complaint(s)? Yes (X)   No ( )
    If so, Docket Number(s):
       RTC-96-30 filed 12/16/99
       FDICEO-990110 filed 02/21/01
       FDICEO-030026 filed 09/09/03
       FDICEO-040041 filed August 20, 2004

**D.    CHRONOLOGY OF EEO COUNSELING:**

| | |
|---|---|
| Date of Initial Contact: | December 17, 2004 |
| Date of Initial Interview: | December 17, 2004 |
| Date of Occurrence of Alleged Discriminatory Event: | November 3, 2004 |
| 45th Day after Event (or Knowledge of Event): | December 18, 2004 |
| If contact is beyond the 45th day, explain the reason for the delay: | Not Applicable |
| Date Notice of Rights and Responsibilities issued: | December 17, 2004 |

Revised 4/2002

Date Election of Informal Processing Procedure:          December 28, 2004
       Mediation [X]   Counseling [ ]
Date of Extension of Counseling: January 10, 2005   90th Day:  March 17, 2005     N/A ( )
Date of Final Interview:                            March 17, 2005
Date Notice of Right to File a Formal Complaint issued:    March 17, 2005

**E.    BASIS(ES) FOR ALLEGED DISCRIMINATION:**

1  ( )  Race   (specify)
2  ( )  Color (specify)
3  ( )  National Origin (specify)
4  ( )  Sex (specify)
5  (X)  Age         (11/24/45)
6  ( )  Mental Disability (specify)
7  ( )  Physical Disability (specify)
8  ( )  Religion (specify)
9  (X)  Reprisal (opposed practice(s), or docket number(s) of prior complaint(s), and date(s))
     **See Section C**
10 ( )  Sexual Orientation
11 ( )  Parental Status (specify)
12 ( )  Genetic Information (specify)

**F.    ISSUE(S): (actions, decisions, policies or practices alleged to be discriminatory)**

( ) Appointment/Hire     ( ) Training           (X) Promotion (non-selection)
( ) Time & Attendance    ( ) Pay             ( ) Overtime
( ) Reassignment        ( ) Reduction-In-Force  ( ) Retirement
( ) Reinstatement       ( ) Assignments/Duties  ( ) Termination
( ) Awards              ( ) Suspension      ( ) Transfer
( ) Reprimand          ( ) Work Conditions   ( ) Demotion
( ) Evaluation/Appraisal   ( ) Harassment (non-sexual)
( ) Sexual Harassment    ( ) Other explain:

**G.    REMEDY REQUESTED:**

1. Removed from surplus list.
2. Placed in the Human Resources Specialist, CG-0201-12 position that she applied for.
3. Compensation for pain and suffering.
4. Attorney fees.

Revised 03/2004

**H.    SUMMARY OF COUNSELOR'S INQUIRY:**

### (1)  Aggrieved Person:

Ms. Dorothy Chappell-Johnson, the Aggrieved Person ("AP"), alleges discrimination on the bases of age (DOB: 11/24/45) and reprisal (prior EEO activity) when, on November 3, 2004, she learned that a younger employee, Roger Little, was selected for the position, Human Resources Specialist, (Compensation), CG-0201-07/09/11, under Vacancy Announcement Number 2004-HQ-2637. AP stated that she (AP) had posted, qualified and interviewed for the position.

AP stated that she held the Human Resources Specialist position at the grade 11 level for several years until she was downgraded, in 1996, from a grade 11 to a grade 9 due to a reduction-in-force. AP stated that last year she, again, was downgraded to a grade 8 due to another reduction-in-force. AP stated that she has been told on several occasions that she would get her grade 11 back once everything settled, but once again, she was overlooked, and a younger, less qualified person was selected for a position for which AP applied.

AP believes that age and reprisal were significant factors in her non-selection.

### (2)  Involved Manager(s) Response:

**Lorinda Portucek, Division of Administration 550 17th Street, Room PA-1730-5044 Washington, DC 20429  Telephone Number: 202-942-3048**

**Shirley Purnell, Assistant Director, Washington Personnel Services Branch, Division of Administration 550 17th Street, Room PA-1730-5000 Washington, DC 20429  Telephone Number: 202-942-3077**

### (3)  Documents Reviewed (if any):

**I.  SUMMARY OF INFORMAL RESOLUTION ATTEMPT:**

Settlement:    Yes ( )    Date:            No (X)

Through: Counseling_____, Mediation _____

Withdrawal:    Yes ( )    Date:              No (X)


Gaye T. Walker                                    202-416-2597
Name of EEO Counselor (printed)                   Telephone Number

801 17th Street, NW, Room 801-1238 Washington, DC  20434
Work Address


_EEO Counselor's Signature_                       March 21, 2005
EEO Counselor's Signature                         Date

# **EXHIBIT 12**

**(Final Agency Decision)**

# FDIC

**Federal Deposit Insurance Corporation**
3501 Fairfax Drive (Room E-2104), Arlington, VA 22226-3500                    *Office of Diversity and Economic Opportunity*

|  |  |
|---|---|
| DOROTHY CHAPPELL-JOHNSON, )<br>Complainant, ) | |
| v. ) | Agency Docket No:   FDICEO-050017<br>Date Filed:              April 12, 2005 |
| FEDERAL DEPOSIT INSURANCE )<br>CORPORATION, )<br>Agency. ) | |

## FINAL AGENCY DECISION

This is the Final Agency Decision of the Federal Deposit Insurance Corporation (FDIC or Agency) finding no discrimination in the above-referenced employment discrimination complaint filed by Dorothy Chappell-Johnson (Complainant) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a.

## I. ADMINISTRATIVE PROCEDURES

Complainant initially contacted an Equal Employment Opportunity (EEO) Counselor on December 17, 2004, alleging discrimination involving the Human Resources (HR) Branch, Division of Administration (DOA), Washington, DC. Complainant elected to participate in the FDIC's mediation program, but mediation was not successful in resolving Complainant's claim. On March 17, 2005, Complainant was issued a Notice of Right to File a Formal Discrimination Complaint, and on April 12, 2005, she filed a formal discrimination complaint.

Based on a review of the formal complaint and the EEO Counselor's Report, the following claim was accepted for investigation:

> Whether Complainant was discriminated against on the bases of age (DOB: November 24, 1945) and reprisal (prior EEO activity) when she was not selected for the Human Resources Specialist (Compensation), CG-0201-

07/09/11, position advertised under Vacancy Announcement Number 2004-HQ-2637.[1] She learned that she was not selected on November 3, 2004.

A formal investigation was conducted, and on September 22, 2005, the Report of Investigation (ROI) was forwarded to Complainant. A determination was made that additional documents were needed to complete the investigation and a Supplement Report of Investigation was compiled (SROI). At the same time, Complainant was notified that she could elect to participate in the Agency's EEO Mediation Program. Complainant was also informed that she had the right to request a hearing before an Administrative Judge appointed by the Equal Employment Opportunity Commission (EEOC) or a Final Agency Decision. Complainant was advised that if she failed to make an election within the specified time periods, 15 days for mediation and 30 days for a hearing, a Final Agency Decision would be issued based on the ROI. Complainant failed to make an election within the required time periods. Accordingly, this Final Agency Decision is issued based on the ROI.

## II.    BACKGROUND

At the time of the alleged discrimination, Complainant was employed as a HR Specialist, CG-201-9, DOA, Washington, DC. She applied for the position of HR Specialist (Compensation), CG-0201-07/09/11, advertised under Vacancy Announcement Number 2004-HQ-2637. Complainant was found qualified for the position at grades 7, 9, and 11, and she was referred for an interview. On November 3, 2004, Complainant learned that she was not selected. The selectee was Roger Little (male, DOB: May 28, 1963, no prior EEO complaint activity), who was chosen for the position at the CG-7 grade level. ROI, Exhibits (Exhs.) F1 at 1-2; G2c. Lorinda Potucek, Conanan Consent Decree Compliance Officer and Headquarters HR Officer for Operations, DOA was the selecting official, and Shirley Purnell, Assistant Director, DOA, was the approving official. ROI, Exh. F2 at 1.

Complainant claimed that she was better qualified than the selectee because she previously held the position at a grade 11 level for three to four years, and she had been the selectee's supervisor during that time. She also alleged that she was not selected for this position based on her sex, age and in reprisal for her prior EEO activity. ROI, Exh. F1 at 1-2.

---

[1] During the investigation, Complainant added sex (female) as another basis of the alleged discrimination. Because a complainant may raise additional bases at any time during the processing of a complaint, sex will also be considered as a basis in this complaint.

III.    LEGAL STANDARDS FOR ANALYSIS

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, prohibits the federal government from discriminating against employees and applicants based on race, sex, religion, national origin, and color, or retaliating against them for engaging in protected EEO activity. The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a, prohibits the federal government from discriminating against employees and applicants for employment who are age 40 and over.

The criteria set forth by the U.S. Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), as supplemented by other more recent court decisions, have provided a systematic approach to be used in the analysis of employment discrimination cases involving allegations of disparate treatment. This systematic approach is generally a three-stage process involving a shifting of burdens between parties. U.S. Postal Service v. Aikens, 460 U.S. 711 (1983); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981).

