## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
**DOROTHY CHAPPELL-JOHNSON,**             )
                                          )
    **Plaintiff,**                       )
                                          )
      **v.**                          )     **Case No. 1:06-cv-01074-RCL**
                                          )
**SHEILA M. BAIR,**                       )
**Chairman,**                             )
**Federal Deposit Insurance Corporation,**)
                                          )
    **Defendant.**                       )
_____)


## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
## TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

William S. Jones
Georgia Bar No. 404288
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6006)
Arlington, VA 22226
(703) 562-2362
(703) 562-2482 (Fax)

Patricia Davison-Lewis
D.C. Bar No. 414378
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6010)
Arlington, VA 22226
(703) 562-2315
(703) 562-2482 (Fax)


Attorneys for Defendant

July 24, 2008

# TABLE OF CONTENTS

I.     INTRODUCTION ....................................................................................................1

II.    THE UNDISPUTED FACTS SUPPORT SUMMARY JUDGMENT
       FOR THE FDIC ......................................................................................................2

       A.     Plaintiff has not controverted salient material facts, which should
              therefore be deemed admitted ..................................................................2

       B.     Plaintiff has asserted that certain issues of fact are disputed, but such
              assertions are not supported by the record evidence, are based on Plaintiff's
              mischaracterizations of record evidence, or are mere argument.............................4

III.   ARGUMENT AND AUTHORITIES.............................................................................14

       A.     Defendant is entitled to summary judgment on Plaintiff's age and sex
              discrimination claims, because Plaintiff has failed to present sufficient facts
              that would enable a reasonable jury to find in her favor on these claims.............14

       B.     The issues raised by Plaintiff do not raise an inference of pretext ........................16

              1.   Ms. Potucek's deposition testimony concerning Mr. Torrado's
                   offhand remark about Plaintiff's prior EEO complaint does not raise
                   a reasonable inference that she "was covering up her unlawful
                   motives" as alleged by Plaintiff ....................................................................16

              2.   Although the panel's interview notes are unavailable, the
                   panel members' testimony as to who they determined to be
                   the top candidate is unequivocal ....................................................................17

              3.   Plaintiff's argument that she was better qualified does not raise
                   a reasonable inference of discrimination .........................................................18

       C.     Defendant is entitled to summary judgment on Plaintiff's retaliation
              claim, because Plaintiff has failed to present sufficient facts that would
              enable a reasonable jury to find in her favor on this claim....................................21

              1.   It is undisputed that the interview panel members had no knowledge
                   of Plaintiff's prior EEO activity....................................................................21

              2.   Plaintiff has not raised a reasonable inference that either Lorinda Potucek
                   or Shirley Purnell retaliated against her for her prior EEO activity ...............22

IV.    CONCLUSION..........................................................................................................24

# TABLE OF EXHIBITS

Exhibits Filed with Defendant's Motion for Summary Judgment (w/ECF designations)

1.  Acceptance of Formal Discrimination Complaint
    (ECF Doc. 17-4, pp. 1-4 of 10)

2.  Boosinger Affidavit (August 2, 2005)
    (ECF Doc. 17-4, pp. 5-10 of 10)

3.  Boosinger Deposition (November 16, 2007)
    (ECF Doc. 17-5)

4.  Boosinger Errata Sheet (December 19, 2007)
    (ECF Doc. 17-6, pp. 1-2 of 23)

5.  Campbell Affidavit (August 2, 2005)
    (ECF Doc. 17-6, pp. 3-7 of 23)

6.  Candidate Selection Recommendation
    (ECF Doc. 17-6, pp. 8-9 of 23)

7.  Chappell-Johnson Affidavit (August 5, 2005)
    (ECF Doc. 17-6, pp. 10-13 of 23)

8.  Chappell-Johnson Supplemental Affidavit (August 11, 2005)
    (ECF Doc. 17-6, pp. 14-23 of 23)

9.  Chappell-Johnson Deposition (April 20, 2007)
    (ECF Doc. 17-7)

10. [Reserved]
    (ECF Doc. 17-8, p. 1 of 50)

11. EEO Counselor's Report
    (ECF Doc. 17-8, pp. 2-6 of 50)

12. Final Agency Decision (March 10, 2006)
    (ECF Doc. 17-8, pp. 7-18 of 50)

13. FDIC Structured Interview – Guidance for Interviewers and Selecting Officials July 2003
    (ECF Doc. 17-8, pp. 19-22 of 50)

14. Formal Discrimination Complaint dated April 12, 2005
    (ECF Doc. 17-8, pp. 23-26 of 50)

15.  Merit Promotion Roster
     (ECF Doc. 17-8, pp. 27-28 of 50)

16.  Notice of Right to File dated March 17, 2005
     (ECF Doc. 17-8, pp. 29-33 of 50)

17.  Plaintiff's Responses to Defendant's First Set of Interrogatories and Requests for
     Production of Documents
     (ECF Doc. 17-8, pp. 34-43 of 50)

18.  Potucek Affidavit (August 8, 2005)
     (ECF Doc. 17-8, pp. 44-50 of 50)

19.  Potucek Deposition I (November 16, 2007)
     (ECF Doc. 17-9)

20.  Potucek Deposition II (November 29, 2007)
     (ECF Doc. 17-10)

21.  Potucek Deposition I Errata
     (ECF Doc. 17-11, pp. 1-2 of 20)

22.  Potucek Deposition II Errata
     (ECF Doc. 17-11, pp. 3-5 of 20)

23.  Potucek Supplemental Affidavit (September 2, 2005)
     (ECF Doc. 17-11, pp. 6-7 of 20)

24.  Potucek Supplemental Affidavit II (February 1, 2008)
     (ECF Doc. 17-11, pp. 8-16 of 20)

25.  Purnell Affidavit (August 29, 2005)
     (ECF Doc. 17-11, pp. 17-20 of 20)

26.  Purnell Deposition II (November 16, 2007)
     (ECF Doc. 17-12)

27.  Purnell Deposition II Errata (December 26, 2007)
     (ECF Doc. 17-13, pp. 1-4 of 17)

28.  Structured Interview Questions
     (ECF Doc. 17-13, pp. 5-7 of 17)

29.  Talley Affidavit (August 4, 2005)
     (ECF Doc. 17-13, pp. 8-12 of 17)

30.   Vacancy Announcement No. 2004-HQ-2637
       (ECF Doc. 17-13, pp. 13-17 of 17)

<u>Additional Rebuttal Exhibits</u>

31.   Complaint in *Chappell-Johnson v. Powell*, Civil Action No. 03-1557-RCL

32.   *Chappell-Johnson v. Powell*, slip opinion, No. 04-5426 (D.C. Cir. June 23, 2005)

33.   Defendant's Reply Brief filed 12/12/03 in Civil Action No. 03-1557-RCL (first page)

34.   Merit Promotion Roster, showing selection of Paula Foreman and Joyce Orr
       by Lorinda Potucek as Selecting Official on 10/27/04

