**EXHIBIT 31**
**CHAPPELL-JOHNSON v. BAIR**
**(No. 06-1074-RCL)**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

JUL 1 8 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

DOROTHY CHAPPELL-JOHNSON,    :
    901 Falls Lake Drive    :
    Mithellville, Maryland 20721,    :

        Plaintiff,    :

      v.    :

DONALD E. POWELL    :
    Chairman, Federal Deposit    :
    Insurance Corporation,    :
    550 17th Street, N.W.    :
    Washington, D.C. 20429,    :

        Defendant.    :

---

CASE NUMBER 1:03CV01557

JURY ACTION

JUDGE: Royce C. Lamberth

DECK TYPE: Employment Discrimination

DATE STAMP: 07/18/2003

---

### COMPLAINT
### (Employment Discrimination and Retaliation)

#### Introduction

1.    Plaintiff, Dorothy Chappell-Johnson, brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e *et seq.*, and as further amended by section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and pursuant to the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. § 633a, to remedy acts of discrimination in promotion practices by the Federal Deposit Insurance Corporation based on her race (black) and her age and retaliation against her for her prior EEO activity.

1

**EXHIBIT 31**
**CHAPPELL-JOHNSON v. BAIR**
**(No. 06-1074-RCL)**

## Jurisdiction

2.      This Court has jurisdiction over the subject matter of this civil action pursuant to Title

VII of the Civil Rights Act of 1964, as amended ("Title VII"), specifically 42 U.S.C. §§ 2000e-1 *et*

*seq.* and 29 U.S.C. § 633a. Plaintiff has exhausted her administrative remedies by virtue of 180 days

having passed since she lodged her formal administrative complaint of race and age discrimination

pursuant to 29 C.F.R. Part 1614 without a final decision having been made by the Federal Deposit

Insurance Corporation.

## Venue

3.      Pursuant to 28 U.S.C. Section 1391(b) and 42 U.S.C. Section 2000e-5(f)(3), venue

is proper in this judicial district. Ms. Chappell-Johnson is employed by the Federal Deposit Insurance

Corporation ("FDIC"), located in the District of Columbia, which is where the acts of discrimination

took place.

## Parties

4.      Dorothy Chappell-Johnson is a 57-year old African-American, female citizen of the

United States and of the State of Maryland. She is currently employed as a Human Resources

Assistant, at the CG-8 level serving at the FDIC's headquarters, Division of Administration.

5.      Defendant Donald E. Powell is the Chairman of the Federal Deposit Insurance

Corporation, an independent corporation of the federal government. It is managed by a five-member

board of directors appointed by the President and confirmed by the Senate. As chairman of the FDIC,

Mr. Powell is the head of the FDIC and is responsible for the personnel actions, omissions and

practices thereof. Thus, Mr. Powell is here sued only in his official capacity as head of the FDIC.

2

**EXHIBIT 31**
**CHAPPELL-JOHNSON v. BAIR**
**(No. 06-1074-RCL)**

## Statement of Facts

6.      Ms. Chappell-Johnson has been a federal civil servant for more than twenty-three years, the last thirteen years with the FDIC and/or the Resolution Trust Corporation ("RTC"). Prior to the merger between the RTC and FDIC, Ms. Chappell-Johnson was a grade CG-11. However, as a result of a 1996 reorganization after the RTC and FDIC merger, she was reduced to the CG-9 level, thus loosing potential promotion opportunities to higher-graded positions.

7.      In July 1999, Ms. Chappell-Johnson was serving in the Compensation and Benefits Section of the Personnel Services Branch of the Division of Administration, as a Personnel Management Specialist, CG-201-9. The FDIC posted Vacancy Announcement No. 99-ADEU-169, for a Personnel Management Specialist (CG-201-13) position in the unit to which Ms. Chappell-Johnson at the time was assigned. Although in the past Ms. Chappell-Johnson's supervisor, Lois Cheney (a white female), the Associate Director for Compensation and Benefits, had reduced the grade of vacant positions to permit lower grade employees to compete for them -- a practice which benefitted these younger, non-African American employees -- Ms. Cheney and the FDIC management refused to lower the target grade of the CG-13 position for Vacancy Announcement No. 99-ADEU-169. Thus, Ms. Chappell-Johnson was not permitted to compete for the vacant position. Ms. Chappell-Johnson timely filed a formal EEO complaint on December 16, 1999.

8.      After an investigation was conducted and a Report of Investigation was issued in July 2001, the FDIC held that Ms. Chappell-Johnson's race discrimination complaint was subsumed in a class action lawsuit being litigated in this Court (*Conanan v. Tanoue*, C.A. No. 00-3091 (ESH) (D.D.C.). As a result, the FDIC decided that Ms. Chappell-Johnson's race and age discrimination claims, both arising from essentially the same factual scenario, were to be held in abeyance pending

**EXHIBIT 31**
**CHAPPELL-JOHNSON v. BAIR**
**(No. 06-1074-RCL)**

resolution of the class action suit. Ms. Chappell-Johnson timely exercised her rights and opted out

of the class action suit, and the ultimate settlement of the class action suit by consent decree, which

was given final approval by the Court on November 26, 2001. On April 16, 2003, after nearly three

and a half years from the date she filed her initial formal EEO complaint with the agency, the FDIC's

Office of Diversity and Economic Opportunity notified Ms. Chappell-Johnson that the processing of

her EEO complaint had resumed.