A complainant has the initial burden of establishing what is termed a prima facie case. The evidence appropriate to establish a prima facie case will vary, depending on the particular facts and circumstances at issue. In general, a complainant has the burden of showing she was subjected to an adverse employment action under circumstances which, if left unexplained, gives rise to an inference of unlawful discrimination. The establishment of a prima facie case is not the equivalent of a factual finding of unlawful discrimination. Once a prima facie case has been established, the burden shifts to the agency to articulate a legitimate, nondiscriminatory reason for its action. The articulated reason must be sufficient to raise a genuine issue of material fact as to whether the action taken was motivated by an unlawful discriminatory bias. Additionally, the articulated reason should be stated with sufficient clarity and specificity to provide a complainant with a full and fair opportunity to meet her ultimate burden of proof. The burden of proof remains at all times with a complainant, who must ultimately show that prohibited discrimination played a part in the agency's decision.

Assuming the agency meets its burden, the complainant can still prevail if she demonstrates that the agency's explanation is a pretext for prohibited discrimination. A complainant demonstrates pretext by showing that the agency was more likely motivated by discrimination or, alternatively, that the articulated reason is unworthy of credence. A reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false and that prohibited discrimination was the real reason. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 509-11 (1993). The fact-finder, however, may infer discrimination where the evidence establishes that the agency's legitimate, non-discriminatory reason is unworthy of credence. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000).

In the instant claim, to establish a prima facie case of sex or age discrimination, Complainant must show: (1) she is a member of the relevant protected groups; (2) she applied for a position

for which she was found qualified; (3) she was not selected, and (4) the person who was selected was not a member of Complainant's protected groups. Weinstein v. U.S. Postal Service, EEOC Appeal No. 01830674 (February 8, 1984).

The McDonnell Douglas formula also applies to reprisal complaints. See Gulden v. Dept. of the Army, EEOC Appeal No. 05A01197 (December 14, 2000); Groom v. Dept. of the Air Force, EEOC Appeal No. 01994646 at 3 (December 12, 2000). To establish a prima facie case of retaliation, Complainant must show that: (1) she engaged in a protected activity; (2) she suffered an adverse personnel action; and (3) a causal link existed between the protected activity and the employment action. See Jones v. WMATA, 205 F.3d 428, 43 (D.C. Cir. 2000). The causal connection may be established by showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly thereafter. Mitchell v. Baldridge, 759 F.2d 80, 86 (D.C. Cir. 1985).

The McDonnell Douglas formula applies to age discrimination complaints as well. Loeb v. Textron, Inc., 600 F.2d 1003 (1st Cir. 1979); Prewitt v. United States Postal Service, 662 F.2d 292 (5th Cir. 1981). In cases involving age discrimination, a complainant must show that his age was a determining factor in the agency's action rather than a factor that played a part in the decision. U.S. Equal Employment Opportunity Commission v. Borden's Inc., 724 F.2d 1390, 1393 (9th Cir. 1984).


IV.    ANALYSIS

   A.    Complainant Established a Prima Facie Case of Discrimination Based on Sex and Age, But She Failed to Establish a Prima Facie Case Based on Retaliation.

Complainant applied for the position of HR Specialist (Compensation), CG-0201-07/09/11. She was found qualified and referred for an interview, but she was not selected. The selectee was a male over 17 years younger than Complainant. An age difference of over 17 years between Complainant and the selectee is sufficient to establish he was not a member of Complainant's protected group for age. ROI, Exh. G2c. Hammersmith v. Social Security Administration, EEOC Appeal No. 01A05922 (March 6, 2002); Pirko v. Postmaster General, EEOC Appeal No. 07A20036 (September 4, 2003). Therefore, Complainant established a prima facie case of sex and age discrimination because the selectee was a significantly younger male. ROI, Exhs. G2c, G2d, G6.

Complainant also alleged she was retaliated against because of her prior EEO complaints. ROI, Exhs. B1 at 1; F1 at 2. Ms. Potucek, the selecting official, stated that she was not aware of Complainant's prior EEO activity. Susan Boosinger, a panel member, also stated that she was not aware of Complainant's prior EEO activity at the time the selection was made. The second member of the interview panel, JoRita Campbell did not indicate whether she was aware of Complainant's prior EEO activity. ROI, Exhs. F2 at 1; F4 at 1; and F5. Ms. Purnell

acknowledged that she was aware of Complainant's prior EEO activity, but she did not make the selection for this vacancy announcement; she only concurred with the decision made by Ms. Potucek. ROI, Exh. F6 at 1–3. Thus, Complainant failed to establish a <u>prima facie</u> case of retaliation.

      B.    <u>Management Articulated Legitimate Non-Discriminatory Reasons for Complainant's Non-selection.</u>

Ms. Potucek explained she was relatively new to her position at the time of this selection. Greg Talley, the former Assistant Director for HR Operations, stated he had been her supervisor for a year prior to the investigation of the complaint in questions, but he was not aware of Complainant's prior EEO activity. He advised Ms. Potucek that if she selected someone with expertise in software applications and quality review, the interaction between staff in his organization and hers would be enhanced. He noted that the Regional HR Offices had incumbents with software applications and quality review skills, but she did not. As a result of this conversation, Ms. Potucek stated that she focused on software application expertise, and the main skill sets that she sought were "payroll and personnel systems expertise, creating [E]xcel spreadsheets, creating MS Access databases to calculate pay data, and creating tracking systems and quality control systems." Ms. Potucek further explained that she sought an applicant with expertise in a "multitude of software applications" who could interface with Information Technology (IT) departments inside and outside of the FDIC to resolve IT and compensation issues. According to Ms. Potucek, these skills were needed because the incumbent would have to interface with customers, including the National Finance Center (NFC), the Office of Personnel Management, other government agencies and FDIC Regional Offices, to resolve payroll and personnel issues. In addition, the incumbent would have to supply reports to customers concerning payroll and personnel matters. Ms. Potucek noted that generating such reports required expertise in a variety of software applications. ROI, Exh. F2 at 1-2; F3 at 1; and SROI, Exh. F3a.

Using these criteria, Ms. Potucek determined that Mr. Little was the best qualified applicant. In his application, Mr. Little outlined a multitude of database systems with which he had worked and had developed expertise. She acknowledged that Complainant's application showed "a wealth of experience," but it did not lay out software program areas in which Complainant had working knowledge or expertise. Ms. Potucek stated that whatever expertise in software applications Complainant addressed in her application was not as extensive as those listed in Mr. Little's application. <u>Id.</u> at 2-3.

A comparison of the applications provided by Complainant and Mr. Little support Ms. Potucek's explanation. In her application, Complainant did not list any experience working with computer programs for her current position, which she had held since September 2003. In her prior positions, dating back to September 1996, Complainant noted that she computed and processed pay for 6,000 employees using an automated pay system, but she did not list any specific computer software with which she had worked. In the positions Complainant held from June

1990 to September 1996, Complainant stated that she input payroll and personnel documents to the database system; used the Suspense Inquiry System (SINQ); collected, organized and analyzed technical data to resolve system problems; and reviewed and authorized salary corrections caused by NFC system errors. ROI, Exh. G3a at 1-4. In Complainant's response to the Quality Ranking factors, Complainant addressed Quality Ranking Factor 2: "Ability to use personnel automated systems to process complex personnel actions" by stating that she had excellent knowledge of the NFC payroll/personnel system and other automated systems used to process personnel documents; in addition, she described the types of actions she had performed using these automated systems. Id. at 5-6. Complainant listed courses she had taken as PERFORM, an automated performance system, and CHRIS, Corporate Human Resources Information System. Id. at 8.

According to Mr. Little's application, in his current position, which he held since October 2001, he used Access, MS Word, MS Outlook and MS Excel, to create applications designed to improve work processes. In his prior position, which he held from February 1994 to September 2001, he created Excel spreadsheets and MS Access databases to calculate pay dates for a wide variety of actions. Mr. Little also used MS PowerPoint to create presentations for briefings and training exercises. In addition, he was responsible for maintaining the internal website for the Washington Personnel Services Section. ROI, Exh. G3b at 1. The computer training he had received included: Basic Internet Skills; Harvard Graphics; Lotus 1-2-3 v4.0; MS Access, Beginning, Intermediate, Advanced-Application Development; MS Excel, Beginning, Intermediate, Advanced. Mr. Little also stated that he had intermediate to advanced skills in the following software: Internet Explorer; Netscape Composer; Netscape Navigator; DOS Editor; CuteFTP; CuteHTML; Frontpage; MS Access 97; MS PowerPoint; MS Binder; MS Photo Editor; MS Camcorder; MS Word; Corel Graphics; Corel Photopaint; Paintshop Pro; Adobe Photoshop; WordPerfect; Lotus 1-2-3; WinZip; PKZip; Microsoft Project; Calendar Creator Plus; as well as all software in OS Win 95-Win 98. He also had taken NFC training on 16 different systems. In addition, he maintained two personal websites. Id., at 2. He was also the Section's expert in 18 NFC payroll/personnel systems. Id., at 3-4.