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                                                    |     |                            |
| -------------------------------------------------- | --- | -------------------------- |
| **DOROTHY CHAPPELL-JOHNSON,**                      | )   |                            |
|                                                    | )   |                            |
| **Plaintiff,**                                     | )   |                            |
|                                                    | )   |                            |
| **v.**                                             | )   | **Case No.: 06-cv-01074-RCL** |
|                                                    | )   |                            |
| **SHEILA M. BAIR,**                                | )   |                            |
| **Chairman,**                                      | )   |                            |
| **Federal Deposit Insurance Corporation,**         | )   |                            |
|                                                    | )   |                            |
| **Defendant.**                                     | )   |                            |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION**
**TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.  INTRODUCTION**

Plaintiff Dorothy Chappell-Johnson, who is currently a CG-9 Human Resources Specialist (Benefits) employed by the Federal Deposit Insurance Corporation ("FDIC" or "Agency") in its Division of Administration ("DOA") in Arlington, Virginia, has alleged gender and age discrimination, as well as retaliation, in connection with her non-selection for Vacancy Announcement No. 2004-HQ-2637, Human Resources Specialist (Info Sys & Compensation), CG-201-7/9/11, in October 2004.  The FDIC has asserted legitimate, non-discriminatory reasons for selecting Roger Little, a younger, African-American[1] male, for the position.  In her opposition to the FDIC's pending motion for summary judgment, Plaintiff has not produced

---

[1] As indicated in Defendant's Motion for Summary Judgment ("MSJ"), Plaintiff, an African-American female, has abandoned a claim of race discrimination that was originally asserted in her complaint.  Plaintiff continues to have pending claims of race discrimination in two other cases pending before this Court, Civil Action Nos. 03-1557-RCL and 06-314-RCL.

1

sufficient evidence for a reasonable jury to find that the Agency's asserted non-discriminatory

reasons for selecting Mr. Little were not the actual reasons or that the Agency intentionally

discriminated or retaliated against her.  Accordingly, Defendant is entitled to summary judgment.

## II.  THE UNDISPUTED FACTS SUPPORT SUMMARY JUDGMENT
## FOR THE FDIC

**A.    Plaintiff has not controverted salient material facts, which should therefore be deemed admitted.**

This Court's Local Rules provide:

> Each motion for summary judgment shall be accompanied by a statement of
> material facts as to which the moving party contends there is no genuine issue,
> which shall include references to the parts of the record relied on to support the
> statement.  An opposition to such a motion shall be accompanied by a separate
> concise statement of genuine issues setting forth all material facts as to which it is
> contended there exists a genuine issue necessary to be litigated, which shall
> include references to parts of the record relied on to support the statement.  . . .
> In determining a motion for summary judgment, the court may assume that facts
> identified by the moving party in its statement of material facts are admitted,
> unless such a fact is controverted in the statement of genuine issues filed in
> opposition to the motion.

LCvR 7(h).  Plaintiff's Statement of Genuine Issues (ECF Doc. 25-2) does not address or

controvert many of the salient facts set forth in Defendant's Local Rule 7(h) Statement of

Material Facts as to Which There Is No Genuine Issue (ECF Doc. 17-2).[2]  Accordingly, all of the

facts set forth below should be deemed admitted in determining the pending motion for summary

judgment, pursuant to LCvR 7(h):

> Defendant's Fact No. 1.   Dorothy Chappell-Johnson is currently a CG-9 Human
> Resources Specialist (Benefits) employed by the FDIC in its Division of
> Administration in Arlington, Virginia.   Complaint, ¶4 at 2; Chappell-Johnson
> Deposition (Ex. 9) at 33.

---

[2] In section III of Plaintiff's Statement of Genuine Issues ("Pl. St. Issues"), entitled "Specific
Responses to 'Defendant's Statement of Material Facts as to Which There Is No Genuine
Issue,'" Plaintiff does not address or controvert Defendant's statements of fact numbered 1-3, 9-
10, 17-20, and 22.

<u>Defendant's Fact No. 2</u>.  At the time of the selection at issue in this case, Plaintiff was employed as a Human Resources Specialist, CG-201-9, in the Division of Administration.  Final Agency Decision (Ex. 12) at 2.

<u>Defendant's Fact No. 3</u>.  On August 24, 2004, the Human Resources Specialist (Info Sys & Compensation) CG-201-07/09/11 position at issue was advertised under Vacancy Announcement Number 2004-HQ-2637.  Vacancy Announcement (Ex. 30); Chappell-Johnson Aff. (Ex. 7) at 1.  Plaintiff applied for the position. *Id.*

<u>Defendant's Fact No. 9</u>.  Pursuant to structured interview procedures, each candidate for the position was asked the same questions.  Boosinger Aff. (Ex. 2) at 2; Structured Interview Questions (Ex. 28).

<u>Defendant's Fact No. 10</u>.  The questions were drafted to allow each candidate to demonstrate skills and abilities set forth in the vacancy announcement.  Boosinger Aff. (Ex. 2) at 2.

<u>Defendant's Fact No. 17</u>.  Plaintiff was interviewed exactly as everyone else on the merit promotion roster was, but was not referred to the selecting official as one of the top candidates.  After the interviewers referred Mr. Little and Ms. Foreman to the selecting official as the two top candidates, Ms. Potucek determined that between the two candidates who were referred, Mr. Little possessed more impressive, relevant, and recent experience for the position being filled.  <u>See</u> Boosinger Aff. (Ex. 2) at 2; Campbell Aff. (Ex. 5) at 1; Potucek Dep. II (Ex. 20) at 171.

<u>Defendant's Fact No. 18</u>.  Although Plaintiff's resume states that she trained management and other personnel specialists on the PERFORM appraisal system, the Agency stopped using that system years ago.  <u>See</u> CJ Dep. (Ex. 9) at 117-118, 129; Potucek Supp. Aff. II (Ex. 24) at 3.

<u>Defendant's Fact No. 19</u>.  Plaintiff has no real knowledge of what work the selectee performed after 1996.  Chappell-Johnson Dep. (Ex. 9) at 84-85.

<u>Defendant's Fact No. 20</u>.  No member of the interviewing panel had any knowledge of Plaintiff's prior EEO activity.  <u>See</u> Boosinger Aff. (Ex. 2) at 1.

<u>Defendant's Fact No. 22</u>.  Neither Ms. Boosinger, Ms. Campbell, nor Ms. Potucek had any involvement in the decision-making process underlying Plaintiff's other non-selection claim pending before this Court in Civil Action No. 06-314-RCL, for which she filed an EEO complaint on August 20, 2004.  <u>See</u> Complaint, Civil Action No. 06-314-RCL; Plaintiff's Opposition to Defendant's Motion for Summary Judgment in Civil Action No. 06-314-RCL, filed 9/24/07.

3

**B.     Plaintiff has asserted that certain issues of fact are disputed, but such assertions are not supported by the record evidence, are based on Plaintiff's mischaracterizations of the record evidence, or are merely argument.**

Plaintiff asserts that "there is ample evidence to dispute those alleged facts not in dispute" which are listed in Plaintiff's Statement of Genuine Issues, at 10-22.[3]  However, the arguments raised by Plaintiff and corresponding citations to the record do not controvert the facts at issue.