9.      Most recently, Ms. Chappell-Johnson was pressured by the current Director of

Personnel, Miguel Torrado (Hispanic/male), to accept a "voluntary" downgrade from her current

grade and position to a CG-8 level in a job as a Human Resources Assistant (Career Series 203). The

pressure by Mr. Torrado on Ms. Chappell-Johnson to accept this unnecessary downgrade is related

to her prior EEO activity, which after nearly three and a half years from being formally initiated the

FDIC has very recently had to deal with again. When Ms. Chappell-Johnson did not accept the

"voluntary" downgrade, the FDIC involuntarily downgraded her to a position as a Human Resources

Assistant, CG-203-8, and moved her to another office location.

**Statement of Claims**

**Count I -- Discrimination Based on Race**

10.      By not allowing Ms. Chappell-Johnson to compete for the Personnel Management

Specialist position in her field and in her own assigned unit at the FDIC, as had been done in the past

for non-African American employees, defendant has discriminated against plaintiff on the basis of her

race (black) in violation of Title VII, specifically 42 U.S.C. § 2000e-2(a).

11.      In violating Title VII, defendant acted willfully, wantonly and intentionally in knowing

derogation of plaintiff's rights.

4

**EXHIBIT 31**
**CHAPPELL-JOHNSON v. BAIR**
**(No. 06-1074-RCL)**

12.    As a result of this act of unlawful race discrimination in employment practices, plaintiff has suffered and continues to suffer a loss of pay, severe curtailment of career opportunities, personal and professional humiliation, as well emotional pain and suffering and career damage.

## Count II -- Discrimination Based on Age

13.    By not allowing Ms. Chappell-Johnson to compete for the Personnel Management Specialist position in her field and in her own assigned unit at the FDIC as had been done in the past for younger employees, defendant has discriminated against plaintiff on the basis of her age in violation of the ADEA, specifically 29 U.S.C. § 633a.

14.    In violating the ADEA, defendant acted willfully, wantonly and intentionally in knowing derogation of plaintiff's rights under the ADEA.

15.    As a result of this act of unlawful age discrimination in employment practices, plaintiff has suffered and continues to suffer a loss of pay, severe curtailment of career opportunities, personal and professional humiliation, as well as emotional pain and suffering and career damage.

## Count III -- Retaliation

16.    By pressuring Ms. Chappell-Johnson into accepting a "voluntary" downgrade from her current CG-9 position to a CG-8 position in a different career series at a time when the FDIC has renewed processing her December 1999 formal EEO complaint of discrimination, defendant has retaliated against plaintiff for complaining of past discrimination.

17.    In violating Title VII and the ADEA by retaliating, defendant acted willfully, wantonly and intentionally in knowing derogation of plaintiff's rights.

18.    As a result of this unlawful retaliation, plaintiff has suffered and continues to suffer personal and professional humiliation, as well as emotional pain and suffering and career damage.

5

**EXHIBIT 31**
**CHAPPELL-JOHNSON v. BAIR**
**(No. 06-1074-RCL)**

## Prayer for Relief

WHEREFORE, plaintiff prays that this Court enter judgment in her favor and against defendant on all claims brought herein and provide her with the following relief:

a. award plaintiff compensatory damages against defendant in the amount of $300,000, plus interest thereon, for each violation of Title VII;

b. order defendant to retroactively promote plaintiff to the appropriate level and position that she would otherwise have attained in approximately July 1999 with full back-pay, plus interest thereon;

c. award plaintiff an amount equal to her back pay as liquidated damages under the ADEA;

d. order defendant to retroactively award plaintiff bonuses and awards for the period September 1998 through August 1999, plus interest thereon;

e. enjoin defendant from discriminating or retaliating against plaintiff in the future;

f. award plaintiff the costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k) and 29 U.S.C. § 216(b);

g. award plaintiff an additional amount equal to any and all taxes due from her as a consequence of defendant's payment of awarded costs and reasonable attorneys' fees; and

h. award plaintiff such other and further relief as the interests of justice may require.

**EXHIBIT 31**
**CHAPPELL-JOHNSON v. BAIR**
**(No. 06-1074-RCL)**

## Jury Demand

Plaintiff hereby requests a jury trial on all issues of fact and damages.

Respectfully submitted,

David H. Shapiro
D.C. Bar # 961326
Swick & Shapiro, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
(202) 842-0300
(202) 842-1418 Fax

Attorney for Plaintiff

7