Ms. Potucek also noted that the position required someone with excellent oral and written communication skills. She had directly supervised the selectee for over five months prior to the selection and stated he had extraordinary communication skills. She had never worked with Complainant, but the feedback she received from the panel was that the selectee had a superb interview, while Complainant did not come across as well during her interview. ROI, Exh. F2 at 2.

Mr. Talley recalled that he and Ms. Potucek discussed the position in question, and he informed Ms. Potucek that the selectee would interact with computer personnel on his staff and at the NFC. Therefore, it would be helpful if she selected someone with knowledge of both IT and HR. Although he had not worked with the selectee prior to his selection, he worked with him since then and found the selectee to possess the "unique blend of IT experience and HR processing"

needed to successfully perform in the position. Mr. Talley also had been Complainant's supervisor for a year, and he stated she did not possess the IT skills needed to perform the functions of the position. He also contended that while Complainant has a variety of HR experience, Complainant's experience was limited to a small subset of the position's total HR responsibilities. He also stated that the selectee's communication skills were better than those of Complainant. ROI, Exh. F3 at 1-2.

Ms. Boosinger stated that based on the responses to the interview questions, the panel concluded Mr. Little was the best-qualified applicant. ROI, Exh. F4 at 2. Ms. Campbell stated Complainant was not as articulate as the selectee. The panel recommended the selectee based on his performance during the interview. ROI, Exh. F5 at 1.

Ms. Purnell stated Ms. Potucek was responsible for making this selection and she concurred in it. She relied on Ms. Potucek's judgment in identifying the best qualified candidate. ROI, Exh. F6 at 1-2

Based on the above, the Agency articulated legitimate, nondiscriminatory reasons for its actions.

C.      Complainant Failed to Establish Pretext.

Complainant has the burden of showing the Agency's stated reasons were pretext for discrimination and/or retaliation. In rebuttal, Complainant contended that Ms. Potucek was aware of Complainant's prior EEO activity due to a "general conversation" they had two years earlier. ROI, Exh. F1a at 1-2. Ms. Potucek, however, stated that she did not know about this prior EEO activity. ROI, Exh. F2 at 1. Complainant could not demonstrate that Ms. Potucek recalled the cited conversation, or had knowledge of Complainant's prior EEO activity at the time she made the selection. Complainant also noted that Ms. Purnell admitted knowing about her prior EEO activity, but Ms. Purnell did not make the selection; she only approved Ms. Potucek's decision.

Complainant stated she had software capabilities, but she did not focus on them in her application or during the interview because computer software knowledge was not listed as a selection factor. ROI, Exh. F1a at 2, 4. Complainant's assertion does not have merit because KSA #2 stated in relevant part, "Ability to use personnel automated systems to process complex personnel actions." ROI, Exh. G2a at 2.

Complainant also claimed she had extensive experience in written and oral communications. She claimed to have prepared a much wider variety of written documents, both as to quantity and quality, than the selectee. This included "Standard Operational Procedures" and other operation manuals, letters and written communications. Complainant stated that she knew that she was more qualified than the selectee because she had supervised him when she held the same position at the grade 11 level. Complainant, however, had not been in a supervisory position since 1996,

and she did not explain how she knew what work the selectee was performing at the time of the selection. ROI, Exh. G3a. The panel relied on the information in their respective applications and presented during their interviews to determine who was better qualified and recommended the selectee.

Complainant also asserted that she had excellent oral communication skills, which were superior to the skills of the selectee. Complainant noted the numerous training courses she conducted for managers and supervisors; the assistance and training she provided to professional and administrative staff regarding personnel procedures and processes; her communications with the National Finance Center, Federal agencies and private sector organizations; and the trophies she won as a public speaker. ROI, Exh. F1a at 3. The panel members, however, judged Complainant and the selectee based on how they presented themselves during their interviews. Both panel members concluded that the selectee's oral communication skills were superior and recommended him to Ms. Potucek for selection. ROI, Exh. F1a at 1-3; F4 at 1; F5 at 1.

Finally, Complainant claimed that she had more experience in many areas relating to the duties of the position. Ms. Potucek responded that the selectee also had experience in those areas, and the areas cited by Complainant constituted less than 10% of the job's responsibilities. Therefore, she was not concerned with who had greater experience in those areas. She was more concerned with experience with automated HR systems. She noted that due to the evolution of information technology, the job had changed significantly since Complainant had encumbered a similar position.

It is within management's discretion to select any qualified applicant from a pool of equally qualified individuals. Pretext may be inferred only if the complainant is "clearly better qualified" (as opposed to merely better or as qualified) than the individual selected. Odom v. Frank, 3 F.3d 839, 845-46 (5th Cir. 1993); Canham v. Oberlin College, 666 F.2nd 1057, 1061 (6th Cir. 1981). The applications submitted by Complainant and the selectee do not show that Complainant was clearly better qualified than the selectee. Therefore, Complainant failed to establish that the Agency's reasons for not selecting her were pretext for discrimination based on race, age, or reprisal.

## V.   CONCLUSION

It is the Final Agency Decision that Complainant was not discriminated against based on sex, or age, or retaliated against when she was not selected for the position of Human Resources Specialist (Compensation), CG-0201-07/09/11.

If Complainant is dissatisfied with the Final Agency Decision in this complaint, pursuant to EEOC regulations at 29 C.F.R. §§ 1614.401 to 1614.410 (Appeals and Civil Actions), Complainant may file an appeal with the EEOC or file a civil action in a U.S. District Court. In

the event an appeal is filed, Complainant must include the correct Agency docket number, FDICEO-050017, in all correspondence involving the appeal to avoid any undue delay in processing the appeal.

VI.    RIGHT TO APPEAL THE FINAL AGENCY DECISION

An appeal may be filed with the EEOC at any time up to thirty (30) calendar days from Complainant's receipt of this decision. If Complainant is represented by an attorney of record, the 30-day period for filing an appeal begins to run from the date that the attorney receives this decision.

An appeal may be mailed, delivered in person, or sent by facsimile transmission. The appeal may be mailed to:

      Equal Employment Opportunity Commission
      Office of Federal Operations
      P.O. Box 19848
      Washington, DC  20036

The appeal may be hand-delivered to:

      Equal Employment Opportunity Commission
      Office of Federal Operations
      Appellate Review Program
      1801 L Street, NW
      Washington, DC  20507

The appeal may be sent by facsimile transmission to (202) 663-7022. The EEOC has indicated that it will not accept facsimile transmissions over 10 pages.

If mailed, the appeal must be postmarked no later than the end of the 30-day filing period. If hand-delivered or sent by facsimile transmission, the appeal must be received by the EEOC no later than the end of the 30-day filing period.

Complainant should use the enclosed EEOC Form 573, Notice of Appeal/Petition, and should indicate what is being appealed. Complainant must furnish a copy of the appeal to the FDIC at the same time an appeal is filed with the EEOC. If an appeal is not filed within the above time limits, the appeal will be untimely and may be dismissed by the EEOC. The EEOC may exercise its discretion to extend the time limit for filing an appeal based upon a written statement showing that Complainant was not notified of the prescribed time limit and was not otherwise aware of it, or that

circumstances beyond Complainant's control prevented the Notice of Appeal from being filed within the prescribed time limit.

Any statement or brief in support of the appeal must be submitted to the EEOC's Office of Federal Operations and to the FDIC within thirty (30) calendar days of filing the Notice of Appeal. Service on the FDIC by mail or hand-delivery must be made on both of the following designated FDIC officials and addressed in the format as indicated below:

> FEDERAL DEPOSIT INSURANCE CORPORATION
> OFFICE OF DIVERSITY AND ECONOMIC OPPORTUNITY
> ATTN: D. MICHAEL COLLINS, DIRECTOR
> 3501 FAIRFAX DRIVE (ROOM E-2104)
> ARLINGTON, VA 22226-3500

> and

> FEDERAL DEPOSIT INSURANCE CORPORATION
> LABOR, EMPLOYMENT & ADMINISTRATION SECTION, LEGAL DIVISION
> ATTN: JAMES R. LAWRENCE, ASSISTANT GENERAL COUNSEL
> 3501 FAIRFAX DRIVE (ROOM D-6134)
> ARLINGTON, VA 22226-3500

Due to delays experienced by the Agency with receiving mail sent through the U.S. Postal Service, in addition to mailing a copy of the appeal, brief, or statement, a copy may also be sent by facsimile transmission to D. Michael Collins at (703) 562-6470 and to James R. Lawrence at (703) 562-2468.

VII.    RIGHT TO FILE A CIVIL ACTION

If Complainant elects not to appeal to the EEOC, Complainant has the right to file a civil action in federal district court on claims raised in the administrative process. A civil action may be filed in an appropriate U.S. District Court within ninety (90) calendar days of the date Complainant receives this Final Agency Decision.

If Complainant files an appeal with the EEOC, a civil action may also be filed in a U.S. District Court within ninety (90) calendar days of receipt of the EEOC's final decision on appeal. A civil action may also be filed any time after 180 calendar days from the date the appeal is filed with the EEOC, if a final decision has not been issued by the EEOC.