For example, statement number 4 contains the following objective facts:

Defendant's Fact No. 4.     Under the FDIC's Merit Promotion Plan, the Agency's Human Resources Division evaluated all applications for the position and created a roster of applicants who met the basic qualifications for the position.  The Merit Promotion Roster listed six qualified applicants, including Plaintiff.  Potucek Dep. II (Ex. 20) at 122; Merit Promotion Roster (Ex. 15).

Plaintiff responds by saying that this statement is "[a]dmitted, to the extent that defendant has accurately represented what is contained in the Merit Promotion Roster," Pl. St. Issues at 10, but then goes on to observe that Plaintiff was the only candidate to qualify at the 7, 9 and 11 levels and argues that she was the better qualified candidate.  Clearly, even a cursory examination of Defendant's Ex. 15, ECF Doc. 17-8 (at p. 28 of 50), shows that Defendant's statement number 4 is not disputed.  Plaintiff's argument merely attempts to obfuscate the facts.

Similarly, statement number 5 states:

Defendant's Fact No. 5.   Lorinda Potucek, the Human Resources ("HR") Officer for Operations, was the Selecting Official ("SO") for the position.  Potucek Supp. Aff. II (Ex. 24) at 1.

Plaintiff responds that "[t]here are genuine issues of fact regarding this statement," Pl. St. Issues at 11, based on a discrepancy in Ms. Potucek's first affidavit (in which she described herself as the "recommending official," a term without meaning in the federal employment selection

---

[3] Plaintiff has only disputed Defendant's statements numbered 4-8, 11-16, and 21.

process), and which again ignores the objective evidence on the face of Defendant's Ex. 15, which shows that Ms. Potucek signed the selection roster as the Selecting Official (and Lois Cheney signed for Miguel Torrado as the Approving Official).  In addition, the selection record shows that Ms. Potucek, as the Selecting Official, prepared and signed the FDIC's Candidate Selection Recommendation form documenting Mr. Little's selection for the position at issue. *See* Def. Ex. 6.[4]

> Plaintiff also purports to dispute Defendant's statement number 7:
>
> Defendant's Fact No. 7.    Ms. Potucek asked Susan Boosinger, an employee outside her chain of command, and her direct report Jo Rita Campbell (who has since retired from the FDIC) to serve as the panel.  Potucek Dep. I (Ex. 19) at 44; Campbell Aff. (Ex. 5) at 1; Boosinger Aff. (Ex. 2) at 1.

Plaintiff "admits that Potucek asked Ms. Boosinger and Ms. Campbell to serve as the panel," but then goes on to argue that "there are issues of fact about whether Potucek's actions were 'in compliance with the FDIC Structured Interview – Guidance for Interviewers and Selecting Officials July 2003.'"  Pl. St. Issues at 13.  Plaintiff's argument, which is addressed below at pp. 7-8 in connection with Defendant's statements of fact numbered 8-15, is misplaced here and does not controvert this statement of fact concerning the composition of the interview panel.

> Surprisingly, Plaintiff even attempts to dispute Defendant's statement number 14:
>
> Defendant's Fact No. 14.    Ultimately, Ms. Potucek selected Mr. Little for the position at the CG-7 level.  Boosinger Aff. (Ex. 2) at 2; Candidate Selection Recommendation (Ex. 6); Merit Promotion Roster (Ex. 15).

Plaintiff responds by stating this is "[a]dmitted, to the extent that Mr. Little's name appeared on the Candidate Selection Recommendation and Merit Promotion Roster," but then goes on to argue that Plaintiff was the only candidate that qualified for all three grades (7/9/11) for which

---

[4] Filed as ECF Doc. 17-6 (at p. 9 of 23).  The instructions on the form are clear that "[t]he Selecting Official completes a separate form for each candidate selected . . . ."

the position was advertised.[5]  Pl. St. Issues at 14.  Plaintiff then proceeds to misquote Ms.

Potucek's EEO testimony egregiously, by stating that Potucek agreed with Plaintiff's claim that

she was the better qualified candidate due to her prior experience (Plaintiff's claim about her

qualifications is set forth in the question ("Q") posed by the investigator beginning at the bottom

of page 2 of the Potucek Affidavit, which asks the affiant to "address this argument by the

Complainant").  In her response, Ms. Potucek did <u>not</u> agree that Plaintiff was better qualified and

stated, <u>inter alia</u>, that "[t]he problem the Complainant appears to have is that she is trying to

judge the job as she remembered it to be years ago when she encumbered a similar job. The job

has changed significantly because of the evolution of information technology requirements."

Potucek Aff., Def. Ex. 18, at 2-3.[6]  Despite Plaintiff's blatant attempt to fabricate testimony, it is

clear that Defendant's statement of fact number 14 is actually not in dispute.

      Plaintiff also mischaracterizes the record in order to allege that there are disputed issues

with respect to the selection process as set forth in Defendant's statements of fact numbered 8,

11-13, and 15 (repeated below for ease of reference).  Because these matters go to the heart of

the allegations in this case against the Agency, Plaintiff's mischaracterizations with respect to the

following undisputed facts require a more comprehensive discussion and rebuttal.

      <u>Defendant's Fact No. 8</u>.  This two-person panel interviewed and evaluated all of
the candidates on the roster using the FDIC's structured interview procedures.

---

[5] Plaintiff appears to argue that because she qualified at all three grades, she should have automatically been selected on that basis alone.  Instead, Mr. Little was selected at the lowest grade level, which was within the Agency's discretion.  *See* Def. Ex. 6, Candidate Selection Recommendation, showing CG-7 as the grade level for his proposed selection.  *Cf. Silver v. Leavitt*, Civ. Action No. 05-0968, 2006 WL 626928, at *14 (D.D.C. March 14, 2006), *aff'd per curiam*, No. 06-5104 (D.C. Cir. Nov. 17, 2006) (choice to hire at lower grades did not amount to age discrimination despite strong correlation between age and grade level).

[6] ECF Doc. 17-8 at pp. 46-47 of 50.  Ms. Potucek's deposition testimony (Def. Ex. 20) at 173-174, which is also cited by Plaintiff, is equally unsupportive of the assertion that Potucek agreed that Plaintiff was better qualified than the selectee.

They then gave their recommendations to Ms. Potucek.  Potucek Dep. II (Ex. 20) at 124; Boosinger Dep. (Ex. 3) at 66; Boosinger Aff. (Ex. 2) at 1.

Defendant's Fact No. 11.    Following the interviews, each candidate's interview responses were rated and assigned a cumulative score.  Id.  The panelists then shared their assessments, interview notes, and rankings of the candidates with Ms. Potucek.  Potucek Supp. Aff. II (Ex. 24) at 1; Potucek Dep. II (Ex. 20) at 177.

Defendant's Fact No. 12.  Based on their evaluations of the responses to the structured interview questions asked of all the candidates, the two interviewers on the structured interview panel concluded that Roger Little was one of the two top candidates and that plaintiff was not.  Boosinger Aff. (Ex.2) at 2; Campbell Aff (Ex. 5) at 1.