If Complainant files a civil action, and does not have or is not able to obtain the services of an attorney, Complainant may request the court to appoint an attorney as a representative in the matter and to permit Complainant to file the action without payment of fees, costs, or other security. The

decision to grant or deny the request is within the sole discretion of the court. Filing a request for an attorney does not extend Complainant's time in which to file a civil action. Both the request and the civil action must be filed within the time frames identified above.

Complainant is further notified that if a civil action is filed, **Martin J. Gruenberg, Acting Chairman, Federal Deposit Insurance Corporation,** must be named as the Defendant and failure to do so may result in the dismissal of the action filed.

D. Michael Collins
Director

Date 10 MAR 06

Enclosure:    EEOC Form 573 (Notice of Appeal/Petition)
              Supplemental Report of Investigation

cc: David Shapiro (Complainant's Representative)
    Swick and Shapiro
    1225 Eye Street, NW, Suite 1290
    Washington, DC 20429
        VIA CERTIFIED MAIL, RETURN RECEIPT REQUIRED
        # 7003 2260 0001 8050 5227

    Dorothy Chappell-Johnson (Complainant)
    901 Falls Lake Drive
    Mitchellville, Maryland 20721
        VIA CERTIFIED MAIL, RETURN RECEIPT REQUIRED
        # 7003 2260 0001 8050 5210

    James R. Lawrence, Assistant General Counsel, Labor, Employment & Administration Section,
    Legal Division
    Leonard J. Levy, Senior EEO Specialist, Complaints Processing Branch, ODEO
    Amy Del Valle, EEO Specialist, Complaints Processing Branch, ODEO
    Amelia White, Program Assistant, Complaints Processing Branch, ODEO

# **EXHIBIT 13**

**(FDIC Structured Interview – Guidance for Interviewers and Selecting Officials)**

**FDIC Structured Interviews – Guidance for Interviewers and Selecting Officials      July 2003**

This Guidance explains the FDIC's structured interview process, which is considered a best business practice. It explains the specific steps to follow before, during, and after each structured interview conducted to fill a vacancy. For additional general information about conducting a structured interview, refer to the Structured Interview Computer-based Instruction (CBI) on the FDICnet's <u>training server</u> and course materials from the Structured Interview Workshop.

| | |
|---|---|
| **FDIC Standard** | Structured interviews are the standard for conducting interviews at the FDIC. The four main concepts of a structured interview are: |

- Job-related interview questions based on job requirements included in the position description, vacancy announcement and job analysis.
- Benchmarks for each interview question.
- All candidates asked the same questions.
- All candidates measured against the same benchmarks.

**Pre-Interview Planning**

**Interview Question Development.** *Interview questions* are best prepared concurrently with the vacancy announcement and crediting plan. The Structured Interview CBI includes a valuable <u>Question Bank</u> and guidance on preparing questions. Interviewers are encouraged to use a variety of questions in the interview, including past experience questions, hypothetical questions, and demonstration questions.

*Demonstration questions* allow the candidate to *demonstrate* his/her knowledge and/or skills during the interview. Some examples of demonstration questions are:

- A candidate for an editor's position is given a document to edit;
- A candidate for a program manager's position is given a scenario and asked to develop a written draft project plan based on that scenario;
- A candidate for a research assistant's position is given a research assignment and asked to outline his/her research approach.

**Review of Interview Questions .** Servicing HR specialists are available to assist with any issues or concerns about the questions under development. The HR specialist may request to review the structured interview questions as part of a periodic monitoring process in keeping with best HR practices.

*Benchmarks* are developed for each interview question by the Selecting Official. A benchmark sets forth criteria or standards for responses to each interview question.

If the same question is being asked of candidates for different grade levels, the benchmarks *must* be different to reflect a higher standard appropriate to the higher grade.

**Structured Interview Documentation**

- Interviewers may record questions and benchmarks using the Structured Interview Documentation Form, <u>FDIC Form 2100/17</u>, which is available on the Forms section of FDICnet.
- The form is designed for interviewers to prepare one form for each question and make a copy to keep notes for each candidate. There

is no limit on the number of questions that may be asked in an interview.

- Interviewers may record notes on other than the Structured Interview Documentation Form, but notes should be taken and maintained as outlined below.

## Conducting a Panel Interview

The Selecting Official may conduct all of the interviews alone or elect to use an interview panel. No minimum or maximum number of interviewers is required; however, the same panel members should interview all candidates. In extraordinary circumstances that prevent this, contact your servicing HR Officer for guidance.

While the Selecting Official should participate in the interviews, this is not always possible, especially when coordinating large numbers of vacancies available nationwide. The Selecting Official is encouraged to discuss interviews with panel members and is required to review all documentation, including any interview notes.

## Conducting a Series of Interviews

The Selecting Official may have a panel or individual interviewer conduct a preliminary round of interviews to narrow down the pool of candidates for a final selection interview. When a series of interviews is held, the Selecting Official is not required to review the documentation of those who did not get referred for a subsequent interview. The follow-up interviews must adhere to all the guidelines set forth above, including use of structured interviews, benchmarks and other criteria set forth in these Guidelines.

## Number of Candidates to Interview

If one applicant is interviewed, all must be interviewed, up to a total of nine. Internal FDIC applicants shall be interviewed before external applicants. (If there are more than nine FDIC candidates, nine FDIC candidates must be interviewed before any external candidates are interviewed; all FDIC candidates need not be interviewed. If there are less than nine FDIC candidates, all FDIC candidates must be interviewed before any external candidates are interviewed.)

- FDIC policy does not require that all FDIC candidates be interviewed, but encourages it to the extent possible.
- Typically, Selecting Officials will receive a list of reassignment eligibles (those who could move laterally into the position) and a merit promotion roster of candidates (those who would be considered for promotion). If the vacancy is open to all sources, there may also be a certificate of eligibles which may include FDIC employees who chose to be considered for competitive examination. A total of nine FDIC candidates must be interviewed from all of these referrals, not nine from each list of candidates.
- If referrals are for multiple grade levels, the requirement to interview nine FDIC candidates *at each grade level* applies before interviewing any external candidates.
- Selecting Officials have the discretion to interview every candidate if they choose, both internal and external.

- If a referred candidate cannot be contacted after reasonable efforts, attempts should be documented, and the interview and selection process should proceed.
- Selecting Officials and interviewers are encouraged to conduct in-person interviews whenever possible, but telephonic, videoconference and similar methods are also permissible.

**Interview Requirements**

During the interview:

- Ask all questions of all candidates, allowing the same amount of time for each interview. It may be appropriate and it is allowable to ask clarifying questions. However, interviewers should not ask additional questions just to fill in the allotted interview time.
- Measure each candidate's responses against the benchmarks of the corresponding question.
- Answer any of the candidate's questions regarding the job and the FDIC in general. Refer specific questions from a candidate regarding salary or benefits issues to the appropriate HR specialist.

**Post-Interview Requirements**

**Assessment**

Members of an interview panel are free to openly discuss their assessment together, but are not required to reach consensus in their assessments of a candidate's responses. All candidates should be assessed fairly, without bias, and against the established benchmarks.

**Documentation**

Allow enough time between each interview to immediately complete notes and assess the candidate against the benchmarks. Each interviewer should take his/her own notes during the interview of the candidate's responses, including any clarifying questions that were asked. If the notes are not taken directly on the Structured Interview Documentation Form while conducting the interview, they should be attached in order to retain complete and consolidated information.

Completed Structured Interview Documentation forms and any other notes taken by interviewers should be retained in the personal files of the Selecting Official for two years, consistent with the Merit Program Plan, unless directed to retain them longer. Completed Structured Interview Documentation Forms should <u>not</u> be submitted to the Human Resources Branch with the rest of the applications, rosters and referral materials. When a Selecting Official separates from the FDIC, files should be turned over to the division or office Administrative Officer.

**Next Steps**

The Selecting Official should rely on the interview documentation, any discussions with other members of the interview panel and the application materials submitted by the candidate to make a final selection. The selection official should then prepare the Selection Recommendation Form <u>(FDIC Form 2100-15)</u> and forward it to the Approving Official. In the rare event of a non-selection, lapse or cancellation of the vacancy announcement, the Selecting Official must obtain approval and concurrence as set forth in the <u>May 22, 2002 Guidance</u> found on the Supervisors' Resources web site on FDICnet.