Defendant's Fact No. 13.   The Panel recommended two individuals, Roger Little and Paula Foreman, as the top contenders, whom they considered "tied for first place."  Potucek Dep. II (Ex. 20) at 124.

Defendant's Fact No. 15.   In making the selection, Ms. Potucek relied on the evaluations and recommendations of the interviewers, Ms. Boosinger and Ms. Campbell, that Mr. Little and Ms. Foreman were the two top candidates.  Potucek Supp. Aff. (Ex. 23) at 1; Potucek Dep. II (Ex. 20) at 177.

As an initial matter, Plaintiff contends that the selection process was flawed because Ms.

Potucek did not participate as a member of the interview panel, which consisted of Ms.

Boosinger and Ms. Campbell.  In support of this contention, Plaintiff cites to Defendant's Ex. 13

("FDIC Structured Interviews – Guidance for Interviewers and Selecting Officials July 2003"),

which provides, in pertinent part:

**Conducting a Panel Interview**

The Selecting Official may conduct all of the interviews alone or elect to use an interview panel. No minimum or maximum number of interviewers is required; however, the same panel members should interview all candidates.  In extraordinary circumstances that prevent this, contact your servicing HR Officer for guidance.

While the Selecting Official should participate in the interviews, this is not always possible, especially when coordinating large numbers of vacancies available nationwide.

Def. Ex. 13, ECF Doc. 17-8 at p. 21 of 50.  However, it is clear from the use of "should" in the

Guidelines that they merely express an expectation that the Selecting Official will participate in

the interviews, rather than a requirement to do so (which would be expressed by the use of

"must").  In contrast to the preceding paragraph, which advises that all candidates should be

interviewed by the same panel members, a Selecting Official's non-participation in the interview

process is not an "extraordinary circumstance" requiring further guidance from an HR officer.

Moreover, in this case where one of the candidates (Mr. Little) had previously worked under Ms.

Potucek's supervision (*see* Def. St. of Fact 16 and supporting citations, as well as further

discussion below at pp. 11-12), the Selecting Official's non-participation in the initial screening

interviews brought further objectivity to the process and was arguably to the benefit of the other

candidates (including Plaintiff) in that regard.

Plaintiff next contends that there is a genuine dispute as to whether Ms. Boosinger and

Ms. Campbell made a "recommendation" to Ms. Potucek after completing the interview process.

As documented by the citations to the record provided by Defendant in the Rule 7(h) Statement

of Material Facts, Ms. Boosinger and Ms. Campbell testified as follows:

> Susan Boosinger's Affidavit (8/2/05)[7]:  "As part of our evaluation process, the
> panel reviewed the applications of the candidates and interviewed them as well.
> We then made our recommendation as to who we believed to be the strongest
> candidate worthy of selection.  Our selection was accepted by the Selecting
> Official.  Ms. Potucek in convening the panel did not expressed [sic] any
> preference for any candidate.  She only instructed the panel to evaluate the
> candidates and recommend the strongest one.  No one else expressed a preference
> for any candidate.  . . .  The Complainant was amongst the group of candidates
> that was referred to us for evaluation.  We did not recommend her for selection
> and our not doing so had nothing to do with her age, sex, or prior EEO complaint
> activity, of which I was not aware at the time of my involvement in the selection
> process.  . . .  As stated, the panel's decision not to recommend the Complainant

---

[7] Def. Ex. 2, ECF Doc. 17-4 at pp. 6-7 of 10.

had nothing to do with her protected EEO groups. She was not recommended because she was not the best qualified candidate in our opinion. Roger Little was determined to be the best qualified for the position and we based this determination on the candidates' responses to the interview questions. . . . Each candidate who was referred to the panel was interviewed.  They all were asked the same questions, questions that were based on the vacancy announcement and the position description. The candidates['] responses were assigned a score and then a cumulative score was reached.  The person with the highest cumulative score was selected, which was Mr. Little.  It has been some time since the interviews but I do recollect that Mr. Little was very articulate, thorough and polished in his responses.  He had outstanding oral communication skills.  The Complainant's [(Plaintiffs')] oral communication skills were average.  She was very pleasant but did not appear to organize and communicate her thoughts in an orderly fashion. Her interview was okay.  She without doubt did not exemplify the communication skills that the Selectee did."

Jo Rita Campbell's Affidavit (8/2/2005)[8]:  "The Selectee was ranked the highest out of all of the candidates interviewed. He was very articulate and very detailed in laying out his work experience. He exhibited excellent communications skills. The Complainant [(Plaintiff)] was not ranked as high as the Selectee as it relates to the interview process. She was not as articulate as the Selectee even though she gave good responses. The interview panel recommended that the Selectee be given selection consideration based on his performance during the interview process."

Plaintiff contends that there is a disputed issue of material fact as to this issue that is

sufficient to preclude summary judgment, citing three pages of Ms. Boosinger's deposition

testimony (Def. Ex. 3 (ECF 17-5), at 66 and 90-91), in which she stated, in pertinent part:

Q.     So, did you and Jo Rita Campbell actually make a recommendation to Lorinda Potucek at that time?

A.     We gave her the ratings.  Lorinda made the choice.

Q.     Did you give her a recommended selectee?

A.     No.

Q.     Did there come a time when you found out who the final selectee was?

A.     Yes.

---

[8] Def. Ex. 5, ECF Doc. 17-6 at p. 4 of 23.

9

Q.    Who was the final selectee?

A.    Roger Little.

        * * *

Q.    Do you recall at what grade level Mr. Little was selected for the position?

A.    I don't recall.  I believe -- I believe it was to be an 11, but I'm not certain.

Q.    When you and Jo Rita Campbell met with Lorinda Potucek at the completion of the interview panel --

A.    Uh-huh.

Q.    -- did you make a -- you made a recommendation of Mr. Little, correct?

A.    We showed her the results of our interview, and we said these are the -- these are the top performers, Roger Little appears to be the top performer.

Q.    Okay.  And did you make -- did you make a recommendation as to what grade for her to hire him at?

A.    Absolutely not.

Q.    Do you recall whether Ms. Campbell did?

A.    I don't recall her saying anything like that.

Based on this testimony, Plaintiff attempts to draw the conclusion that there is a fatal variance between "making a recommendation" to Ms. Potucek and "giving her the ratings" of the candidates, but this is a distinction without a difference.  The essence of Ms. Boosinger's testimony remains unchanged, that she and Ms. Campbell reported the results of their interviews to the Selecting Official, Ms. Potucek (who was responsible for making the final selection), and Mr. Little was at the top of the list.

Consistent with this deposition testimony cited by Plaintiff, Ms. Boosinger also testified

10

(at p. 65 of the transcript, which is not cited by Plaintiff) that following completion of the interview process, she and Ms. Campbell discussed with Ms. Potucek only the top two candidates, neither of whom were the Plaintiff:

> Q.    Did you discuss each individual candidate with Ms. Potucek?
>
> A.    I believe we discussed the top two candidates.
>
> Q.    Do you recall who the top two candidates were?
>
> A.    I know Roger Little was one.  I believe Paula Foreman, if I am recalling her name correctly, was the second one.  I don't recall.
>
> Q.    And do you recall why Roger Little was one of the top two candidates, what that was based on?
>
> A.    Specifically, I do not remember.
>
> Q.    What about Paula Foreman?
>
> A.    I don't remember specifically.
>
> Q.    Do you remember anything generally about either one of them?
>
> A.    I do remember that both candidates gave full and responsive answers, were able to articulate their experience.