# **EXHIBIT 14**

**(Formal Discrimination Complaint)**

Federal Deposit Insurance Corporation
# FORMAL COMPLAINT OF DISCRIMINATION
### Agency Docket Number FDICEO-050017

**EXHIBIT A1**

**Note:** This form is to be used if you believe you have been discriminated against because of race, color, national origin, sex, age, mental disability, physical disability, religion, reprisal, sexual orientation, parental status, or genetic Information. Read carefully the instructions of page 3 of this form prior to completion.

| Name of Complainant *(Last, First, MI)* Dorothy Chappell-Johnson | Position *(Job Title/ Pay Plan/ Series/ Grade)* Human Resource Specialist CG 09 201 | Individual ☑ Class ☐ *(Check type of complaint)* |
|---|---|---|

| Home Address *(Number Street, City, State, Zip Code)* 901 Falls Lake Dr. Mitchellville, MD 20721 | Home Phone *(Area Code-Number):* 301-336-7098 |
|---|---|
| | Work Phone *(Area Code-Number):* 703-516-1251 |
| | Fax Number *(Area Code-Number):* |
| | E-mail Address: |

| Organization Location/ Work Address *(Division/ Office & Number Street, Room No., City, State, Zip Code)* 3501 N. Fair Fax Dr. Arlington, VA 22226 | Name & Address of Office you believe discriminated against you *(Division/ Office & Number Street, Room No., City, State, Zip Code)* Division of Admin. Human Resource Office PA 1730-7th St Washington, DC. |
|---|---|

| Complainant's Representative *(If applicable)* | Attorney: ☐ YES ☐ NO *(Check appropriate box if applicable)* |
|---|---|
| Representative's Name: | Name of Firm *(If applicable):* |
| Address *(Number Street, City, State, Zip Code)* | Designation of Representative Form Completed and Attached ☐ YES ☐ NO Not available |
| | Phone *(Area Code-Number):* |
| | Fax Number *(Area Code-Number):* |

**Basis(es) of Allegation(s)** *("X" appropriate box(es) and specify)*

| RACE *(Specify)* | ☐ DISABILITY *(Specify)* | ☐ GENETIC INFORMATION *(Specify)* | ☑ REPRISAL *for participating in any stage of an administrative or judicial proceeding covered by the antidiscrimination complaint statutes or for opposing any practice made unlawful by such statutes (Specify the protected activity and date).* |
|---|---|---|---|
| ☐ COLOR *(Specify)* | ☐ RELIGION *(Specify)* | ☐ AGE *(Specify date of birth)* DOB: 11/24/45 | |
| ☐ NATION ORIGIN *(Specify)* | ☐ SEXUAL ORIENTATION | | |
| ☐ Sex *(Specify)* | ☐ PARENTAL STATUS *(Specify)* | | |

**Claim(s) being complained of** *(Check appropriate box(es) and specify the date(s) the alleged discriminatory claim(s) occurred.)*

| Claim(s) | Date | Claim(s) | Date | Claim(s) | Date |
|---|---|---|---|---|---|
| ☐ Appointment/Hire | | ☐ Harassment, non-sexual | | ☐ Reprimand | |
| ☐ Assignment/Duty | | ☐ Harassment, sexual | | ☐ Retirement | |
| ☐ Award | | ☐ Overtime | | ☐ Suspension | |
| ☐ Demotion | | ☐ Promotion | | ☐ Termination | |
| ☐ Disciplinary Action | | ☐ Reassignment/Transfer | | ☐ Time and Attendance | |
| ☐ Evaluation/Appraisal | | ☐ Reduction-In-Force | | ☐ Training | |
| ☐ Expiration of Appointment | | ☐ Reinstatement | | ☐ Working Conditions | |
| ☐ Other *(Specify):* | | | | | |

| Have you raised this claim(s) in another forum *(As a grievance or with the Merit System Protection Board or U.S. District Court)?* ☐ YES ☑ NO |
|---|
| If Yes, specify the forum and give the date(s) filed: |
| Have all alleged discriminatory matters in this complaint been discussed with a FDIC EEO Counselor? ☑ YES ☐ NO |

| Name of EEO Counselor: | Date you received the Notice of Right to File a Formal Complaint: March 28, 05 |
|---|---|

**What corrective action are you seeking?**
(To be discussed.) Promotions
Pain & Suffering
Attorney's Fees

| Complainant's Signature Dorothy Chappell Johnson | Date of Complaint 4/12/05 |
|---|---|

Federal Deposit Insurance Corporation
## FORMAL COMPLAINT OF DISCRIMINATION
### Agency Docket Number FDICEO-050017

CLAIM NUMBER 1

I believe that I suffered discrimination based on [choose one or more: race, color, national origin, sex, age, mental disability, physical disability, religion, reprisal, sexual orientation, parental status, or genetic information]
_____, when on_____, [Explain what happened]
(Basis(es))                                         (Date)

I applied for the position of the Human Resource Specialist (Compensation) but someone else was Selected. I had previously held this position.

[Provide names of involved management official(s) and or witnesses]

Lorinda Potecuk

[Explain why you believe the action was discriminatory, e.g. discriminatory statements, others who were treated more favorably, and/or any other reason(s)]

I once held the position in question for a period of 3½ to 4 years. I believe this is Reprisal for previous EEO Complaints filed. I am also older than the Slectee,

## CLAIM NUMBER 2
[Use same format as for Claim Number 1 above]  Attach additional sheets, if necessary.

Goï Falls Lake
Mitchellville, M

**CERTIFIED MAIL** ™

7003 2260 0005 4202 1648



UNITED STATES
POSTAL SERVICE

0000                22226

U.S. POSTAGE
PAID
CAPITOL HEIGHTS, MD
20791
APR 12
AMOUNT
$4.05
00086046118
MD-USPS-20791

Federal Deposit Insurance Corporation
Office of Diversity and Economic Opportunity
Attn: Michael P. Moran
Chief Complaints Processing Branch
Room 801-1237
3501 N. Fairfax Drive
Arlington, VA 22226-3500

**RETURN RECEIPT
REQUESTED**

# **EXHIBIT 15**

**(Merit Promotion Roster)**

ORIGINAL

## Merit Promotion Roster

| Location/Division/Office | Issue Date<br>9/20/04 |
|---|---|
| Division of Administration, Human Resources Branch, Human Resources Service Center, Operations Section, Washington, DC | Announcement No.<br>2004-HQ-2637 |
| | Position Title/Series/Grade<br>HUMAN RESOURCES SPECIALIST (INFO SYS & COMPENSATION)<br>CG-0201-07/09/11 |

**INSTRUCTIONS FOR SELECTING OFFICIAL:** The candidates listed below may be considered for the subject position. Selections from this roster must be made by the DUE DATE, which may be extended with approval from the Personnel Services Branch (PSB).

**Due Date: 11/19/04**

To assure full consideration, if one candidate is interviewed, every reasonable effort should be made to interview all candidates. After the review and interview process is complete, please select or non-select the candidates, indicating "S" for select and "NS" for non-select in the "Action" column below. If no selection is made, indicate the reason in the "Remarks" section. Please do not notify any of the candidates without prior concurrence of the Personnel Services Branch.

Sign, date and return this roster and all attachments to: PSB, Headquarters-Washington DC Personnel Services Sections. Questions may be addressed to the PSB Certifying Official who has signed in the space below.

| Applicants | Action |
|---|---|
| **CG-07 ELIGIBLES** | |
| CHAPPELL JOHNSON, DOROTHY L. | NS |
| FOREMAN, PAULA D. | NS |
| LITTLE, ROGER A. | S |
| PEARMON, KAREN M. | NS |
| PETTY, MICHELLE V. | NS |
| RICE, JUDITH A. | NS |
| **CG-09 ELIGIBLES** | |
| CHAPPELL JOHNSON, DOROTHY L. | NS |
| FOREMAN, PAULA D. | NS |
| LITTLE, ROGER A. | NS |
| PEARMON, KAREN M. | NS |
| PETTY, MICHELLE V. | NS |
| RICE, JUDITH A. | NS |
| **CG-11 ELIGIBLES** | |
| CHAPPELL JOHNSON, DOROTHY L. | NS |

**EXHIBIT**
tabbies
# 8   KH
11.29.07

Note: You are advised not to make any job offers or tentative job offers without the concurrence of your servicing personnelist.

Remarks:

| PSB CERTIFYING OFFICIAL<br>*Sharon Rawson* | TELEPHONE NUMBER<br>202-942-3357 |
|---|---|
| 'SELECTING OFFICIAL (Print and Sign Name) & DATE<br>*Lauren SDOtwa*  10/27/04 | DIV OFF APPROVING OFFICIAL & DATE<br>*Lois Cheney for Miguel Torrad*  10/29/04 |

JYP
10/28/04

FDIC Form 2110/19(1-94)

# EXHIBIT 16

**(Notice of Right to File)**

**Federal Deposit Insurance Corporation**
Room 801-1231, 3501 N. Fairfax Drive, Arlington, VA 22226-3500

Office of Diversity and Economic Opportunity

March 17, 2005

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
#7000 1530 0000 2923 2101

Ms. Dorothy Chappell-Johnson
901 Falls Lake Drive
Mitchellville, Maryland 20741

RE: FDICEO-050017

SUBJECT:     Notice of Right to File a Formal Discrimination Complaint

Dear Ms. Chappell-Johnson:

On March 17, 2005, I conducted the final counseling interview with you. As we discussed, I am issuing this Notice of Right to File a Formal Discrimination Complaint ("NRTF") because the claim you brought to my attention was not resolved within the ninety (90) calendar day informal Equal Employment Opportunity ("EEO") counseling period. See 29 C.F.R. § 1614.105.