As shown by the foregoing, there is no disputed issue of material fact as to the role the interview panel members played in the selection process and what they reported to Ms. Potucek afterwards, despite Plaintiff's assertions to the contrary.

Plaintiff asserts an additional objection to statement of fact number 16 (aside from the Selecting Official's non-participation in the interview panel and the distinction without a difference over the word "recommended," both of which have been addressed above):

<u>Defendant's Fact No. 16</u>.    After the panel recommended Roger Little and Paula

Foreman as the two top candidates for further consideration, Ms. Potucek also took into account her personal knowledge regarding Mr. Little and her favorable impressions regarding the work that he had demonstrated when he had previously worked under her supervision.  See Potucek Aff. (Ex. 18) at 2; Potucek Dep. II (Ex. 20) at 123, 146.

In response, Plaintiff merely argues that Ms. Potucek's reliance, in part, on her personal knowledge and favorable impressions of Mr. Little when he had previously worked under her supervision "deviated from the FDIC's strict guidelines" in Def. Ex. 13, because the Guidelines state that "[t]he Selecting Official should rely on the interview documentation, any discussions with other members of the interview panel and the application materials submitted by the candidate to make a final decision."  But during her deposition, Ms. Potucek responded affirmatively when Plaintiff's counsel asked her, "So you relied on the structured interview panel results, your review of his application, and what you know of his abilities in working for you?" Def. Ex. 20, at 169.  The Guidelines do not require a Selecting Official to disregard his or her own personal knowledge of an applicant, and it would be unreasonable to impose such a requirement.  Both parties agree that Ms. Potucek relied, in part, on her personal knowledge of Mr. Little's work -- in fact, Plaintiff cites to other deposition testimony by Ms. Potucek (also at transcript p. 169), where she testified that she selected Roger Little for reasons that included "the excellent communication skills and the customer service and how articulate the incumbent has to be over e-mails, telephones.  And Roger, having worked for me for five-and-a-half months, he was absolutely superb."  Statement of fact number 16 is not in dispute.

Finally, Plaintiff disputes statement of fact number 21, relating to her retaliation claim:

Defendant's Fact No. 21.  The selecting official, Ms. Potucek, had no knowledge of Plaintiff's prior EEO complaints during the selection decision at issue. Potucek Aff. (Ex. 18) at 1.

In the cited EEO affidavit dated August 8, 2005, Ms. Potucek stated:  "I personally had no

12

knowledge of the Complainant's prior EEO complaint activity. I do not serve in the

Complainant's supervisory chain and she does not work in Human Resources Operations.

Accordingly, I would have no reason to know of her prior EEO activity as I am not a manager in

her chain of command." Def. Ex. 18, at 1. On the other hand, Plaintiff stated that she had told

Ms. Potucek about her EEO activities "during general conversation," at the time when Plaintiff

worked in the FDIC's compensation unit in the District of Columbia. Chappell-Johnson

Deposition, Def. Ex. 9, at 71, 87.[9] Ms. Potucek denied having such a conversation. Potucek

Deposition I, Def. Ex. 19, at 73-74.

Plaintiff also notes that during Ms. Potucek's deposition testimony (Def. Ex. 19, at 74),

she stated that at some point in time she heard Miguel Torrado make a passing comment about

an EEO complaint by Plaintiff. She subsequently explained: "It was after the staff meeting,

going to the doorway, and he asked somebody to be acting for him while he went to the legal

division to discuss a -- an EEO complaint, and someone said who, and he said Dorothy Chappell-

Johnson. . . . I only overheard it because I happened to have been talking to somebody in the

conference room, and I had not departed from the conference room yet." Def. Ex. 19, at 79, 80.

Ms. Potucek's recollection that she overheard this general comment made in passing by Mr.

Torrado is not inconsistent with her affidavit statement that she "personally" had no knowledge

of the Complainant's prior EEO complaint activity. It certainly is not sufficient to support a

conclusion that "Ms. Potucek is lying to cover up her discriminatory and/or retaliatory motives in

rejecting Ms. Chappell-Johnson's application," as contended by Plaintiff.

In addition, Plaintiff's only EEO complaint involving Mr. Torrado (who is no longer with

_____

[9] According to Plaintiff's application and resume, this would have been sometime between
"1/04/97" and "09/2003" when she worked in the Personnel Services Section, Compensation
Unit, in Washington, D.C. *See* PX 1 at 2 (ECF Doc. 25-3 at p. 3 of 9).

the FDIC) concerns allegations set forth in pending Case No. 1:03-cv-01557-RCL, in which the complaint was filed on July 18, 2003. *See* Complaint, attached as Def. Ex. 31, at ¶ 9. On September 30, 2004, the Court granted the FDIC's motion to dismiss, or in the alternative, for summary judgment in that matter.[10] The FDIC's motion was fully briefed as of December 12, 2003, when the Agency's reply brief was filed with this Court (*see* filing date on page 1 of ECF Doc. 16-1, Case 1:03-cv-01557-RCL, attached as Def. Ex. 33). Undersigned counsel of record, who is also agency counsel in Case No. 1:03-cv-01557-RCL, had no contact with Mr. Torrado after settlement efforts in that case were unsuccessful in the fall of 2003. Therefore, although Ms. Potucek was unable to recall when the comment after the staff meeting occurred, see Def. Ex. 19, at 75, it is reasonable to infer that the meeting in question occurred sometime in 2003.

### III.  ARGUMENT AND AUTHORITIES

**A.**   **Defendant is entitled to summary judgment on Plaintiff's age and sex discrimination claims, because Plaintiff has failed to present sufficient facts that would enable a reasonable jury to find in her favor on these claims.**

The Court of Appeals for the District of Columbia Circuit has stated that "the question whether the plaintiff in a disparate-treatment discrimination suit actually made out a prima facie case is almost always irrelevant when the district court considers an employer's motion for summary judgment or judgment as a matter of law." *Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 492 (D.C. Cir. 2008). Instead,

> [i]n a Title VII disparate-treatment suit where an employee has suffered an adverse employment action and an employer has asserted a legitimate, non-discriminatory reason for the decision, the district court need not - *and should not*

---

[10] *See Chappell-Johnson v. Powell*, 440 F.3d 484, 487 (D.C. Cir. 2006). Judgment for the Agency on the retaliation claim involving Mr. Torrado was summarily affirmed by the D.C. Circuit on June 23, 2005, in an unpublished opinion (attached as Def. Ex. 32), but summary judgment for Defendant on Plaintiff's remaining race and age discrimination claims was reversed, since she had not yet been afforded discovery. 440 F.3d at 489.

14

- decide whether the plaintiff actually made out a prima facie case under *McDonnell Douglas.* Rather, in considering an employer's motion for summary judgment or judgment as a matter of law in those circumstances, the district court must resolve one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin?