On December 28, 2004, you elected to participate in the EEO Mediation Program to pursue resolution of your claim. The issuance of this Notice does not preclude you from continuing to pursue resolution of your claim through the mediation process. Also, your decision to file a formal complaint will not preclude you from continuing the mediation. However, the time limit for filing a formal complaint is not tolled because you are a participant in the EEO Mediation Program. **If you want to file a formal discrimination complaint based on race, color, religion, sex, sexual orientation, parental status, genetic information, national origin, physical or mental disability, age, and/or reprisal, you must do so within the time limit and in the manner discussed below.**

Your formal discrimination complaint must be in writing, signed, and filed **within fifteen (15) calendar days from the date you receive this Notice.** You may complete the enclosed FDIC Complaint Discrimination Form (FDIC 2710/01). If you elect to use the enclosed FDIC Complaint Discrimination Form, please provide all the information requested, sign and submit the completed form by mail or delivery in-person to any of the following Agency officials authorized to receive formal discrimination complaints:

FEDERAL DEPOSIT INSURANCE CORPORATION
ATTN: DONALD POWELL, CHAIRMAN
550 17TH STREET, NW
WASHINGTON, DC 20429-0002

or

NRTF – Chappell-Johnson, Dorothy
March 17, 2005

FEDERAL DEPOSIT INSURANCE CORPORATION
OFFICE OF DIVERSITY AND ECONOMIC OPPORTUNITY
ATTN: D. MICHAEL COLLINS, DIRECTOR
ROOM 801-1201
3501 N. FAIRFAX DRIVE
ARLINGTON, VA  22226-3500

or

FEDERAL DEPOSIT INSURANCE CORPORATION
OFFICE OF DIVERSITY AND ECONOMIC OPPORTUNITY
ATTN: MICHAEL P. MORAN
CHIEF COMPLAINTS PROCESSING BRANCH
ROOM 801-1232
3501 N. FAIRFAX DRIVE
ARLINGTON, VA  22226-3500

In addition, if you mail a formal complaint, please send a copy of the complaint and any related
documents and correspondence by facsimile to (202) 416-4295. Since the middle of September
2001, mail delivery to federal agencies in the Washington, DC area has been delayed due to
concern about anthrax contamination. Given the unprecedented and unpredictable circumstances
affecting the mail system at this time, we appreciate your assistance in insuring timely receipt of
these important documents by submitting copies of all mailed materials by facsimile.

A formal discrimination complaint is deemed timely if it is received by facsimile or postmarked
before the expiration of the 15-day filing period. If you do not send a copy of the formal
complaint via facsimile and the postmark is not legible, it will be deemed timely if it is received
by mail within five (5) calendar days of the expiration of the filing period.

Your formal discrimination complaint must be specific and contain only the claims that you
discussed with me, or that are like or related to the claims that you discussed with me. If your
formal complaint includes a claim or claims that you have not previously discussed with me, you
may be referred back to EEO counseling on any claim(s) that are not like or related to the
claim(s) for which you already received counseling.

Your formal discrimination complaint must also state whether you have filed a grievance under a
negotiated grievance procedure, or an appeal to the Merit Systems Protection Board on the same
claims.

NRTF – Chappell-Johnson, Dorothy
March 17, 2005

If you retain an attorney, or any other person to represent you, you must immediately notify
ODEO in writing.  A Designation of Representative form is enclosed for your use.  You must
also inform ODEO of your current mailing address if it changes at any time throughout the
processing of your formal discrimination complaint.

Additional information about the formal discrimination complaint process is contained in the
enclosed Rights and Responsibilities of Individuals in the EEO Counseling Process.  If you have
any questions, please contact Susan Berman, Chief, Informal Cases Processing Section, at (202)
416-2148 or Mike Moran, Chief, Formal Complaints Processing at (202) 416-2014.

Sincerely,

Gaye T. Walker
EEO Counselor

Enclosures:

      FDIC Formal Discrimination Complaint Form
      Designation of Representative Form
      Rights and Responsibilities of Individuals in the EEO Process Enclosures



## Track & Confirm

### Current Status

You entered 7000 1530 0000 2923 2101

Your item was delivered at 3:49 pm on March 28, 2005 in BOWIE, MD
20715.

 Shipment Details >

### Notification Options

▸ Track & Confirm by email    What is this?    Go >



POSTAL INSPECTORS    site map  contact us  government services
Preserving the Trust    Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use Privacy Policy

# EXHIBIT 17

**(Plaintiff's Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents)**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DOROTHY CHAPPELL-JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 06-01074 (RCL) |
| | ) | |
| SHEILA C. BAIR, Chairman | ) | |
| Federal Deposit Insurance Corporation | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S ANSWERS TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES

The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes knowledge of that party, its agents, representatives and attorneys, unless privileged.

The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and thus does not necessarily purport to be the precise language of the executing party.

**Interrogatory No. 1**: Identify and describe in full and complete detail each and every act and/or omission on the part of the agency, which constitutes the basis of your discrimination and/or retaliation claims and, as to each and every such act and/or omission:

    a.     identify the specific personnel decision or act for which you are seeking relief, including the date(s) and a summary thereof;

    b.     identify the person(s) alleged to have committed the alleged discriminatory act or omission, or who you contend are responsible for the personnel decision or act for which you are seeking relief;

    c.     identify each person who witnessed or had knowledge of the act or omission;

    d.     state all facts upon which you have based your allegation that the specific personnel decision or act constitutes an act of discrimination or retaliation; and

    e.     state specifically how the specific personnel decision or act for which you



EXHIBIT

4

4·20·07   N. M.

are seeking relief was adverse to you.

**ANSWER:**     See Report of Investigation (ROI) for FDICEO-050017.  In addition, plaintiff

states that Shirley Purnell was the selecting official for the position vacancy for which plaintiff

was not selected.  Ms. Purnell was aware of plaintiff's prior protected activity, and in selecting a

younger male, Ms. Purnell engaged in unlawful discrimination and retaliation.  Moreover,

plaintiff had told the recommending official, Lorinda S. Potucek, about plaintiff's prior protected

activity.

Plaintiff had demonstrated that she possessed the pay skills, abilities, and experience as

identified as required in the vacancy announcement, more so than possessed by the selectee.

Plaintiff possessed stellar credentials relating to the requirements of the vacant position, as

reflected in the vacancy announcement, and conducted herself extremely well during the

interview; however, plaintiff was not selected for the vacant position, which would have been a

promotion and an increase in pay for plaintiff, with additional promotion potential in the future.

**Interrogatory No. 2:** With regard to your contention that Vacancy Announcement No. 2004-HQ-2637 entailed duties that you had performed in the past (complaint, paragraph 7), identify (i) each of the duties of the vacancy you are referring to, (ii) in what capacity, for whom, and to what extent you performed each such duty in the past, and (iii) any facts that support your contention that you had "outstanding credentials and prior experience in the work areas identified for the position."

**ANSWER:**     See ROI for FDICEO-050017.  The information contained in plaintiff's resume/

application in the ROI demonstrates that plaintiff had previously held the position that was being

advertised in Vacancy Announcement No. 2004-HQ-2637 and that she had held that position as a

supervisor.  As such, plaintiff served as a senior technical advisor and was responsible for the

entire process of manual payments.  Moreover, in her prior capacity in the vacancy being

announced in the instant matter, plaintiff worked closely with senior staff and management officials without the necessity for close supervision.

**Interrogatory No. 3:** If you contend that you were better qualified then the selectee for Vacancy Announcement No. 2004-HQ-2637, then identify each area in which you contend that your qualifications were better and state why your qualifications were better. Also identify each area in which the selectee's qualifications were better and why, and each area in which your qualifications and the selectee's qualifications were equivalent and why.

**ANSWER:** See ROI for FDICEO-050017. The information contained in plaintiff's resume/ application in the ROI demonstrates that plaintiff had previously held the position that was being advertised in Vacancy Announcement No. 2004-HQ-2637 and that she had held that position as a supervisor. As such, plaintiff served as a senior technical advisor and was responsible for the entire process of manual payments, while the selectee only worked with certain aspects of manual payments. Moreover, in her prior capacity in the vacancy being announced in the instant matter, plaintiff worked closely with senior staff and management officials without the necessity for close supervision.

**Interrogatory No. 4:** With respect to your claim of retaliation, please explain fully the basis of your retaliation claim including, but not limited to, the protected EEO activity that forms the basis of the claim, the manner in which you were retaliated against and by whom.

**ANSWER:** Objection to the extent that this interrogatory seeks information concerning claims that are currently being litigated in separate civil actions. Without waiving said objection, plaintiff states that Ms. Purnell and Ms. Potucek had knowledge of plaintiff's prior protected activity, including the facts and circumstances relating to plaintiff's prior, separate civil actions. In addition, Ms. Purnell was involved in providing information to management regarding plaintiff during the underlying administrative process by defendant FDIC. The aforementioned represents the retaliatory basis for the instant civil action.

- 3 -

**Interrogatory No. 5:** Identify in detail any conversations or interviews with any person(s) regarding any of the allegations that the actions of the defendant amounted to unlawful discrimination, retaliation, or violation of the law, and identify each and every statement from, or summary of the conversation or interview with, such person(s).

**ANSWER:**    Objection to the extent that this interrogatory seeks information that is under the

control of defendant.  As discovery is ongoing, plaintiff cannot know all "conversations or

interviews with any person(s) regarding any of the allegations [of defendant's] discrimination,

retaliation, or violation of law."  Without waiving said objection, see ROI for FDICEO-050017

and these answers to interrogatories.  In addition, plaintiff had discussions with several

employees, including Brent Bracely, Priscilla McCutcheon, Rosetta Jones, Mary Bass, and Linda

Collins about her non-selection and that defendant and Ms. Purnell continued to discriminate and

retaliated against her.  Plaintiff believes that, during these conversations with some and possibly

all of the aforementioned individuals, the issues of discrimination and reprisal were mentioned

and/or discussed.