*Id.* at 494.

In this case, the Agency has established the following crucial, undisputed material facts:

- Ms. Potucek convened an interview panel, as she was allowed to do under the FDIC's structured interview guidelines.

- The interview panel interviewed all of the qualified applicants using identical questions and procedures.

- The interview panel then either "recommended" or "rated" Roger Little as the top candidate, without consideration of his age or gender.

- Ms. Potucek concurred in the panel's assessment and selected Mr. Little for the position, based, in part, on her own personal observations when she had supervised him as an employee.[11]

As explained in Part II above, Ms. Potucek's non-participation in the initial interview process did not violate FDIC guidelines, nor does it raise any inference of age or sex discrimination against Plaintiff. Nor has Plaintiff raised a jury issue with respect to the conduct of the interview process or the panel's determination that Roger Little was the top candidate.

---

[11] In this regard, not only was it proper for Ms. Potucek to consider her personal knowledge that Mr. Little had previously done excellent work for her, but the case law is clear that "where a selecting official makes a decision based on the application and his personal knowledge of the candidates, *even if the selecting official's personal knowledge was incorrect*, the court will defer to the employer's decision so long as there is no evidence of bad faith." *Kundra v. Abraham*, No. 04-840(RMC), 2007 WL 1821264, at *7 (June 25, 2007) (emphasis added), citing *Hammond v. Chao*, 383 F. Supp. 2d 47, 58 (D.D.C. 2005).

15

Finally, Plaintiff has not produced sufficient evidence for a jury to find that the non-discriminatory reasons for Plaintiff's non-selection – Ms. Potucek's reliance on the results of the interviews (as reported by the panel), as well as her personal knowledge of Mr. Little's excellent work performed under her supervision – were not the actual reasons for selecting Mr. Little, and that she discriminated against the Plaintiff because of her age and/or gender.

**B.     The issues raised by Plaintiff do not raise an inference of pretext.**

**1.   Ms. Potucek's deposition testimony concerning Mr. Torrado's offhand remark about Plaintiff's prior EEO complaint does not raise a reasonable inference that she "was covering up her unlawful motives" as alleged by Plaintiff.**

During her deposition by Plaintiff's counsel, Ms. Potucek testified that she recalled Miguel Torrado mentioning an EEO complaint brought by Plaintiff.  This offhand remark by Mr. Torrado, made in passing and overheard by Ms. Potucek at the end of a management staff meeting, likely occurred in 2003.  See discussion above at pp. 13-14.  Ms. Potucek's recollection of this incident does not contradict her EEO affidavit, which stated that she had no personal knowledge of Plaintiff's prior EEO complaint activity.  Although Plaintiff has asserted that "Ms. Potucek was forced to admit in her deposition testimony that she was aware that her superior went to the Legal Department regarding an EEO complaint filed by Chappell-Johnson," Opposition at 6, even a cursory examination of her deposition testimony on this issue reveals that she readily admitted overhearing Mr. Torrado's comment – it was not something she was "forced to admit."  *See* Def. Ex. 19, at 74-81.[12]  Plaintiff argues that this constitutes "evidence that the selecting official falsely claimed she had no knowledge of Ms. Chappell-Johnson's prior EEO activity [and] [f]rom this misrepresentation a reasonable jury could infer that she is attempting to

---

[12]  In fact, she volunteered this information in response to counsel's question "No conversations at all with anyone about prior EEO activity by Dorothy Chappell-Johnson [?]," Def. Ex. 19 at 74, although overhearing Mr. Torrado was not a "conversation" she had with anybody.

cover up her discriminatory and/or retaliatory motives for rejecting Ms. Chappell-Johnson's application." Opposition at 17. However, Plaintiff's argument should be rejected for two reasons: (i) Ms. Potucek's deposition testimony does not show that her affidavit contains a "misrepresentation," since there has been no showing that she had (or has to this day) any personal knowledge of Plaintiff's other EEO activities; and (ii) Plaintiff's application was screened out during the interview process by the panel members (Ms. Boosinger and Ms. Campbell, who Plaintiff admits had no knowledge of her prior EEO activities), and she was not considered further by the Selecting Official because she was not ranked/recommended as one of the top candidates by the interviewing panel. This issue does not present a fact question requiring jury resolution with respect to Plaintiff's claims of discrimination and/or retaliation (see additional discussion below at p. 22 regarding Plaintiff's retaliation claim and the timing of comments and alleged comments concerning her prior EEO activities).

### 2. Although the panel's interview notes are unavailable, the panel members' testimony as to who they determined to be the top candidate is unequivocal.

Ms. Boosinger and Ms. Campbell interviewed and evaluated all of the candidates on the roster using the FDIC's structured interview procedures, pursuant to which each candidate was asked the same questions (Boosinger Aff., Def. Ex. 2, at 2; *see also* Structured Interview Questions, Ex. 28), which were drafted to allow each candidate to demonstrate skills and abilities set forth in the vacancy announcement (Boosinger Aff., Def. Ex. 2, at 2). Following the interviews, each candidate's interview responses were rated, and at the end of the process, the panelists shared their assessments, interview notes, and rankings of the candidates with Ms. Potucek. Boosinger Aff. (Def. Ex. 2) at 1; Boosinger Dep. (Def. Ex. 3) at 66; Potucek Dep. II (Def. Ex. 20) at 124, 177; Potucek Supp. Aff. II (Def. Ex. 24) at 1. Both Ms. Boosinger and Ms.

Campbell agreed that Roger Little was the top candidate.  Undisputed Fact No. 17; *see also* discussion and related citations to the record above at pp. 7-11.  Ms. Potucek relied on the evaluations and recommendations of the interviewers, Potucek Supp. Aff. (Def. Ex. 23) at 1, as well as her review of Mr. Little's application and her favorable impressions of the work he had done under her supervision, Potucek Dep. II (Def. Ex. 20) at 123, 146, 169.

Unfortunately, the interviewers' notes are no longer available.  However, Plaintiff grossly mischaracterizes the record when she states that "without providing any explanation, the FDIC allowed this evidence to be lost."  Opposition at 19.  To the contrary, Ms. Potucek testified at length about the circumstances under which the interview notes could not be found, which occurred at the same time that other personnel records were discovered to be missing from her work area and as a result, she made a referral to the Office of Inspector General for further investigation.  Potucek Dep. II, Def. Ex. 20, at 117-121; Potucek Supp. Aff. II, Def. Ex. 24, at ¶¶ 11-13.  Accordingly, under the *Residential Funding Corp.* case cited by Plaintiff in her Opposition, at 19, no adverse inference against the Agency would be warranted, inasmuch as the record evidence does not show that "the records were destroyed with a culpable state of mind."  Moreover, the record is clear and unequivocal that both interviewers agreed that Roger Little was the top candidate, and the record evidence is entirely devoid of anything that would call into question the motives or lack of impartiality of the two panel members.

### 3.  Plaintiff's argument that she was better qualified does not raise a reasonable inference of discrimination.

Plaintiff argues that she was the best qualified candidate for the position because she was the only candidate who qualified at all three grade levels (7/9/11) and she had allegedly performed the duties of the position (albeit no later than 1996, as shown in her application

18

resume).  She then attempts to bolster these arguments by completely mischaracterizing Ms.