**Interrogatory No. 6:** Identify each person who you believe has knowledge of the facts set forth in your complaint and describe each such person's knowledge.

**ANSWER:**    Objection to the extent that this interrogatory seeks information that is under the

control of defendant.  As discovery is ongoing, plaintiff cannot know every person who has

knowledge of the facts in this matter.  Without waiving said objection, see ROI for FDICEO-

050017 and these answers to interrogatories for the identity of individuals with knowledge of the

instant matter and the extent of their knowledge, as plaintiff is aware at this time.

**Interrogatory No. 7:**    Identify each person that you will or may call as a witness at trial and summarize the expected testimony of such person.

**ANSWER:**    Objection to the extent that this interrogatory seeks information that is under the

- 4 -

exclusive control of the defendant, to wit, addresses and telephone numbers for current and/or

former employees of defendant. Without waiving said objection, plaintiff states that, while

discovery is ongoing, she has not made a final determination as to whom she may and/or will call

as a witness at trial. However, plaintiff anticipates that she may call any and/or all of the

individuals identified in the ROI for FDICEO-050017, and that those individuals' expected

testimony would be as reflected in documents contained therein and as regards discussions they

had with plaintiff as identified in these answers to interrogatories. Plaintiff may call Brent

Bracely and Priscilla McCutcheon, former FDIC employees for whom the agency has addresses

and telephone numbers, to testify concerning the discussions that they and plaintiff had after

plaintiff was not selected for the vacant position, as well as their knowledge of plaintiff's

incident with shingles. Plaintiff may also call Rosetta Jones (an employee working for EPA),

Mary Bass, and Linda Collins to testify concerning the discussions that they and plaintiff had

after plaintiff was not selected for the vacant position. Plaintiff will supplement this answer as

additional information is known.

**Interrogatory No. 8:** Please state, <u>with specificity</u>, an explanation of the relief sought, including, but not limited to the following: (a) the nature of any damages, equitable or other relief; (b) how you calculated each item claimed; and (c) the facts that support each item claimed (including, without limitation, fact supporting the claim that "plaintiff has suffered and continues to suffer a loss of pay, severe curtailment of career opportunities, personal and professional humiliation, as well as emotional pain and suffering and career damage" as alleged in the complaint, paragraphs 10, 12 and 14).

**ANSWER:**    Plaintiff's injuries from defendant's unlawful discriminatory conduct are in the

nature of personal and professional humiliation and loss of enjoyment of life, as well as loss of

pay and curtailment of career and promotion opportunities, when plaintiff was not selected for

the vacant position. In addition, plaintiff's injuries entail mental and emotional pain and

suffering. Computations of damages for all of the above-mentioned injuries do not lend

themselves to an exact measure. Therefore, for all of this, plaintiff seeks compensatory damages

to the maximum extent allowed by law and awarded by the jury.

In addition, plaintiff seeks retroactive promotions through the CG-11 (effective

November 3, 2004), CG-12 (effective November 3, 2005), and CG-13 (effective November 3,

2006) grades, with full back pay (plus interest thereon); retroactive award of bonuses and awards

to plaintiff for the period November 2004 through the present, plus interest thereon; and an

amount equal to plaintiff's back pay as liquidated damages under the ADEA. Further, plaintiff

seeks payment for the cost of this litigation, as well as during the underlying administrative

processes, including attorneys' fees and legal expenses.

**Interrogatory No. 9:** If you have ever suffered or sought treatment or counseling for any
physical, nervous, emotional or mental illness or disorder that you claim is related to the claims
alleged in the complaint, state or identify with particularity; the nature, extent, and duration of
each illness or disorder; identify each health care provider whom you have consulted or who has
treated you with respect to such illness or disorder; and if you contend that such illness or
disorder was caused by defendant's conduct, identify all evidence and documents supporting
your contentions.

**ANSWER:**    None.

**Interrogatory No. 10:**       Please describe in detail each and every act which you contend
constituted an adverse personnel action or that was unlawfully taken against you and for each
describe any and all adverse consequences affecting the terms, conditions, or privileges of your
employment that resulted from the act.

**ANSWER:**    See ROI for FDICEO-050017. In addition, plaintiff states that Lorinda S. Potucek

and Shirley Purnell were responsible for not selecting plaintiff for the position vacancy which is

at issue in the instant matter. Both Ms. Potucek and Ms. Purnell were aware of plaintiff's prior

protected activity, and in selecting a younger male, they engaged in unlawful discrimination and

retaliation, which altered plaintiff's terms, conditions, and privileges of her employment in the

form of a loss of pay and promotion and career opportunities.

**Interrogatory No. 11:**    With regard to your contention (complaint, paragraph 7) that you were "placed on the Best Qualified List," state your understanding as to the procedures and people involved in compiling "the Best Qualified List." Also state your understanding of the procedure involved in the final selection of a qualified individual for the Human Resources Specialist position advertised in Vacancy Announcement No. 2004-HQ-2637.

**ANSWER:**    Plaintiff is not aware of the individuals involved in compiling "the Best Qualified

List" for a particular vacancy announcement. However, based on an applicant's resume/

application, that individual is placed on "the Best Qualified List" or not. Plaintiff's

understanding is that the best qualified list consists of those applicants who possess the

knowledge, skills, and abilities as listed in the vacancy announcement. Plaintiff understands that

the final selection of an individual for a position vacancy is supposed to be based upon that

applicant's resume/application and his/her knowledge, skills, and abilities concerning the

position as described in the vacancy announcement. In the instant matter, see ROI for FDICEO-

050017.

**Interrogatory No. 12:**    If you have ever complained, formally or informally, in writing or orally, to any entity or individual (including without limitation, any Equal Employment Opportunity counselor or staff member) alleging that an entity or individual has discriminated against you (other than the complaint that forms the basis of the above-captioned action), describe in detail for each such complaint the entity or individual contacted, the date(s) of such contacts, the subject matter(s) of the contacts, the facts of the alleged discrimination, and the resolution, if any, of your complaint.

**ANSWER:**    Objection to the extent that this interrogatory is unduly burdensome for the

plaintiff in that it seeks information that is under the control and/or in the possession of

defendant. Without waiving said objection, plaintiff's EEO files maintained by the defendant

contain information regarding the informal counseling process, as well as the formal complaint

- 7 -

process to which plaintiff has availed herself after being subjected to discriminatory and

retaliatory treatment by defendant. The records on file with the defendant regarding plaintiff's

participation in the EEO complaint process are easily accessible to defendant. See also ROI for

FDICEO-050017.

**Interrogatory No. 13:**       Are you aware that Roger Little, the selectee for Vacancy
Announcement No. 2004-HQ-2637, is an African-American man?  State the basis for your claim
(complaint, paragraphs 9-10) that you were discriminated against based on your race.

**ANSWER:**    Plaintiff is aware that Roger Little is African-American. In this regard, plaintiff

withdraws her claim of race discrimination.

**Interrogatory No. 14:**       Identify all other FDIC employees and/or former employees who
you contend were similarly situated to you and were treated more favorably.

**ANSWER:**    Objection to the extent that this interrogatory seeks information that is under the

exclusive control of the defendant, to wit, addresses and telephone numbers for current and/or

former employees of defendant, as well as documentary evidence of employees who have

engaged in protected activity. Without waiving said objection, plaintiff states that the selectee,

who was younger and not otherwise in plaintiff's protected class(es), was similarly situated to

plaintiff and was treated more favorably than plaintiff when he was selected for the vacancy

despite not being as qualified as plaintiff. In addition, plaintiff has information that other

younger FDIC employees, Debbie Gonsa and Catherine Stephens, had approached management

officials and complained of not being promoted. As a result of their complaints, higher-graded

positions were created for them and they were promoted.

I hereby affirm under penalty of perjury that the foregoing interrogatory responses are true and correct to the best of my knowledge and belief.

_March 29, 07_
Date

_Dorothy Chappell-Johnson_
Dorothy Chappell-Johnson

## CERTIFICATE OF SERVICE

I hereby certify that on 29th day of March 2007 a copy of Plaintiff's Answers to Defendant's First Set of Interrogatories was provided by facsimile ((703) 562-2475) and by mail, postage prepaid to: William S. Jones, Esq., Federal Deposit Insurance Corporation, 3501 N. Fairfax Drive, Arlington, Virginia 22226.

_James E. Simpson_
James E. Simpson
SWICK & SHAPIRO, P.C.