Potucek's response to the investigator in her EEO affidavit – by asserting that Ms. Potucek

agreed with Plaintiff's self-serving assertions in her EEO complaint that she was the best

qualified candidate, when it is clear that Ms. Potucek stated in her affidavit that she disagreed

with Plaintiff's overly optimistic self-assessment (see discussion above at p. 5-6).[13]

Plaintiff was qualified by the FDIC's Human Resources Branch for the posted position at

all three grade levels because she was a grade 9 employee and had previously occupied a grade

11 position at the FDIC.[14]  On her application resume, Plaintiff indicated that she was the

"(Chief) Supervisor, Payroll/Personnel System Specialist," CG 301/11, from 04/92 to 09/28/96.

*See* PX 1, at 3 (ECF Doc. 25-3, at p. 4 of 9).  *See also* Plaintiff's EEO Aff., Def. Ex. 7, at 1 ("I

was better qualified for the subject position than the person selected because I previously served

in the announced position at the CG-11 level for about three to four years.").

But Plaintiff's merely qualifying for the position at a higher grade level does not show

that she was the best qualified candidate.  The position was "an entry-level position, designed to

develop the employee selected to perform at the full performance level."  Vacancy Ann., Def.

Ex. 30, at 1.  All of the other candidates, including the selectee, qualified at both the grade 7 and

---

[13] Plaintiff also states that the selectee "has admitted" he has less experience than she does, based
on their application resumes.  *See* Opposition at 21.  But the lengths of their respective resumes
is not determinative of who the interviewers and the Selecting Official thought was best
qualified, particularly where Plaintiff's interview performance was decidedly inferior to the
selectee's, and where excellent communication skills were crucial to fulfilling the job's
requirement to "[r]espond[] to inquiries for personnel information received via telephone, email
or in person," Vacancy Ann. (Def. Ex. 30) at 2.

[14] *See* Vacancy Ann., Def. Ex. 30, at 2 ("For the (CG-7), candidates must have one year of
specialized experience equivalent to the (CG-5) level in the federal service.  For the (CG-9),
candidates must have one year of specialized experience equivalent to the (CG-7) level in the
federal service.  For the (CG-11), candidates must have one year of specialized experience to the
(CG-9) level in the federal service.").

grade 9 levels. *See* Merit Promotion Roster, Def. Ex. 15. Plaintiff's prior related experience had

ended in September 1996, nearly eight years prior to the August 2004 posting at issue.

Moreover, both interviewers agreed that Plaintiff was unable to articulate her relevant,

previous experience as well as the selectee was able to discuss his more recent experience in

response to the structured interview questions. This is perhaps not surprising, given the fact that

Plaintiff's most recent work experience from September 2003 was in the benefits area, see PX 1

at 1, and the job duties she describes have little in common with the information systems and

compensation issues set forth in the Vacancy Announcement (Def. Ex. 30). As Ms. Potucek

succinctly stated in her EEO affidavit (Def. Ex. 18, ECF Doc. 17-8, at p. 47 of 50), "[t]he

problem the Complainant [(Plaintiff)] appears to have is that she is trying to judge the job as she

remembered it to be years ago when she encumbered a similar job. The job has changed

significantly because of the evolution of information technology requirements."

As this Court has observed, under similar circumstances:

> The D.C. Circuit has stated that, in disputes involving relative job qualifications,
> discrimination can not be inferred without a showing that the plaintiff's
> qualifications were *far superior* to the successful candidate's. *Aka v. Washington
> Hosp. Ctr.*, 156 F.3d 1284, 1294 (D.C. Cir. 1998). In another Circuit decision,
> *Stewart v. Ashcroft*, 352 F.3d 422[, 429] (D.C. Cir. 2003), the court ruled that
> there was no evidence of a "stark superiority of credentials" between plaintiff and
> other candidate, and that without this there would be no inference of
> discrimination.

*Stover v. Safeway, Inc.*, No. Civ. 04-490(RCL), 2005 WL 1528698, at *7 (D.D.C. June 29, 2005)

(emphasis in original). Here, as in *Stover*, Plaintiff has not provided evidence to prove that

anyone who evaluated the candidates on the Merit Promotion Roster – *i.e.*, the two interviewers,

Ms. Boosinger and Ms. Campbell, and the Selecting Official, Lorinda Potucek – did not firmly

believe that Mr. Little was the best candidate for the job, nor has Plaintiff offered evidence that

would allow any reasonable juror to believe that the proffered reasons were a pretext for discrimination.  As stated in *Stover*:  "Absent a 'demonstrably discriminatory motive,' this Court must defer to the employer's decision of what non-discriminatory qualities it deemed necessary." 2005 WL 1528698, at *11 (quoting *Fischbach v. D.C. Dep't of Corrections*, 86 F.3d 1180, 1183 (D.C. Cir. 1996)).

**C.    Defendant is entitled to summary judgment on Plaintiff's retaliation claim, because Plaintiff has failed to present sufficient facts that would enable a reasonable jury to find in her favor on this claim.**

**1.  It is undisputed that the interview panel members had no knowledge of Plaintiff's prior EEO activity.**

"To establish a prima facie case of retaliation, a plaintiff must show that (1) [s]he engaged in a statutorily protected activity, (2) a reasonable employee would have found the challenged action materially adverse, and (3) there existed a causal connection between the protected activity and the materially adverse action."  *Jones v. Bernanke*, 538 F. Supp. 2d 53, 59 (D.D.C. 2008) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2415-16 (2006)).  While (1) Ms. Chappell-Johnson admittedly engaged in statutorily protected activity prior to the August 2004 posting at issue (and which led, *e.g.*, to her filing the pending case docketed as Civil Action Nos. 03-1557-RCL in July of 2003), and (2) non-selection for a posted position is an action that a reasonable employee would find materially adverse, Plaintiff's retaliation claim founders on the third requirement, because this "part of the prima facie case – knowledge of the protected activity – is a critical component of the court's analysis of retaliation claims absent direct evidence of a retaliatory motive."  *Jones*, 538 F. Supp. 2d at 64 (citations omitted).

In the case at bar, Plaintiff has not controverted Defendant's Statement of Undisputed

Fact No. 20, which states that no member of the interviewing panel had any knowledge of Plaintiff's prior EEO activity. According to the undisputed, consistent testimony of Ms. Boosinger, Ms. Campbell and Ms. Potucek, Plaintiff's application was screened out at the interview stage of the process. Only the top two candidates, Mr. Little and Ms. Foreman, were discussed by the interviewers and the Selecting Official after the interview process had been completed.[15] Under these circumstances, no inference of retaliation against Plaintiff for her prior EEO activity can arise.

### 2. Plaintiff has not raised a reasonable inference that either Lorinda Potucek or Shirley Purnell retaliated against her for her prior EEO activity.