# **EXHIBIT 18**

**(Potucek Affidavit)**

EXHIBIT F2

```
┌─────────────────┐
│    EXHIBIT      │
│  # 11          ⚡│
│  ─────────────  │
│   11.29.07      │
└─────────────────┘
```

## AFFIDAVIT

**WASHINGTON, DC**

I, Lorinda S. Potucek (DOB: 10/2/48, no EEO complaint activity), Conanan Consent Decree Compliance Officer and Headquarters Human Resources Officer for Operations, CM-1, make the following statement freely and voluntarily to Charlester Williams, who has identified himself to me as a Contract EEO Investigator for the following federal agency: FDIC, investigating a complaint of discrimination filed by, knowing that this statement may be used in evidence. I understand that this statement is not confidential and may be shown to the interested parties (those with a legal right to know). I solemnly swear or affirm the following:

Q.    What was your involvement in the selection at issue?

A.    I served as the Recommending Official for the selection made under Vacancy Announcement 2004-HQ-2637. Although technically I am considered the Recommending Official, I essentially made the selection that was signed off on by my boss, who under the regulations has to sign off on the selections as the Selecting Official. My boss did so, based entirely on the recommendation/selection put forwarded by me.

I took my recommendation to my boss, Shirley Purnell, who signed off as the Selecting Official. She signed as the selecting official based entirely on my recommendation or in essence my selection. She had to sign the form as the Selecting Official as a matter of course.

Q.    At the time of your involvement in this matter were you aware of the Complainant's prior EEO complaint activity?

A.    I personally had no knowledge of the Complainant's prior EEO complaint activity. I do not serve in the Complainant's supervisory chain and she does not work in Human Resources Operations. Accordingly, I would have no reason to know of her prior EEO activity as I am not a manager in her chain of command. Likewise, I was not aware of the Complainant's age at the time of my involvement in this matter.

Q.    Please explain why the Complainant was not selected for the position. In doing so, please compare her qualifications to that of the Selectee?

A.    I was charged with hiring a Human Resources Specialist (Information Systems and Compensation). The main skill set that I was seeking in a candidate was payroll and personnel systems expertise, creating excel spreadsheets, creating MS Access databases to calculate pay data, creating tracking systems and quality control systems. All this is to say that I was seeking someone who had expertise in a multitude of software applications who could interface with the IT Departments in FDIC and outside of FDIC in order to resolve IT and compensation issues. I also needed someone with excellent oral and written communication skills.

Q.    Why were these skill sets necessary to the position at issue?

A.    To resolve payroll and personnel issues, the incumbent interfaces with the National Finance Center, OPM, other government agencies, and FDIC regional offices. The incumbent supplies various reports to these customers concerning payroll and personnel matters, to include reduction in force, delegated examining reports, retained and day reports, merit promotion case file reports, etc. Generating these kinds of reports requires expertise in a variety of software applications so the incumbent can best decide how to meet the customer needs. I noticed that it would benefit my organization to place someone in the announced position who had these skills. It needs to be understood at the time that I was charged with this selection, I was relatively new to my Human Resources Operation position. Greg Talley, the former Assistant Director for Human Resources Information Management and Payroll, advised me that the interface between my Operations unit and his organization would be greatly enhanced by my placing in the announced position an individual who had expertise in software applications and quality review enhancements. He further brought to my attention that the regional Human Resources Offices had incumbents with the aforementioned skill set and I did not. Based on his lead and guidance, considering he was an expert in the IT area, I focused my requirements on software application knowledge and expertise.

Using software applications knowledge and expertise as my focus, I found the Selectee the best qualified and indeed more qualified than the Complainant. The Selectee's application showed where he had broader software application knowledge than the Complainant. In Attachment A, paragraph 1 of the Selectee's application, the Selectee outlines a multitude of database systems he is an expert in and has worked with. Although the Complainant's application details a wealth of experience it did not lay out the software program areas that she had a working knowledge of or expertise in. Whatever expertise in the software application area she did speak to in her application it was not as extensive as that expertise detailed in the Selectee's application. This was the main reason why I found the Selectee better qualified than the Complainant.

In addition, I was also seeking a candidate who had excellent communication skills. This was important because the incumbent has to constantly interface with customers by way of e-mails, telephone, reports, etc. The Selectee had been working directly under my charge for five and a half months prior to his selection. I noticed his extraordinary communication skills. When I worked with him in resolving payroll and personnel action issues his knowledge of software programs was extensive, which allowed him to exercise creativity in the approach and resolution of payroll and personnel actions. Although I had never worked with the Complainant the feedback that I got from the interview panel that I convened was that the Selectee had a superb interview and the Complainant did not come across as well as he did during the interview as it relates to overall communication skills.

Q.    Please address this argument by the Complainant: I was better qualified for the subject position than the person selected because I previously served in the announced position at the CG-11 level for about three to four years. Indeed, I was the Selectee's supervisor when I served in the position at the grade 11 level. I had performed all of the

functions that were required by way of the vacancy announcement. The selectee had not. For instance, the position asked for experience in child support, alimony, and garnishments. The incumbent is responsible for receiving alimony data and child support collection data from the courts, as well as garnishment information and orders from the IRS and other sources. The incumbent is required to inform the FDIC employees that the child support, garnishment, or alimony actions are about to take place against the employee. Thus, the candidates for the announced position had to have the necessary experience in inputting this data into the database systems and in working with the employees on a professional basis regarding such delicate matters. As stated I had this skill set and experience from having performed these exact duties in the announced position while the Selectee did not have this experience.

A.    I will not say whether the Complainant had more experience than the Selectee in garnishments, child support, alimony, and back pay cases. The Selectee has experience in those areas as well. Since these categories are a very small percentage of what the job requirements are, perhaps less than 10%, I was not concerned with who had the greatest experience in those areas. Indeed, if you look at the introduction of the position description it specifies that the job focuses on "various automated HR Systems and processes" and "will serve as a trouble shooter and super user of HR automated systems." Thus, processing child support and garnishment cases and working with FDIC employees on such matters are not highlighted or framed as the focus of the position. The problem the Complainant appears to have is that she is trying to judge the job as she remembered it to be years ago when she encumbered a similar job. The job has changed significantly because of the evolution of information technology requirements.

Q.    Please address this argument by the Complainant:  I believe I was better qualified than the Selectee also in the requirement of "assistance to employees and administrative staff on personnel procedures and processes." The reason why this requirement or skill set was in the announcement is because the incumbent is required to explain personnel procedures and processes to employees and upper management. I had stronger skills in this area than the Selectee because I was responsible for training numerous employees and administrative staff on personnel procedures while serving in the announced position. The Selectee did not have the level of training experience that I had, and I know this because, as stated, I served as his supervisor."

A.    The Complainant may have conducted training in the past but as I explained earlier the indications that I had received from the individuals who had conducted the interviews was that her communicative skills were lacking and without doubt not stronger than the Selectee's communicative skills.

Q.    For the two year period November 1, 2002 to November 1, 2004, did you make any other selections?

A.    For the two-year period October 2002 to October 2004, I made two selections other than the one at issue. Indeed, these other two selections were made a week apart

from Mr. Little's selection. To show that I did not use sex as a prohibitive selection criterion, it should be noted that the other two individuals I selected during this time were females, the same sex as the Complainant.

Paula Foreman -
GS 59
Personnel Management Specialist GS - " 9

Joyce Orr
Personnel - GS-9/11
Dob unknown
Jan. 14/69

I have read this statement, consisting of ___4___ pages, and it is true, complete, and correct to the best of my knowledge and belief.


X ___*Lourdes J Potucek*___
**Signature of Affiant**


___*August 8, 2005*___
**Date**


Signed and sworn to before me

on this ___*8*___ day of ___*8*___, 2005,

at ___*DC*___.


_____
**Neutral witness, notary, or Investigator**

**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive (Room 801-1231), Arlington, VA 22226-3500

Office of Diversity and Economic Opportunity

## NOTICE OF RIGHTS OF WITNESSES
## IN
## EEO INVESTIGATIONS

Pursuant to the provisions at 29 C.F.R. §1614.108, federal agencies are required to investigate all aspects of discrimination complaints. The investigation shall include a thorough review of the circumstances under which the alleged discrimination occurred, and the treatment of members of the complainant's protected group(s) as compared with the treatment of other employees in the organizational segment in which the complaint arose.

All employees having any knowledge of the matter complained of are required to cooperate with the investigator who is conducting the investigation. The investigator is authorized to administer oaths and require that statements of witnesses be reduced to an affidavit. The witness must swear to or affirm to the truth of the statements before the investigator or a third party, without a pledge of confidentiality. The investigator is also authorized to obtain copies of relevant employment records, policy statements, and regulations.

As a witness, you have the following rights:

1.    To be provided a Notice of Authorization that identifies the investigator and explains the investigator's authority and responsibility in the conducting the investigation.

2.    To have a representative present at any meeting/discussion with the investigator. The representative can advise you on how to respond to the investigator, but cannot respond for you.

3.    To receive sufficient information concerning the claim(s) and basis(es) of the complaint and circumstances under which the complaint arose in order for you to accurately respond to the questions posed by the investigator.

4.    To be provided access to documents you previously prepared or had access to, if they are necessary for you to review in order to respond to questions posed by the investigator.

5.    To review your affidavit and make corrections or other changes prior to signing the affidavit.

I HAVE READ AND UNDERSTAND MY RIGHTS AS A WITNESS IN EEO INVESTIGATIONS.

WITNESS: _Louise D Potucek_    DATE: _Aug. 8. 2005_