As discussed above at p. 13, even if the Court accepts Plaintiff's assertion that she told Ms. Potucek about her EEO activities "during general conversation" when she worked in the compensation unit in D.C., that conversation would have occurred, according to Plaintiff's application resume, no later than September 2003. It can also be inferred that it was at around this same time, in the fall of 2003, that Ms. Potucek heard the isolated and offhand comment by Mr. Torrado about an EEO complaint by Ms. Chappell-Johnson. Both of these occurrences are too remote in time from the selection at issue[16] to establish the requisite causal connection between the protected activity and Plaintiff's non-selection by Ms. Potucek:

> [U]nder the third prong, the plaintiff may establish a causal connection "by showing that the employer had knowledge of the employee's protected activity, and that the [retaliatory] personnel action took place shortly after that activity."

---

[15] Further undercutting any implication that Plaintiff was the victim of gender discrimination, as she claims, is the fact that Ms. Foreman and another female, Joyce Orr, were selected for a different position by Ms. Potucek shortly thereafter. *See* MSJ at 11 n. 8, Potucek Supp. Aff. II (Def Ex. 24), at ¶ 10 and related attachments. Although Plaintiff speculates that it was possible that no males had even applied for the position in question, Opposition at 20, n. 2, this was not the case. *See* attached Def. Ex. 34 (Merit Promotion Roster for Vac. Ann. No. 2004-HQ-2650, showing selection of Ms. Foreman and Ms. Orr, and non-selection of Philip M. Blanchard).

[16] Which occurred in October 2004, *see* Candidate Selection Recommendation, Def. Ex. 6.

> *Cones v. Shalala*, 199 F.3d 512, 521 (D.C. Cir. 2000) (quoting *Mitchell v. Baldrige*, 759 F.2d 80, 86 (D.C. Cir. 1985)).  To qualify as a causal connection, however, the temporal proximity between the employer's knowledge of the protected activity and the adverse personnel action must be "very close."  *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (noting that a three- or four-month period between an adverse action and protected activity is insufficient to show a causal connection, and that a 20-month period suggests "no causality at all").

*Jones*, 538 F. Supp. 2d at 59 (parallel Supreme Court citation omitted).

Plaintiff's vigorous attempts to establish a retaliatory motive on the part of Ms. Purnell are completely misplaced in this case.  Although Ms. Purnell was the selecting official in Civil Action No. 06-314 pending before this Court (in which Plaintiff has alleged race and age discrimination, as well as retaliation, and in which Defendant's motion for summary judgment has been fully briefed by the parties), she was neither the Selecting Official nor the Approving Official here.  The Merit Promotion Roster, Def. Ex. 15, was signed, respectively, by "Lorinda S. Potucek" as the Selecting Official and by "Lois Cheney for Miguel Torrado" as the Division/Office Approving Official.  The Candidate Selection Recommendation form, Def. Ex. 6, states in the Instructions:

1. The Selecting Official completes a separate form for each candidate selected and retains a photocopy with your selection interview file.

2. The Selecting Official includes the completed form(s) with the case file (rosters, applications, etc.) and transmits to the Approving Official for final decision. The Approving Official indicates decision(s) on rosters, not on this form.

3. The Approving Official returns this form with the complete file to the servicing Human Resources Officer for concurrence.

As indicated on the Candidate Selection Recommendation form, the form was prepared by Lorinda Potucek (the Selecting Official), and after the Approving Official ("Lois Cheney for Miguel Torrado") signed the Merit Promotion Roster indicating her approval of the selection of

23

Mr. Little, the Selection Recommendation form was returned to the Human Resources Officer (Shirley Purnell), who signed to indicate her concurrence that the selection procedures complied with the requirements of the Conanan Consent Decree. Purnell Deposition, Def. Ex. 26, at 53.[17]

As Ms. Purnell has unequivocally testified, Lorinda Potucek made the selection of Mr. Little. *Id.* at 46; Purnell Aff., Def. Ex. 25, at ¶¶ 4-11.[18] Due to Ms. Purnell's non-substantive role in the selection at issue, any knowledge she might have had about Plaintiff's prior EEO activity has no relevance in this case. Even if Ms. Purnell had more recent knowledge of Plaintiff's EEO activity concerning another non-selection for which she was the selecting official (and which is the subject of pending Civil Action No. 06-314-RCL), this is insufficient to impute any such knowledge to Ms. Potucek. *Jones*, 538 F. Supp. 2d at 62 (citing *Hazward v. Runyon*, 14 F. Supp. 2d 120, 124 n. 9 (D.D.C. 1998) (noting that evidence of one official within the defendant's organization receiving notice of a protected activity without more does not lead to a reasonable inference that other officials also had notice of the protected activity)).

## IV.  CONCLUSION

The employment discrimination statutes did not transform federal courts into review boards for agency employment decisions. "Title VII, it bears repeating, does not authorize a federal court to become 'a super-personnel department that reexamines an entity's business decisions.'" *Barbour v. Browner*, 181 F.3d 1342, 1346 (D.C. Cir. 1999) (quoting *Dale v.*

---

[17] Ms. Purnell's deposition transcript was erroneously identified as Def. Ex. 25 in fn. 16 of Defendant's Motion for Summary Judgment.

[18] Mr. Torrado's approval (as the Approving Official) was also required. Purnell Deposition, Def. Ex. 26, at 16, 18. At the time of the selection at issue, Ms. Potucek was the FDIC's Human Resources Officer. Potucek Dep. I, Def. Ex. 19, at 25-26. As Ms. Purnell explained during her deposition, she would sign documents as the Concurring Human Resources Officer in place of Ms. Potucek if they involved positions for which Ms. Potucek was involved as the selecting official. *See* Purnell Dep. II, Def. Ex. 26, at 18-19.

*Chicago Tribune Co.*, 797 F.2d 458, 464 (7th Cir. 1986), *cert. denied*, 479 U.S. 1066 (1987)).

To the contrary, a court "may not 'second-guess an employer's personnel decision absent

demonstrably discriminatory motive.'" *Fischbach*, 86 F.3d at 1183 (quoting *Milton v.*

*Weinberger*, 696 F.2d 94, 100 (D.C. Cir. 1982)).

   While Plaintiff was understandably disappointed when she was not selected for a position

for which she thought she would be the best qualified candidate, she has not shown that any

unlawful factors played a part in her non-selection.  Accordingly, for the reasons set forth above,

and in Defendant's Motion for Summary Judgment and Memorandum in Support Thereof,

Defendant respectfully requests that the Court grant the Agency's motion for summary judgment

in its entirety, and dismiss this matter with prejudice.

        Respectfully submitted,

        */s/ William S. Jones*

        _____
        William S. Jones
        Georgia Bar No. 404288
        Counsel, Legal Division
        Federal Deposit Insurance Corporation
        3501 N. Fairfax Drive (VS-E6006)
        Arlington, VA 22226
        (703) 562-2362
        (703) 562-2482 (Fax)

        Patricia Davison-Lewis
        D.C. Bar No. 414378
        Counsel, Legal Division
        Federal Deposit Insurance Corporation
        3501 N. Fairfax Drive (VS-E6010)
        Arlington, VA 22226
        (703) 562-2315
        (703) 562-2482 (Fax)

        Attorneys for Defendant

Dated: July 24, 2008